IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GEORGE D. McCARLEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:06-cv-0091-MEF |
| | ) |
| KPMG INTERNATIONAL, | ) |
| | ) |
| Defendant. | ) |

------------------------------------------------------

| | |
|---|---|
| GEORGE D. McCARLEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:06-cv-0092-MEF |
| | ) |
| TIM FLYNN, Chairman of KMPG, | ) |
| Auditor for HSBC | ) |
| | ) |
| Defendant. | ) |

------------------------------------------------------

| | |
|---|---|
| GEORGE D. McCARLEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:06-cv-0093-MEF |
| | ) |
| HOUSEHOLD FINANCE | ) |
| CORPORATION, III | ) |
| | ) |
| Defendant. | ) |

------------------------------------------------------

| | |
|---|---|
| GEORGE D. McCARLEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:06-cv-0094-MEF |

| | |
|---|---|
| J. D. O'TOOLE, in his capacity as President of HSBC Gr. Corp., | )<br>)<br>)<br>) |
| Defendant. | ) |

------------------------------------------------------

| | |
|---|---|
| GEORGE D. McCARLEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:06-cv-0095-MEF |
| | ) |
| KENNETH H. ROBIN, Legal Counsel for HSBC Finance Corporation, | )<br>)<br>) |
| Defendant. | ) |

------------------------------------------------------

| | |
|---|---|
| GEORGE D. McCARLEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:06-cv-0096-MEF |
| | ) |
| ALAN W. JEBSON, in his capacity as Group Chief Operating Officer for HSBC Finance Corporation, | )<br>)<br>)<br>) |
| Defendant. | ) |

------------------------------------------------------

| | |
|---|---|
| GEORGE D. McCARLEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:06-cv-0097-MEF |
| | ) |
| THOMAS M. DETELICH, President of HSBC Mortgage Services, Inc. | )<br>)<br>) |
| Defendant. | ) |

---

| | |
|---|---|
| GEORGE D. McCARLEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:06-cv-0098-MEF |
| | ) |
| SIDDHARTH N. (Bobby) MEHTA, | ) |
| | ) |
| Defendant. | ) |

---

| | |
|---|---|
| GEORGE D. McCARLEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:06-cv-0099-MEF |
| | ) |
| WILLIAM F. ALDINGER, III, | ) |
| | ) |
| Defendant. | ) |

---

| | |
|---|---|
| GEORGE D. McCARLEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:06-cv-0100-MEF |
| | ) |
| GARY R. ESPOSITO, | ) |
| | ) |
| Defendant. | ) |

---

| | |
|---|---|
| GEORGE D. McCARLEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:06-cv-0101-MEF |
| | ) |
| HSBC FINANCE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

---

| | |
|---|---|
| GEORGE D. McCARLEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:06-cv-0102-MEF |
| | ) |
| HSBC GR. CORP., | ) |
| | ) |
| Defendant. | ) |

---

| | |
|---|---|
| GEORGE D. McCARLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:06-cv-0103-MEF |
| | ) |
| HOUSEHOLD INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

---

| | |
|---|---|
| GEORGE D. McCARLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:06-cv-0104-MEF |
| | ) |
| HSBC MORTGAGE SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

---

| | |
|---|---|
| GEORGE D. McCARLEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:06-cv-0105-MEF |
| | ) |

DAVID DEW, Senior Vice President of  )
Group Audit for HSBC Finance Corp.,   )
                                      )
            Defendant.                )

## ORDER ON MOTION

This court has entered an order consolidating the above-referenced cases [3:06cv91-MEF through 3:06cv105-MEF]. In each case, the plaintiff filed a motion to proceed *in forma pauperis*. This court has granted the motion filed in 3:06cv93-MEF. Accordingly, it is

ORDERED that the plaintiff's motions for *in forma pauperis* be GRANTED in all remaining cases.

The court wishes the plaintiff to understand fully the limited nature of being allowed to proceed *in forma pauperis*. That status permits the plaintiff only to *commence* this suit without *prepayment* of fees and court costs. It does not permit the plaintiff to prosecute his claims without any personal expenses, and there is no provision for the court's payment of those expenses.

For example, the plaintiff may incur expenses as a result of sending discovery to the opponent or answering an opponent's discovery requests. In the event of a trial, the plaintiff may compel the attendance of witnesses through subpoena only by tendering to each witness payment of a one-day witness fee of $40, plus mileage. In addition, court costs, which vary and can be very substantial, are normally assessed against the losing party. This means that a plaintiff who loses a case, even though proceeding *in forma pauperis*, may be charged with, and obligated to pay, all court costs.

DONE this 10th day of February, 2006.

                                          /s/ Vanzetta Penn McPherson
                                        VANZETTA PENN MCPHERSON
                                        UNITED STATES MAGISTRATE JUDGE