RECEIVED
MAR 1 0 2006
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

In The District Court of the United States for the Middle District of Alabama
Montgomery, Alabama

| | |
|---|---|
| George D. McCarley | |
|     Plaintiff | Case No. 3:06-cv-0091-MEF |
| v. | |
| | MORTGAGE DOCUMENTS |
| HSBC | Letter of Transmittal of Documents and Information |

Comes now George D. McCarley as per instructions of Judge McPherson, George McCarley provides the following documents:

(1) Mortgage Contract package(46 pages) (from Homesense Financial)
(2) Intent to Accelerate (from Household Mortgage Services
(3) Collection letter (from law firm claiming to represent Household Finance Corp of Alabama)
(4) Mortgage Foreclosure Deed (in favor of Mortgage Electronic Registration Systems)
(5) Assignment of Security Instrument 7/10/2002 (No Bank involved ever recorded a deed)

Information Requested by Judge

(6) TILA Jurisdiction of Courts (15 USC 1611, 1640e), page 4
(7) RESPA Jurisdiction of Courts (12 USC 2614), page 6
(8) Mental Anguish allowed by TILA/RESPA (case citations), page 7

As a result of the detail requested by the Judge, George D. McCarley serves notice that these additional documents will lead to other Corporations and Individuals named as defendants in the above styled consolidated case. George McCarley made the first mortgage payment to Homesense Financial Corp, (the mortgage broker), they immediately transferred the mortgage to Household Financial Services, to which, McCarley made all other payments. Of tremendous interest is that none of the HFC/Household/HSBC banks present in this case have ever filed a Mortgage deed or other deed as a result of the McCarley mortgage. Therefore, all the actions to declare default and/or foreclosure against McCarley appear faulty at best and void at worst. How is it possible that a bank or other entity can; (i) declare default, (ii) name an assignee, (iii) declare foreclosure – without ever being recorded by official property records as being the rightful owner of the property in question?

1

## KEY DETAILS WITHIN MORTGAGE CONTRACT

1. Page 2, UNIFORM COVENANTS passage above numbered point 1 declares that "Borrower and Lender covenant and agree as follows." Thus making it clear the lender agreed to bound by these contract terms.

2. Page 4, numbered paragraph 15 states, "This Security Instrument shall be governed by federal law and law of the jurisdiction . . . " making clear than any and all actions, terms, or covenants of this agreement are fully governed and bound by Federal and State laws. Therefore, no legal remedy is available to either borrower or lender if there has been a violation of applicable federal or state law by either party under the agreement.

3. Page 5, paragraph 19, clearly requires the lender to identify in writing, any name change or sale of corporation that will affect this mortgage or mortgage servicing.

4. Page 7 is a copy of the signature page of the actual mortgage contract reduced for handling.

5. Federal and State statutes governing the mortgage are identified by contract at the following:

    Page 2, paragraph 2, 12 USC §2601 *et seq* (RESPA)
    Page 11, near signature box, 15 USC 1601 *et seq* (TILA)
    Page 15, Truth in Lending Disclosure Statement (RESPA)
    Page 17, 18, 19; Alabama Title 5, Chapter 19 (State Consumer Protection Code)
    Page 20, Servicing Disclosure Statement, invokes following:
        12 USC §2601 *et seq* (RESPA)
        12 USC §2605 (RESPA) Disclosure Penalty, Damages and Costs
    Page 23, Numbered point 12, Respa disclosures to be mailed with 10 days
    Page 25, Settlement agent required to attach properly executed . . .
        Truth in Lending (TILA, RESPA)
    Page 27, Section B, note that NO Escrow fees are identified, none to be collected
    Page 29 and 29, Initial Escrow Account Waiver
    Page 30, Complaint Resolution, Invokes 12 USC §2605 (RESPA) Disclosure Penalty,
        Damages and Costs
    Page 30, Servicing Transfer Estimate, Homesense Financial makes clear they will not
        service this mortgage due to the fact they DO NOT service mortgages.
        Clearly this conflicts with their retaining title for some two years.
    Page 34, Invokes penalty for FALSE STATEMENTS 18 USC §1014
    Page 37, Closers Affadavit, acknowledges "Truth in Lending Law"
    Page 44, Homesense Financial executes Assigment and Transfer of Lien statement
        on May 1, 2000. They fail to name Transferee, further clouding the
        outstanding question Title while McCarley was executing mortgage contract.

KEY DETAILS WITHIN REMAINING DOCUMENTS

2

6. Assignment of Security Instrument, Mortgage Electronic Registration Systems appears to become Assignee on July 10, 2002. McCarley continued to make payments to a predecessor of HSBC and the presense of MERS was never disclosed until MERS letter of November 26, 2003.

7. Household Mortgage Services attempts to collect a debt while McCarley is making payment to Household Finance Corporation. This was an act of September 27, 2003

8. Mortgage Foreclosure Deed contains a statement that is an absolute act of Lie, fabrication, perjury. Page two of the mortgage foreclosure deed contains evidence:

> "IN WITNESS WHEREOF, George McCarley, a single man and Mortgage Electronic Registration Systems, Inc. have set their hands and seals by their said attorney-in-fact ..."

I, George D. McCarley do solemnly swear under penalty of law that I have never approved the actions of MERS and have been protesting this illegal act for months. George D. McCarley never set hand or seal or gave express or implied approval to this default/foreclosure sequence.

**TRUTH IN LENDING ACT (TILA)**
**15 USC 1601-1667f**

*G. McCarley*

**Sec. 1602. - Definitions and rules of construction**

(a)

The definitions and rules of construction set forth in this section are applicable for the purposes of this subchapter.

(f) The term "creditor" refers only to a person who both

(1)

regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and

(2)

is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement. Notwithstanding the preceding sentence, in the case of an open-end credit plan involving a credit card, the card issuer and any person who honors the credit card and offers a discount which is a finance charge are creditors. For the purpose of the requirements imposed under part D of this subchapter and sections 1637(a)(5), 1637(a)(6), 1637(a)(7), 1637(b)(1), 1637(b)(2), 1637(b)(3), 1637(b)(8), and 1637(b)(10) of this title, the term "creditor" shall also include card issuers whether or not the amount due is payable by agreement in more than four installments or the payment of a finance charge is or may be required, and the Board shall, by regulation, apply these requirements to such card issuers, to the extent appropriate, even though the requirements are by their terms applicable only to creditors offering open-end credit plans. Any person who originates 2 or more mortgages referred to in subsection (aa) of this section in any 12-month period or any person who originates 1 or more such mortgages through a mortgage broker shall be considered to be a creditor for purposes of this subchapter.

(aa)

    (1)

        A mortgage referred to in this subsection means a consumer credit transaction that is secured by the consumer's principal dwelling, other than a residential mortgage transaction, a reverse mortgage transaction, or a transaction under an open end credit plan, if -

### Sec. 1611. - Criminal liability for willful and knowing violation

Whoever willfully and knowingly

    (1)

        gives false or inaccurate information or fails to provide information which he is required to disclose under the provisions of this subchapter or any regulation issued thereunder,

    (2)

        uses any chart or table authorized by the Board under section 1606 of this title in such a manner as to consistently understate the annual percentage rate determined under section 1606(a)(1)(A) of this title, or

    (3)

        otherwise fails to comply with any requirement imposed under this subchapter,

shall be fined not more than $5,000 or imprisoned not more than one year, or both

### Sec. 1640. - Civil liability

(a) Individual or class action for damages; amount of award; factors determining amount of award

    Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of -

    (1)

        any actual damage sustained by such person as a result of the failure;

    (2)

        (A)

            (i)

                in the case of an individual action twice the amount of any finance charge in connection with the transaction,

            (ii)

                in the case of an individual action relating to a consumer lease under part E of this subchapter, 25 per centum of the total amount of monthly payments under the lease, except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000, or

            (iii)

                in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $200 or greater than $2,000; or

**(e) Jurisdiction of courts; limitations on actions; State attorney general enforcement**

Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law. An action to enforce a violation of section 1639 of this title may also be brought by the appropriate State attorney general in any appropriate United States district court, or any other court of competent jurisdiction, not later than 3 years after the date on which the violation occurs. The State attorney general shall provide prior written notice of any such civil action to the Federal agency responsible for enforcement under section 1607 of this title and shall provide the agency with a copy of the complaint. If prior notice is not feasible, the State attorney general shall provide notice to such agency immediately upon instituting the action. The Federal agency may -

(1)
   intervene in the action;

(2)
   upon intervening -

   (A)
      remove the action to the appropriate United States district court, if it was not originally brought there; and

   (B)
      be heard on all matters arising in the action; and

(3)
   file a petition for appeal.

1640(e) is upheld by Justice Souter in Beach v. Ocwen Federal Bank
Justice Souter notes the time limitation on Court jurisdiction may run for "some time into the future."

**(g) Recovery for multiple failures to disclose**

The multiple failure to disclose to any person any information required under this part or part D or E of this subchapter to be disclosed in connection with a single account under an open end consumer credit plan, other single consumer credit sale, consumer loan, consumer lease, or other extension of consumer credit, shall entitle the person to a single recovery under this section but continued failure to disclose after a recovery has been granted shall give rise to rights to additional recoveries. This subsection does not bar any remedy permitted by section 1635 of this title

**Sec. 1639. - Requirements for certain mortgages**

(a) Disclosures

   (1) Specific disclosures

      In addition to other disclosures required under this subchapter, for each mortgage referred to in section 1602(aa) of this title, the creditor shall provide the following disclosures in conspicuous type size:

      (A)

5

> "You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application.".

(B)

> "If you obtain this loan, the lender will have a mortgage on your home. You could lose your home, and any money you have put into it, if you do not meet your obligations under the loan.".

Sec. 1638. - Transactions other than under an open end credit plan

(a) Required disclosures by creditor

For each consumer credit transaction other than under an open end credit plan, the creditor shall disclose each of the following items, to the extent applicable:

(1)

The identity of the creditor required to make disclosure.

(14)

(b) Form and timing of disclosures; residential mortgage transaction requirements

(1)

Except as otherwise provided in this part, the disclosures required under subsection (a) of this section shall be made before the credit is extended. Except for the disclosures required by subsection (a)(1) of this section, all disclosures required under subsection (a) of this section and any disclosure provided for in subsection (b), (c), or (d) of section 1605 of this title shall be conspicuously segregated from all other terms, data, or information provided in connection with a transaction, including any computations or itemization.

(2)

In the case of a residential mortgage transaction, as defined in section 1602(w) of this title, which is also subject to the Real Estate Settlement Procedures Act (12 U.S.C. 2601 et seq.), good faith estimates of the disclosures required under subsection (a) of this section shall be made in accordance with regulations of the Board under section 1631(c) of this title before the credit is extended, or shall be delivered or placed in the mail not later than three business days after the creditor receives the consumer's written application, which ever is earlier. If the disclosure statement furnished within three days of the written application contains an annual percentage rate which is subsequently rendered inaccurate within the meaning of section 1606(c) of this title, the creditor shall furnish another statement at the time of settlement or consummation.

# TITLE 12 – BANKS AND BANKING
# CHAPTER 27 – REAL ESTATE SETTLEMENT PROCEDURES

### Sec. 2614. Jurisdiction of courts; limitations

Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States District Court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 . . .

### ACTUAL DAMAGES FOR MENTAL ANGUISH

Middle District of Alabama held that RESPA allows a plaintiff to recover actual damages for emotional distress for violation of 12 USC §2605 *Rawlings v Dovenmuehle Mort., Inc.*, 64 F. Supp. 2d 1156 (M.D. Ala. 1999)

Northern District of Illinois chooses to determine *"matters of first impression"* while considering a case similar to McCarley and applies non mortgage case citations.

*Hrubec v. Nat'l R.R. Pass. Corp.*, 829 F.Supp. 1502 (N.D.Ill. 1993), the court explained that actual damages allows the recovery of damages for emotional discress under the FCRA, the Privacy Act, the Equal Credit Opportunity Act, the Fair Housing Act

I affirm that the foregoing is a true and complete statement of fact.

George D. McCarley
March 7, 2006
216B Chestnut Street
Roanoke, Al  36274
334-863-6503 (6489)

## PROOF OF SERVICE

I, George D. McCarley, do swear or declare that on this date, March 7, 2006, as required by Supreme Court Rule 29 I have served the enclosed Letter of Transmittal on each party to the above proceeding or that party's counsel as required by the IN FORMA PAUPERIS status of the case, and on every other person required to be served, by depositing envelope containing the above documents in the United States mail properly addressed to each of them and with first class postage prepaid, for delivery within 3 calendar days.

The name and address of those served are as follows:

The Clerk
Middle District of Alabama, Eastern Division
One Church Street, PO Box 711
Montgomery, Al  36101-0711
334-954-3600

Not Served:
Bradley Arant, Attny George Parker
Alabama Center for Commerce
401 Adams Ave, Suite 780
Montgomery, Al  36104
334-956-7700

I declare under penalty of perjury that the foregoing is true and correct.

George D. McCarley

7

# #3:06-cv-00091-MEF
# LEAD CASE

# EXHIBITS
# TO
# RESPONSE TO ORAL ORDER
# ENTITLED
# "MORTGAGE DOCUMENTS
# LETTER OF TRANSMITTAL
# OF DOCUMENTS AND INFORMATION"
# ARE NOT SCANNED.

# EXHIBITS FILED
# in conventional format
# and
# available for viewing
# in the Clerk's office.