IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| George D. McCarley | | |
| Plaintiff | | Civil Action No. <u>3:06-CV-0091-MEF</u> |
| v. | | Lead Case |
| | | |
| Household Finance Corporation III | | |
| Defendant | | Jury Trial Demand |

Comes now George D. McCarley and files the following in response to Judges order identified as (Case 3:06-cv-00091-MEF-VPM, Document #16-1), date filed 10-10-2006.

Plaintiff George D. McCarley ["McCarley"] expresses deep gratitude to the Court for allowing an avenue for his recovery in this case. The ongoing failure of lower Courts to properly adjudicate redress against the class of lenders being called "Predatory" is proving a terrible drain on these United States. Indeed, the broad construction of the amended complaint was largely intended to insure all those in the chain of events, both the corporations and the individuals perpetrating predatory activity, were brought to justice. The proliferation of predatory lending has become truly epidemic and continues to spread, almost unabated, in disastrous proportions not witnessed since the bubonic plague of medieval Europe. The dire impact on generations of families, regions, and nations, is fully equal to the disastrous impact of the plague. Given the great bodies of Law prevailing against, along with the continuing increase of bar admittance, the great population of educated laymen has looked on this phenomenon with bewilderment. Given thousands of common law case precedents contrary to Predatory lending, augmented by enactment of The Truth in Lending Act found at 15 USC 1601 et.seq., and continuing with The Real Estate Settlement Procedures Act found at 12 USC 2601 et.seq., it is clear our United States Congress has provided ample statutory law to balance the common law precedent and

further defeat this mafia-esque predatory financial sector element. Perhaps McCarley can serve as a consumer protection precedent toward that end.

The balance of this plaintiff response is in compliance with Judges order dated 10/10/2006; specifically paragraph 5 of numbered page 21, which orders the filing of written objections and further states that failure to file written objection may serve as a bar to future appeals. It is with utmost respect and appreciation for the considerable efforts of the Court thus far, and with an abundance of caution, McCarley files this response.

Judges order dated 10/10/2006 utilized the following outline of subject matter:

1. Discussion
   A. The Nature of the Lawsuits                                      (page 3)
       1. The Parties and the Issues                                  (page 3)
       2. Factual Background                                          (page 6)

   B. McCarley's Representations at the Status Conference    (page7)
       (15 numbered points related to evidence against individuals)

   C. The Applicable Law
       1. Constitutional Violations                                  (page 11)
       2. The Truth In Lending Act                                   (page 12)
       3. The Real Estate Settlement Procedures Act       (page 14)
       4. The Contract Claims                                        (page 15)

1.A.2. Factual Background—point of clarification.

As a point of clarification, McCarley adds key details to the Courts footnote 8 under Factual Background on page 6. The footnote alleges that McCarley "ONLY PAID" $1000 in principal. This footnote should also reflect that McCarley paid precisely what he was expected to pay. That in the 30 month life of this mortgage, he paid over $11,000 in total payments and that scheduled principal for those 30 months was only $965.44. In point of fact, this will prove to be a major point of evidentiary review at trial. The defendant(s) will be obliged to explain in great detail, their poor, if not criminal document called a "billing summary." Further, defendant will be forced to explain how they could justify foreclosure action on a paid up account replete with customer complaints.

1.B.  McCarley's Representations at the Status Conference.

A major point of concern on the part of the Court was whether McCarley had any evidence that the individuals "ever touched" the McCarley mortgage. While McCarley is not an expert on "rules of evidence", and with all due respect for the Court, McCarley continues to believe this is the wrong standard of evidence to apply to cases of corporate malfeasance. As a career expert on corporate organization and operation, McCarley took great pains to identify the corporate officers within this protracted organization, who would logically have responsibility to insure such illegal and improper actions as those leading to the illegal foreclosure were prevented. In fact, those corporate officers not only have failed their responsibility in the case of McCarley, but they also have responsibility for far more than 100,000 improper foreclosures. This huge number may be seen by review of the "Largest Class Action Settlement in History"[1]. HFC admitted their error in this huge class action, which was decided several months prior to the McCarley foreclosure. Therefore, McCarley foreclosure serves as evidence of a "continuing violation" for which McCarley identified criminal penalties in his original complaint. It is clear from the pattern of violations of these individuals that they have no intention of honoring the law on this point. The pattern of illegalities demonstrated by the individuals McCarley named are no different than the activities of corporate officers being convicted in cases such as ENRON and HEALTHSOUTH. However, out of gratitude for the avenue of redress granted, McCarley will not challenge this finding further in this venue.

1.C.2  Truth in Lending Act

Page 12 begins the Court recitation regarding The Truth in Lending Act. Specifically, the Court opines that McCarley has waited "too late" to invoke this law. McCarley believes the Court is in the

---

[1] State of Washington v. Household International, Inc., Class Action Consent, Superior Court of Washington, County of King, No. 02-2-35630-3SEA (August 7, 2003)

midst of an error on this point.  The second sentence of the quoted section on page 12 begins the discussion upon which McCarley relies.

> "This subsection <u>does not bar</u> a person from asserting a violation of this title [15 USC §§1601 et seq. in an action to collect the debt which was brought <u>more than one year</u> from the date of the occurrence of the violation as a matter defense by <u>recumbent</u> . . . "

McCarley's complaint is in large part constructed to RECOUPE his loss.  McCarley began official complaints within a year of violation, said complaints continue until today, therefore not beyond the one year limitation.  Even if beyond a year, the wording of the statute as upheld by Justice Souter below makes it clear the RECOUPMENT construction may extend beyond one year.

Justice Souter upholds "recoupment" in his majority affirmance of Beach v. Ocwen Bank below.

## <u>Beach v. Ocwen Federal Bank</u> (97-5310) 692 So. 2d 146, US Supreme Court (April 21, 1998)
(last sentence of quote)
> Section 1640(e) provides that an action for such damages "may be brought" within one year after a violation of the Act, but that a borrower may assert the right to damages "as a matter of defense by recoupment or set-off " in a collection action brought by the lender even after the one year is up.[2]

Therefore by virtue of the statute and Justice Souter majority opinion, McCarley is justified in his pursuit of "TILA" damages in this case.  Another view of this statute is that a consumer must begin lodging complaints as to creditor wrongdoing in a timely manner within the first year.  The record of

---

[2] <u>Beach v. Ocwen Federal Bank</u> (97-5310) 692 So. 2d 146,  US Supreme Court (April 21, 1998)
The declared purpose of the Act is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 5 U.S.C. § 1601(a); see *Mourning* v. *Family Publications Service, Inc.,* 411 U.S. 356, 363—368 (1973). Accordingly, the Act requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights. See §§1631, 1632, 1635, 1638. Failure to satisfy the Act subjects a lender to criminal penalties for noncompliance, see §1611, as well as to statutory and actual damages traceable to a lender's failure to make the requisite disclosures, see §1640. Section 1640(e) provides that an action for such damages "may be brought" within one year after a violation of the Act, but that a borrower may assert the right to damages "as a matter of defense by recoupment or set-off " in a collection action brought by the lender even after the one year is up.

many proceedings upholds that McCarley has in fact been complaining, with some complaints directed to Alabama Attorney General, dating from the very first month of the Mortgage. Therefore, the McCarley action is in fact timely on all counts related to Truth in Lending. These complaints will be a point of evidence at this trial.

In addition, TILA contains certain disclosure provisions (including below) that were violated by this defendant, along with other monthly payment related statutory points to wholly and willfully ignored by this defendant, and therefore of heavy importance to McCarley. The interplay of RESPA and TILA will provide an interesting flow of testimony and evidence at trial that will leave no doubt in the mind of the Judge, Court, and Jury as to why McCarley originally filed criminal charges.

TRUTH IN LENDING ACT

Sec. 1638. - Transactions other than under an open end credit plan

(a) Required disclosures by creditor

For each consumer credit transaction other than under an open end credit plan, the creditor shall disclose each of the following items, to the extent applicable:

(1) The identity of the creditor required to make disclosure.

Sec. 1640. - Civil liability

(a) Individual or class action for damages; amount of award; factors determining amount of award

(e) Jurisdiction of courts; limitations on actions; State attorney general enforcement

Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.

The Contract Claims

The Court opines on page 16, that McCarley is prevented from pursuing Contract Claims by the doctrine of *res judicata*. Again, McCarley is convinced this opinion is in error for the following:

1. McCarley's odyssey through the state court system was constructed solely on creditor violation of Alabama State Law and upon violation of Alabama Supreme Court precedent. While McCarley cited

federal statutes, they were not the basis of argument. Never, at any time in that process, did a judge at any level review evidence or call for cross examination or rebuttal of evidence.

2. The case precedent cited as upholding the Alabama Court of Civil Appeals no opinion affirmance (Palmer v. RTC) bore no resemblance to McCarley, so that McCarley then constructed his appeals to both Alabama Supreme Court and Supreme Court of The United States upon lower Courts violation of Stare Decisis and further, upon State violation of The Due Process Clause.[3]

3. As stated in the opening paragraph of the original complaint, this is an altogether new and <u>original action</u>. If and when this Court upholds McCarley in the present case, then McCarley will have adequate grounds to once again go back into the Alabama Circuit Court system and initiate an action called MOTION TO QUIET TITLE. That action serving to once again restore the McCarley name to the wrongfully foreclosed property.

4. Lastly, upon consideration of this Court providing McCarley an avenue of redress via RESPA, strongly suggests the possibility there is substantial reason to believe a legal infraction has in fact occurred in McCarley. The very presence of that infraction being lodged within the statute of limitations as now acknowledged by this Court strongly infers that res judicata has not yet pealed.

5. An interesting *res judicata* question is raised within the quote on page 16. " . . . from relitigating issues that were or could have been raised in that action." McCarley believes it was a human impossibility to argue in a single action, all the avenues of case construction presented by the instant case. He would, in effect, have been arguing an entire shelf of a law library in a single action. It would appear this Courts work requirements to arrive at this stage vindicate the former point.

---

[3] It is of note that all justices of the Alabama Court of Civil Appeals are vacating their position as of the general election in November 2006. Their performance was considered unsatisfactory by far more individuals than McCarley.

6. The avenue of redress provided by both RESPA and TILA serve the McCarley case well and no intent is suggested that "Contract violations" should be litigated further. However, we do not wish to leave an impression with any defendant or entity that *res judicata* is being applied holistically.

7. Page 18 provides the Courts quote of the "full faith and credit statute". McCarley replies that a completely different group of litigants opposed McCarley in his previous challenge and appeals. Therefore, nothing is being re-litigated. In fact, this present action will prove the litigants in McCarley's previous actions were illegally authorized, thus could not take any actions whatsoever. However, at some point, a Judge must take cases seriously enough to review evidence or else such cases as McCarley will continue to feed the present plague of predatory lending.

A closing word on "full faith and credit" is appropriate. The Court must understand that at no time in the many courts proceedings in his extended case has a Judge or Court bothered to hear or review evidence. McCarley charges that our Courts system has wholly failed to satisfy justice in that regard. How is it possible that a known predatory organization has been allowed to steal property – with hard evidence existing of creditor wrong-doing – without a judge caring to review said evidence, and then, why should any citizen grant full or even limited faith in such an un-American parody of Courts and legal procedure?

Why would American Courts take property from citizens and give that property to a bank that admits being born of the Opium trade[4] and that has admitted its role in moving the money of Saddam Hussein to our greatest enemy states? The attached Freedom of Information document illustrates the McCarley charge of the presence of "Saddam's Bank" in the form of HSBC – the ultimate creditor in this extended procedure.

---

[4] See HSBC website for this account of their Opium roots. www.hsbc.com

In closing, (1) we urge the Court to reverse its opinion with regard to Truth in Lending and allow McCarley to pursue redress based upon both RESPA and TILA disclosure violations, and (2) we ask that the court vacate its use of the term "res judicata", based upon our responses above.

We again express our most profound gratitude that this Court will be the very first to review actual evidence in this case.

*G. McCarley*

George D. McCarley, Pro Se
216B Chestnut Street
Roanoke, Al 36274
334-863-6489

### PROOF OF SERVICE

I, George D. McCarley, do swear or affirm that on this date, October 23, 2006, as required by Supreme Court Rule 29 I have served the enclosed RESPONSE on each party to the above proceeding or that party's counsel, and on every other person required to be served, by depositing envelope containing the above documents in the United States Mail properly addressed to each of them, and with first class postage prepaid, or by delivery to a third party commercial carrier for delivery within 3 calendar days.

The Clerk
Middle District of Alabama, Eastern Division
One Church Street, PO Box 711
Montgomery, Al 36101-0711
334-954-3600

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 23, 2006          *G. McCarley*

George D. McCarley