Barbara D. Armstrong
Consumer Specialist
Office of the Attorney General
11 South Union Street
Montgomery, Al. 36130

Ex. 52

February 17, 2001

Dear Ms. Armstrong:

This letter is in response to a letter sent to you by Household Finance, dated 8 Feb 01.

Upon my review of this letter, I can only comment that it seems to have been written by an individual who knows he is completely in the wrong. In fact, you will note the many statements written by Mr. Cunningham which bear no resemblance to my complaint. This is characteristic of a defense tactic called "changing the subject", or attempting to draw emphasis upon unrelated points in order to influence the reader.

My complaint is clear, and has not been responded to by Mr. Cunningham.

1. His company is not licensed to write loans in the State of Alabama, yet they continue to masquerade as though they have full ability to service my mortgage.
2. Once located, his office was provided <u>precisely</u> the same documentation <u>provided the original lender</u> in this matter. Then they continued to ask for more and more information, clearly intended to dodge or delay my request.
3. Once I finally located a branch office in Alabama, owned by Household, they were not able to locate my mortgage over the company computer system.

Ms. Armstrong, I ask that you put yourself in the shoes of a typical consumer. You need to change the conditions of your mortgage and when attempting to call the telephone number provided on the company billing statement, you are told they cannot locate your loan. Then when they finally locate the loan, you are informed they are not licensed to conduct business in your state, and cannot help you. Ms. Armstrong, do you believe the typical consumer would have the verve to call the Alabama Attorney General's office and register a complaint? I suggest the typical consumer would believe he had been robbed or scammed, and would have no idea where to turn. Even in my case—a professional with knowledge of who to call, it took several weeks and many expensive telephone calls to find an office that could even locate my mortgage and have some ability to speak to the issue. I remind you that your office did not even have a proper contact number to voice complaints to this company.

This is a very serious matter that can endanger the economic well-being of Alabama families. I'll be more than happy to provide any information your office may require, however, I hope your office can bring this matter to a proper conclusion. That conclusion can only be that a mortgage company <u>not licensed</u> to do business in our state **SHOULD NOT** be allowed to buy and trade mortgages in our state.

Thanks in advance for your attention to this most serious matter.

George D. McCarley