IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

George D. McCarley
    Plaintiff

v.

Household Finance Corporation III
    Defendant

Civil Action No. 3:06-CV-0091-MEF
Lead Case

Jury Trial Demand

This is the case of George D. McCarley, a former American Serviceman with service in 4 war zones, who attempts to right an extensive injury inflicted by a vast international financial network consisting of a (i) Chinese Bank[1] chartered to launder Opium[2] money, (ii) that bank was assessed a heavy fine[3] for moving Saddam's money around the world, (iii) admitted TILA/TRESPA wrongdoing in the largest class action[4] settlement in history, (iv) then only months later, in duplication of their Class Action violations, fraudulently foreclosed George McCarley. HSBC is the leader of the practice of "predatory lending" which in conjunction with Wells Fargo, Citibank and now Bank of America, fraudulently foreclose over 1000[5] innocent families per day.

1. The Courts order of 1-26-2007 requested a "concise" statement of 12 and 15 USC charges not dismissed by Judge Fuller. Plaintiff thus informs this court that the balance of charges not dismissed by the Court are to be found in 12 USC 2601 *et.seq.* THE REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA). The primary statute to be utilized, as it concurs with precedent of this and other districts, is 12 USC 2605. Jurisdiction of this court is authorized by 12 USC 2614. Respa also invokes CFR pt. 3500, Regulation X. It is necessary to review the entirety of Respa and Regulation X statutes to properly understand the "intent of Congress" and

---

[1] HSBC Hong Kong and Shanghai Banking Company acquired Household Finance in 2003.
[2] See HOOVERS HANDBOOK OF WORLD BUSINESS 2001, page 274
[3] US Treasury Dept Freedom of Information document in evidence
[4] Footnote 1, plus, State of Washington v. Household International Class Action Consent, Superior Court of Washington, County of King, No. 02-35630-3SEA (August 7, 2003)
[5] See financial statements "credit loss provision" and interpolate (new record of 100,000 in Nov2006)

adjudicate this case. One 2605 paragraph serves as a link to 15 USC (TILA). It is too long a discussion to yield in concise fashion, and contained in 2605 Damages and Costs (4)nonliability.

An extensive review of the case was completed by a Magistrate Judge with order issued on 10/10/2006, dimissing several charges, "leaving only McCarley's RESPA claim (page 20)". The corresponding footnote also says that McCarley must litigate the RESPA claim in court. The Chief Judge adopted this recommendation and subsequently served defendants. Magistrate judge ordered answers by October 25, 2006, and the Chief Judge served the defendant that order. The defendant has not filed answers or objections as of this date, more than 3 months from the actual date of order by Magistrate and more than 2 months from the date of service by Chief Judge of this court.

2. **SANCTIONS** are clearly indicated in the case of this defendant that has absolutely no respect for law and order and no respect for the orders of this court. Plaintiff appreciates the duplicate service of this Court on 1/26/2007. However, the defendant again proves their ongoing status as the most heinous offender of Judicial economy on the planet by their complete failure to obey this courts previous order. Plaintiff McCarley holds evidence that they were in fact served the original order. Defendant failure to respond only increases the damages suffered by Plaintiff.

3. **Plaintiff objection to the Courts opinion in regard to §1833a.**

Charges against this defendant are related to his shredding of the Consumer Protection statutes TILA/RESPA to the extent of fraud, perjury, and possibly grand theft. The "Will of Congress" grows stronger with each new amendment to these statutes. The standard Mortgage contract advocated by FHA and other federal banking agencies actually details three (3) 18 USC statutes invoking consumer protections against bank fraud, thus their inclusion. Plaintiff added those statutes only to be rebuffed by the court (although in line with the will of Congress). In adopting §1833a, Congress diligently perused and compared the criminal statutes to the demands presented by TILA/RESPA and constructed §1833a to include the several statutes of this complaint.

2

A major statement of fact must be understood by this court. That is, the heinous behavior of this banking company that is the leading practitioner of predatory lending – a practice that puts 1000 innocent families per day on the streets, utilizes extreme fraud and perjury tactics in order to enrich itself. Now it is clear Congress intends these "predators" to be penalized and brought to justice by many means. H.R. 1295 was an act before the previous Congress that had the effect of doubling the penalty provisions of the consumer protections found in TILA/RESPA.

The courts act of dismissing the §1833a complaint has the very same effect as if the court had caught a serial killer in the act, with smoking gun in bloody hand – yet dismissed the offender upon payment of a RESPA "parking ticket". Therefore a method must be established to insure this and other courts invoke these statutes (the intent of Congress) as a means of penalizing these criminal enterprises. Consider: (a) Plaintiff has petitioned the court to allow him to prosecute these 18USC charges (accumulated by 1833a) in the manner of a civil complaint, as is done frequently in other "tort" cases, or, (b) allow plaintiff to proceed with the §1833a prosecution, or, (c) the court may refer (or otherwise bind) the issue of §1833a to the Attorney General, or, (d) this Court may petition the Attorney General for advice. This serial offender defendant will never be brought to justice via consumer protection charges standing alone – thus congress construction of §1833a. Having reviewed USCA, it is clear there are hundreds of cases in which the United States has indeed prosecuted banks and individuals under these statutes. What appears missing is the mechanism with which plaintiff McCarley may serve notice to the Attorney General. Therefore, with all due respect to this court, plaintiff requests the court to consider necessary actions and determine the proper means to notify the United States Attorney General.

Failing to allow prosecution of these 18 USC or §1833a charges is very possibly a violation of the constitutional principles of *fundamental fairness* and *balance*, **Pacific Mutual Life Insurance**

3

Co. v. Haslip (89-1279), 499 U.S. 1 (1991).[6] The courts failure to prosecute these charges sends the wrong message to this serial offender defendant. Failure to prosecute says they are free to commit fraud and perjury with seeming impunity from the court

**RESPA DISCUSSION (Concise)**

Violation of REAL ESTATE SETTLEMENT PROCEDURES ACT of 12 USC 2601 *et.seq.* is the major element of this case still pending. Defendant has seriously violated the fullest extent of RESPA and has invoked the fullest extent of statutory penalty and judicial penalty prerogative. If there is a single watchword of RESPA, that word is DISCLOSURE. (1) Congress has mandated minimum points of disclosure, to include a statute establishing a CFR model disclosure format with rules and regulation to be followed at inception of mortgage. (2) Congress established that all creditor charges in addition to principal and interest must be fully disclosed or that if not disclosed, they are not legal, along with other rules to be followed during bank servicing of mortgages. (3) Congress RESPA disclosure protections continue to apply to each and every monthly billing cycle. (4) Congress mandated that creditors must provide certain minimum disclosures and follow certain clear procedures at any time the act of servicing a mortgage is changed from one bank or servicer to another bank or servicer. (5) Congress provided a bridge that appears to make RESPA mirror TILA with regard to financial transactions. They established that a bank is free to make corrections as they may be indicated as a result of internal audits. Therefore, the penalty provision that a bank should amend mistakes and repay overcharges. (6) Congress established rules governing the use of Escrow accounts in mortgage. In the McCarley mortgage, the use of escrow was expressly forbidden by the mortgage document by at least three separate clauses within the mortgage. (7) Lastly, RESPA disclosure provisions continue to apply in full force throughout the Real Estate settlement process, through and including a foreclosure and/or deed recording activity at a Probate Court.

<u>What McCarley will prove with official documents as evidence</u>:

1. The Banks Lied on Disclosure at mortgage inception
2. The Banks violated disclosure almost monthly throughout the mortgage
3. The Banks never complied with most important Disclosure requirements
4. That Lies and Disclosure violations rise to level of Fraud, Perjury, and criminal continuing violations as defined by FDIC, FHA, HUD, etc. (1833a)
5. The Banks Lied about default, that billing statements prove there was no default.
6. The Banks never intended to allow McCarley to payoff his mortgage, that they conspired from inception to create conditions that would force McCarley to foreclose and prevent his ability to fight the foreclosure. Upon McCarley complaint to Alabama AG, the bank intensified their fraud.
7. The Banks inflicted extreme damage to McCarley as a result, ruining his life and career.
8. 2005 earnings after tax of $12 billion indicates this bank can afford extreme punitive damages.

<u>Evidence will be introduced</u> consisting of officially recorded deeds, mortgages, Attorney General and Secretary of State Corporate documentation, and HFC billing records that will uphold the 7 points above, while proving the following:

---

[6] Justice Scalia concurrence

4

A. The Banks all lied instead of Disclosing information properly.
B. Bank lies were intended to cover their attempts to hide assets.
C. Bank lies were intended to reduce their tax liability by maintaining high foreclosure rates.
D. Homesense Financial lied on day one, as McCarley was signing the mortgage. The law required that they disclose the name or identity of any subsequent creditors or servicers. They actually merged with another organization within that first week and did not disclose same. This is part of their continuing efforts to hide assets and tax liability.
E. HFC/HSBC never at any time recorded their presence or their claim to deeds or mortgages at the Randolph County Courthouse or any place else, therefore having no standing before courts.
F. HFC never disclosed that they were the lender.
G. HFC never disclosed any of the required information whatsoever. HSBC never disclosed any information whatsoever.
H. It is important to this proceeding to establish whether either HFC or HSBC holds any factual status as lender or servicer. HFC ceased to exist before their act of foreclosure. HSBC was the corporate entity for almost one year prior to HFC act of foreclosure, and HSBC never disclosed their presence and the sunset of HFC. Proper determination of this point might well result in criminal theft charges being filed against either HFC or HSBC or both.
I. Escrow accounts were expressly forbidden by this mortgage. That will be proven by several paragraphs of the actual mortgage contract. Despite this fact, HFC/HSBC followed a practice of charging monies to escrow AND NEVER NOTIFIED GEORGE MCCARLEY, thus channeling money away from principal so as to make it appear McCarley had not paid in full.
J. Certain payments of McCarley never appear on the billing summary.
K. As many 77 DISCLOSURE VIOLATIONS appear on the billing summary for the FINAL 15 MONTHS ALONE. Official billing summary is an act of conspiracy as it wholly fails to report the amounts actually billed, which provides further disclosure violations.
L. Monthly billing statements in evidence will prove none of The Banks had any intention of being honest. Instead, they can't even construct credible billing statements.
M. An attempt to force place insurance is in evidence, although McCarley had his own insurance and that documentation was in evidence by Homesense and on several documents.
N. That The Banks never corrected any mistakes while mistakes were being complained of on a monthly basis, including QUALIFIED LETTER OF COMPLAINT to Alabama AG Failure to correct exposes The Bank to RESPA liability. AG letter to McCarley recommends getting attorney to pursue options against bank.
O. An inescapable conclusion begins to develop now, that HFC/HSBC/Homesense are involved in a deliberate pattern of deceit, lies and conspiracy intended to make McCarley look like a bum so that he does not have the resources to fight the ongoing atrocities committed by these banks.
P. The bank conspiracy extends to their acts of, (1) hiding assets, (2) attempting to foreclose huge numbers of people to keep their "write-offs" high and their tax liability low.
Q In addition to being the leading practitioner of predatory lending, HSBC is also involved in the largest tax avoidance scam in human history.
R. What else would anyone expect from the preferred bank of Saddam Hussein.

**IMPACT ON DAMAGES – JURY TRIAL DEMAND**

Plaintiff has demanded a JURY TRIAL. Perhaps the most important single fact to justify a jury trial is the need to determine damages. While McCarley has presented a detailed statement of

5

extreme damages inflicted against him, there is a huge question remaining. That is, should those damages by multiplied by the five defendants indicted, or should they be multiplied by 22, which is the number of separate and verifiable financial statements and stock symbols utilized by HSBC, or should the damages be multiplied by the 42 separate and distinct identities utilized by HSBC/HFC during the brief life of this one mortgage.

Given the extreme totality of disclosure violation by these many banks, extending to 42 nondisclosed separate identities, beginning a very inception of mortgage, continuing unabated through each and every billing cycle, failing to normalize behavior with an Attorney General inquiry and at finality of foreclosure, failing the most simple points of Probate recordation honesty, it is clear this illegal foreclosure is due to be overturned, in addition to extreme damages paid to McCarley.

*G. McCarley*   George D. McCarley, Pro Se
216B Chestnut Street
Roanoke, Al 36274
334-863-6489

## PROOF OF SERVICE

I, George D. McCarley, do swear or affirm that on this date, January 31, 2007, as required by Supreme Court Rule 29 I have served the enclosed RESPONSE on each party to the above proceeding or that party's counsel, and on every other person required to be served, by depositing envelope containing the above documents in the United States Mail properly addressed to each of them, and with first class postage prepaid, or by delivery to a third party commercial carrier for delivery within 3 calendar days.

| | |
|---|---|
| The Clerk<br>Middle District of Alabama, Eastern Division<br>One Church Street, PO Box 711<br>Montgomery, Al 36101-0711<br>334-954-3600 | Mr. Jud Levy, Attorney for Defendants<br>HSBC, et. al. (for all cases)<br>2700 Sanders Road<br>Prospect Heights, Illinois 60070 |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 31, 2007       *G. McCarley*
George D. McCarley

6