IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

George D. McCarley
    Plaintiff
v.                            Civil Action No. <u>3:06-CV-0091-MEF</u>
                                        Lead Case

Household Finance Corporation III
    Defendant                        Jury Trial Demand

**Motion for Default Judgment/Sanctions**
**Bad Faith Actions of Defendant**

Whereas the Defendant has violated certain *Federal Rules of Civil Procedure*, Plaintiff moves this Court to consider and act upon appropriate remedies.

*Rule 55 Default* clause was violated by defendant via his failure to respond to an order of this court concerning objections and answers due by October 25, 2006[1]. THE CLERK was empowered to enter a situation of default (55(a)) or, according to Rule 55(b)(2): *In all other cases, the party entitled to a judgment by default shall apply to the court therefore;* . . . Plaintiff hereby makes application to this court for damages related to defendant default in this matter.

*Rule 56(g) Bad Faith Actions* are evidenced by the following numbered instances.

1. Defendant dismissed local counsel[2] for the final several months of 2006 and Plaintiff was never granted courtesy of a return telephone call by the Chicago defense counsel.
2. Defendant failed to respond to this Courts order to tender objections or answers to an order of this court, said response due on October 25, 2006. (footnote 1)
3. Being allowed a second chance[3] to tender the response indicated above, defendant then provided a most disingenuine response fraught with multiple duplicative points.
4. Defendant has failed to provide a working postal address for purposes of providing official service. The address utilized is proven "a phantom" by the fact that United States Postal Service delivers defendant mail to a completely different zip code.

Recommended Damages due to above violations:

---

[1] Order of Judge McPherson dated 10/10/2006, further upheld by order of Chief Judge Fuller dated 11/15/2006,
[2] See official court notices provided by local defense counsel.
[3] Order of Judge Wallace dated 1/26/2007

Defendant actions have caused an excessive length of time to elapse in the conduct of this case, resulting in greater requirement of scarce judicial resources while simultaneously continuing to "starve" an *In Forma Pauperis* plaintiff who remains "*IFP*" by act of this defendant. Five months will have elapsed between the original October 10, 2006 order for defendant response and the commencement of the March 23, 2007 scheduling conference. Plaintiff prays that appropriate damages assessed should at minimum consist of the following:

  A. Five months professional wages paid to Plaintiff McCarley, of $10,000 per month.
  B. Defendant should be assessed responsibility for payment of all Court costs of this action beginning with original filing fees and continuing through conclusion of case.
  C. The Court holds a Rule 55 option, to award all statutory damages claimed by Plaintiff, with balance of damages remaining to be ascertained at jury trial.

Respectfully submitted

George D. McCarley, Pro Se
216B Chestnut Street
Roanoke, Al  36274
334-863-6489

## PROOF OF SERVICE

I, George D. McCarley, do swear or affirm that on this date, March 12, 2007, as required by Supreme Court Rule 29 I have served the enclosed ACTION on each party to the above proceeding or that party's counsel, and on every other person required to be served, by depositing envelope containing the above documents in the United States Mail properly addressed to each of them, and with first class postage prepaid, or by delivery to a third party commercial carrier for delivery within 3 calendar days.

The Clerk
Middle District of Alabama, Eastern Division
One Church Street, PO Box 711
Montgomery, Al  36101-0711
334-954-3600

Defendant Attorney
Mr. George Parker
Bradley Arant Rose and White
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Al  36104
334-956-7671, 956-7700

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 12, 2007

George D. McCarley