IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| George D. McCarley | | |
|     Plaintiff | | Civil Action No. <u>3:06-CV-0091-MEF</u> |
| v. | | Lead Case |
| Household Finance Corporation II | | |
|     Defendant | | Jury Trial Demand |

**Motion for Summary Judgment on the Merits**

Whereas the Defendant has (i) violated certain *Federal Rules of Civil Procedure*[1], and further, (ii) whereas this plaintiff has been pursuing legal remedies since 2004[2], and further, (iii) whereas defendant declares via Form 35 Scheduling Conference motion his intent to utilize another full year in order to prepare for this trial; plaintiff now charges this "one year time table" proves beyond doubt and serves as *prima facie* evidence that defendant never possessed either a legitimate or legally binding case of foreclosure against plaintiff McCarley leading to this case. (If defendant did in fact have a legally binding case for foreclosure, then he would not require such extensive time for preparation. Further, given the many legal actions to date, defendant should be over prepared to move forward quickly and should not require another year)

Further, defendant has violated the following Rule 55 issues thus continuing to prove their falsehood and presenting additional cause for Summary Judgment:

1. Defendant failed to respond to Judge McPherson order whatsoever (fn 2)
2. Defendant did not respond[3] to Judge Capel order for objections and answers to RESPA charges
3. Defendant has never requested to review material evidence in possession of Plaintiff.
4. Defendant failure to respond to Judge McPherson has injected needless 5 month delay into trial calendar (fn2)
5. Finally, defendant believes he will require one additional year to prepare for trial. (Form 35)

---

[1] See Plaintiff Motion of March 12, 2007
[2] See Judge McPherson ruling of 10/10/2006
[3] Jan 26, 2007 order -- Defendant presented a foreclosure defense and never addressed RESPA as ordered

Now in consideration of the prima facie evidence presented above, and further in consideration of Plaintiff Rule 55 Bad Faith motion; plaintiff prays this court will enter a Federal Rules of Civil Procedure Rule 56(a) Summary Judgment For Claimant. The result of that summary judgment having the effect of awarding all damages as demanded by plaintiff, to include a return of illegally foreclosed ancestral property with clean title; cleansing of plaintiff credit record; payment of statutory penalties as charged; and an award of the fullest extent of damages claimed by plaintiff.

As this prima facie evidence provides even greater evidence to support plaintiffs allegations that defendant has violated 12 USC 1833a; plaintiff further prays this court will following Rule 56(a) Summary Judgment award to plaintiff; order a continuation of the 12 USC 1833a actions.

Respectfully submitted

George D. McCarley, Pro Se
216B Chestnut Street
Roanoke, Al 36274
334-863-6489

## PROOF OF SERVICE

I, George D. McCarley, do swear or affirm that on this date, March 15, 2007, as required by Supreme Court Rule 29 I have served the enclosed ACTION on each party to the above proceeding or that party's counsel, and on every other person required to be served, by depositing envelope containing the above documents in the United States Mail properly addressed to each of them, and with first class postage prepaid, or by delivery to a third party commercial carrier for delivery within 3 calendar days.

The Clerk
Middle District of Alabama, Eastern Division
One Church Street, PO Box 711
Montgomery, Al 36101-0711
334-954-3600

Defendant Attorney
Mr. George Parker
Bradley Arant Rose and White
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Al 36104
334-956-7671, 956-7700

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 15, 2007

George D. McCarley