IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GEORGE D. McCARLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. 3:06CV91-MEF |
| HOUSEHOLD FINANCE ) | |
| CORPORATION III, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the Court is Plaintiff's "Motion for a Default Judgment/Sanctions Bad Faith Actions of Defendant" (Doc. #35). Upon consideration of the motion, the Magistrate Judge RECOMMENDS that the motion be DENIED.

**I.     BACKGROUND**

Plaintiff commenced this action on January 31, 2006 (Doc. #1). The Complaint named 15 Defendants, five of which remain in the lawsuit currently (See Doc. #16, #21). On March 15, 2007, Plaintiff filed a motion requesting that the Court issue a default judgment against "Defendant" (Doc. #35). The motion fails to identify specifically against which of the remaining Defendants Plaintiff brings his motion. The Court construes therefore the motion as against all five remaining Defendants. Defendants filed a collective response (Doc. #36) on March 15, 2007, opposing the motion.

Plaintiff argues that the Court should issue a default judgment against Defendants

because they failed to file objections to this Court's Order dated October 10, 2006, (Doc. #16), and to file their Answers to the Complaint by October 25, 2006.  Plaintiff also asserts that under Rule 56(g) of the Federal Rules of Civil Procedure, Defendants have in bad faith caused an excessive delay in the conduct of this case, and, therefore, the Court should order monetary damages and costs (Doc. #35).

Defendants maintain that they were not required to file objections to this Court's order because they did not oppose the Court's Recommendation (Doc. #16).  They further maintain that Rule 56(g) has no application here, as Plaintiff has not filed a motion for summary judgment (Doc. #36).  The Court agrees with Defendant.

**II.   DISCUSSION**

   A.   Default Judgments

"Judgments by default are a drastic remedy and should be resorted to only in extreme situations."  Charlton L. Davis & Co. P.C. v. Fedder Data Ctr., 556 F.2d 308, 309 (5th Cir. 1977) (citing E.F. Hutton & Co. v. Moffatt, 460 F.2d 284, 285 (1972)).  The Court finds that this extreme remedy would not be appropriate here.

On October 10, 2006, this Court issued an "Order and Recommendation of the Magistrate Judge" (Doc. #16).  In the Order and Recommendation, the Court ordered that "[t]he parties shall file any objections to this Recommendation on or before 25 October 2006" (Doc. #16 at 21).  This pronouncement did not require Defendants to file objections to the Recommendation.  Instead, the Court provided the parties equal

opportunity to file "any objections" to the Recommendation by October 25, 2006. Defendants failure to file objections to the Recommendation did not, in any way, constitute a wanton or willful disregard for this Court's order, but rather, indicated their agreement with the Court's proposed findings and recommendations.

With respect to the timeliness of Defendants' Answers, the Court's Order and Recommendation expressly ordered that "[u]pon a final order on this Recommendation, the Clerk shall effect service, . . . upon the remaining [D]efendants." The Court further ordered that "[D]efendants . . . shall file their Answers within 20 days of their receipt of the summons and complaint" (Doc. #16 at 20-21). Thus, Defendants were instructed to file their Answers to the summons and complaint within 20 days of service of process. The Clerk of Court was instructed to serve Defendants with process upon the issuance of a final order on the Court's Order and Recommendation. The District Judge issued a final order on the Order and Recommendation on November 15, 2006, (Doc. #21). The undersigned Magistrate Judge was reassigned to this case and, in reviewing its file in January 2007, discovered that, in light of a ministerial error, the Clerk of Court had not served Defendants with process. The Court entered an order on January 26, 2007, directing the Clerk of Court to effectuate service; the order also directed Defendants to file their Answers on or before February 16, 2007, (Doc. #22). Defendants filed their Answers on February 16, 2007, (Doc. #28, #29, #30, #31, #32), as directed by the Court's Order (Doc. #22). Defendants timely filed their Answers and complied with the Court's

Order (Doc. #22).  Thus, the Court finds the extreme remedy of a default judgement against Defendants inappropriate in these circumstances.  Cf. McKenzie v. Wakulla County, 89 F.R.D. 444 (N.D. Fla. 1981) ("There is a strong public policy in favor of resolving lawsuits by a trial on the merits.") (citing Dolphin Plumbing Co. of Fla., Inc. v. Fin. Corp. of N. Am., 508 F.2d 1326 (5th Cir. 1975)).

Based on the foregoing, the Court concludes that Plaintiff's motion for default judgment would not be appropriate here.

    B.    Rule 56(g) Damages

Rule 56(g) of the Federal Rules of Civil Procedure states, that

> [s]hould it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule [–Rule 56–] are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

Fed. R. Civ. Pro. 56(g) (emphasis added).  Subsection (g) expressly applies only to motions for summary judgment set forth under Rule 56.  Id.  As Plaintiff has not moved the Court for summary judgment in the instant motion, but instead, for a default judgment under Rule 55, Plaintiff's request for damages and costs under Rule 56(g) fails.[1]

---

[1] The Court notes, however, that Plaintiff subsequently filed a motion for summary judgment (Doc. #38, dated March 19, 2007).  That motion is not before the Court in this Recommendation.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's "Motion for Default Judgment/Sanctions Bad Faith Actions of Defendant" (Doc. #35) be DENIED.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before April 4, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982).  See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982).  See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this the 22nd day of March, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE