IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GEORGE D. McCARLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. 3:06CV91-MEF |
| HOUSEHOLD FINANCE ) | |
| CORPORATION III, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION**

On March 27, 2007, Plaintiff filed a request for leave to Amend his Complaint (Doc. #46) and a request for leave to Amend his Motion for Summary Judgment (Doc. #47). The Court will address each motion separately.

In Plaintiff's Motion for leave to Amend his Complaint, he requests to amend his complaint by including a "brief and necessary case citation's (sic)." The motion did not contain a copy of the proposed amendment. The Court observes that it has afforded Plaintiff two opportunities since the commencement of this action to clearly and concisely set forth his claims (See Doc. #5, #22). While courts generally permit plaintiffs to amend their complaints, see Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985), this Circuit requires plaintiffs to attach a copy of the proposed amendment to their motion or to describe the substance of the amendment to the court in their motion. See United States of Am. v. McInteer, 470 F.3d 1350, 1362 (11th Cir. 2006) (citing Wisdom v. First

Midwest Bank, 167 F.3d 402, 409 (8th Cir. 1999)) ("[P]laintiff should not be allowed to amend [his] complaint without showing how the complaint could be amended to save the meritless claim."). Plaintiff's motion merely states that he desires to file a brief containing case citations in support of his Complaint. This statement fails to inform the Court of the amendment's substance, and Plaintiff has failed to file a copy of the amendment.

Moreover, amendments to the complaint commonly add, remove, or correct insufficiently stated claims or parties. See, e.g., Summit Office Park, Inc. v. U.S. Steel Corp., 639 F.2d 1278, 1286 & nn.3-5 (5th Cir. 1981).[1] Plaintiff's motion does not indicate his intention to add new claims or parties. Rather, his proposed brief containing argument supported by law and case citations is not appropriate in the Complaint, but rather, may be included at the time of trial or in a motion for summary judgment. See, e.g., Culpepper v. John E. Polk Correctional Facility, 2007 WL 28330 at *2 (M.D. Fla. Jan. 6, 2007). Therefore, it is

ORDERED that Plaintiff's Motion for leave to Amend the Complaint (Doc. #46) is DENIED without prejudice.

With respect to Plaintiff's motion for leave to amend his summary judgment motion, Plaintiff indicates that he would like to amend his motion by filing a brief and

---

[1] See generally Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

case law in support of his position. Rather than a motion to amend, the Court construes Plaintiff's motion as a request for leave to file a brief in support of summary judgment. Upon consideration of this motion, it is

ORDERED that Plaintiff's motion for leave to file a brief in support of summary judgment (Doc. #47) is GRANTED. Plaintiff shall file a brief with supporting law and case citations on or before April 2, 2007. In light of Plaintiff's motion, the Court will extend Defendant's response time by seven days. It is therefore

ORDERED that on or before April 11, 2007, Defendants shall file a response to Plaintiff's motion for summary judgment. Thereafter, the motion shall be deemed submitted, and the Court will not consider any further pleadings filed by the parties.

DONE this 28th day of March, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE