IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE D. McCARLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. 3:06CV91-MEF |
| HOUSEHOLD FINANCE | ) | [WO] |
| CORPORATION III, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE
AND ORDER ON MOTIONS**

Pending before the Court is Plaintiff's "Request for Permission to file Brief in Support of Charges for Violation of 12 U[.]S[.]C[.] [§] 1833a and Referenced 18 U[.]S[.]C[.] Statutes against remaining defendants in this Consolidated Case. Doc. #50. Upon consideration of the motion and for the reasons explained below, the Magistrate Judge DENIES Plaintiff's Request as MOOT. The undersigned further RECOMMENDS that Plaintiff's claims arising under 12 U.S.C. §§ 1831b, 1831n, 1831o, 1833a (2000) are DISMISSED for lack of federal subject matter jurisdiction and failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). The undersigned further RECOMMENDS that Plaintiff's claim arising under unnamed provisions of Title 15 are DISMISSED based on abandonment. Finally, the undersigned RECOMMENDS that Plaintiff's claims against all Defendants under 18 U.S.C. §§ 656, 1001, 1005, 1010, 1014, 1016, 1032, 1621 are DISMISSED, as Plaintiff may not bring and prosecute a

criminal proceeding.

Also pending before the undersigned is Plaintiff's motion for summary judgment. Doc. #38. The undersigned RECOMMENDS that Plaintiff's motion is DENIED. Consequently, the undersigned DENIES Defendants' motion to strike as MOOT.

I.   BACKGROUND

Plaintiff commenced this action on January 31, 2006, seeking equitable relief, compensatory and punitive damages, and costs. Doc. #1. The Complaint named 15 Defendants, five of which remain in the lawsuit currently including Household Finance Corporation III; HSBC Finance Corporation; HSBC Gr. Corp.; Household International, Inc.; HSBC Mortgage Services, Inc. See Doc. #16, #21. Plaintiff filed an Amended Complaint on February 17, 2006. Doc. #5, #16.[1] The Complaint and Amended

---

[1]As indicated above, on November 15, 2006, Chief Judge Fuller entered an Order, Judgment, and Decree, Doc. #21, dismissing 10 of the lawsuits in their entirety. The Order, Judgment, and Decree also dismissed Plaintiff's federal constitutional and state law contract claims against all 15 Defendants. It further dismissed Plaintiff's claims under the Truth in Lending Act against all Defendants and Plaintiff's claims under the Real Estate Settlement Procedures Act (RESPA) against KPMG only. The Magistrate Judge's Report and Recommendations, upon which the Order, Judgment, and Decree was based, Doc. #16, noted that Plaintiff "also alleged violations of unnamed sections of Titles 12, 15, and 18 of the United States Code." Doc. #16 at 4 n.5.
   At a status conference on March 3, 2006, and in the Amended Complaint, Doc. #5, #9, Plaintiff stated that it was his intention to "eliminate from his Amended Complaint any references to referrals to the United States Attorney or to any acts that allegedly violate criminal laws." Doc. #5 at 1. The Court previously construed Plaintiff's comments as removing from the lawsuit all remaining claims asserted under Title 18. Doc. #22. The undersigned thus concludes that Plaintiff has waived his claims arising under unnamed provisions of Title 18. In Plaintiff's Response to this Court's order, Doc. #22, Plaintiff again urged the Court to "allow prosecution of these 18 U[.]S[.]C[.] . . .

Complaint allege a RESPA claim and violations of unnamed sections of Title 15 as well as sections 1831b, 1831n, 1831o, and 1833a of Title 12 of the United States Code. Plaintiff asserts in his Amended Complaint that the violations of 1831b, 1831n, and 1831o "appear guided by 12 U[.]S[.]C[.] § 1833a." Doc. #5 at 49. To clarify the remaining Title 12 and Title 15 claims, the undersigned subsequently ordered Plaintiff to identify in a short and concise statement the violations of unnamed sections to Title 12 and Title 15 remaining in this suit (Doc. #22). In his Response, Plaintiff did not identify or discuss any particular provisions under Title 12 or Title 15 with one exception. Doc. #24. McCarley requested that the Court allow him to "prosecute" Defendants under 12 U.S.C. § 1833a. Doc. #24 at 3-4.

On April 3, 2007, Plaintiff filed a motion requesting permission to file a brief in support of his claim charging Defendants with violating 12 U.S.C. § 1833a. Doc. #50. In

---

charges." Doc. #24 at 3. In his Amended Complaint, Plaintiff alleges violations of 18 U.S.C. §§ 656, 1001, 1005, 1010, 1014, 1016, 1032, 1621, which provide for the imposition of criminal penalties. Doc. #5 at 5-6. He prays that the Court will interpret these criminal provisions as a civil matter. Doc. #5 at 3. The Court does not have the authority to rewrite the law. Plaintiff may not bring and prosecute a criminal proceeding. Criminal prosecutions are within the exclusive province of the public prosecutor, who has complete discretion over the decision to initiate, continue, or cease prosecution. The undersigned recommends that these Title 18 claims be dismissed for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); Stoll v. Martin, 2006 WL 2024387, at *2 (N. D. Fla. July 17, 2006) (citations omitted).

Consequently, the remaining claims in this lawsuit include: (1) a RESPA claim; and (2) violations of unnamed sections of Title 12 and 15. See Doc. #16, #21, #22.

considering this motion, the Court *sua sponte* reviews whether it possesses subject matter jurisdiction over his Title 12 claims.  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409-11 (11th Cir. 1999) (outlining a federal court's duty to *sua sponte* consider its own subject matter jurisdiction); Employers Mut. Cas. Co. v. Evans, 76 F. Supp. 2d 1257, 1259 (N. D. Ala. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."); see also Insur. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 704 (1982).

In addition, as indicated above, Plaintiff moved for summary judgment on March 19, 2007.  Doc. #38, #47.[2]  Plaintiff argues that (1) Defendants have not requested to review material evidence in possession of Plaintiff; (2) Defendants have needlessly delayed the proceedings of this case by 5 months and now seeks an additional year to prepare for trial; (3) Defendants have violated 12 U.S.C. § 1833a; and (4) Defendants have failed to file an Answer in this case responding to Plaintiff's RESPA claim.  In support of these arguments, Plaintiff claims that Defendants did not return Plaintiff's

---

[2]Throughout McCarley's brief, he routinely blends his arguments in support of summary judgment with arguments advocating for default.  Cf. Plaintiff's Br. in Supp. Summ. J. Mot. at 4-5, 7 with id. at 6-7, 9.  Because McCarley filed separate motions for default and summary judgment, Doc. #35, #38, and he appears *pro se*, the Court construes his blended arguments as arguments in support of his motion for summary judgment.  The Court reiterates, however, that McCarley's position does not excuse him from familiarity with and proceeding according to the Federal Rules of Civil Procedure.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("Reasonable access to the courts is provided to indigent claimants by the *in forma pauperis* (IFP) statute . . . .  Still, once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

telephone calls concerning this lawsuit, did not provide a mailing address, and failed to appoint counsel. See Doc. 49-1 at 2.[3] These actions, Plaintiff contends, constitute bad faith on Defendants' part, and the Court should sanction Defendants with summary judgment. See Doc. 49-1 at 2-4. Defendants filed a response on April 11, 2007, arguing that Plaintiff failed to meet his initial burden in submitting evidence supporting his RESPA claim. Def.'s Resp. to Plf.'s Mot. Summ. J. (Doc. #52) at 2. The Court will first address Plaintiff's Title 12 claims, followed by his Title 15 claims and his motion for summary judgment.

## II.  DISCUSSION

### A.  Subject matter jurisdiction

Although it is enough that a litigant allege facts that if true would make out a claim arising under federal law, even claims "arising under" federal law do not confer federal question jurisdiction if they are frivolous. United Phosphorus, Ltd. v. Angus Chem. Co., 322 F.3d 942, 950 (7th Cir. 2003); see also Bell v. Hood, 327 U.S. 678, 682-83 (1946) ("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."). As stated above, Plaintiff sets forth a claim under 12 U.S.C. § 1833a. He

---

[3]The Court notes that Plaintiff repeatedly intertwines his discussion of the procedural history of this case with a prior state-court foreclosure action involving Defendants commenced in 2004.

also sets forth claims under 12 U.S.C. §§ 1831b, 1831n, 1831o, which arise under the Federal Deposit Insurance Corporation Act (FDICA). The Court will address each in turn.[4]

Plaintiff's federal jurisdiction cannot rest on 12 U.S.C. § 1833a, as that statute does not create a cause of action under which private individuals may seek relief against a bank. While § 1833a permits suit for civil penalties, in very plain, unambiguous language, § 1833a states that the sole enforcer of the statues' civil penalty is the Attorney General. 12 U.S.C. § 1833a(d); see Echols v. Bank of Am., N.A., 2005 WL 563116, at *1 (N. D. Ga. Feb. 3, 2005); Strecker v. La Salle Bank, N.A., 2004 WL 2491596, at *2 (W. D. Wisc. Nov. 3, 2004); see also Hicks v. Resolution Trust Corp., 767 F. Supp. 167 (N. D. Ill. 1991), aff'd, 970 F.2d 378 (7th Cir. 1992).[5] Although some statutes may leave room to imply a cause of action where Congress failed to grant one explicitly, "there is no basis for inferring that [§ 1833a] creates an implied private cause of action." See Echols v. Bank of Am., N.A., 2005 WL 563116, at *1 (citing Streker, 2004 WL 2491596 at *2);

---

[4]The undersigned addresses Plaintiff's § 1833a claim separately from the other three Title 12 claims, because, although the provisions appear in the same Chapter, Congress enacted § 1833a subsequent to the FDICA.

[5]In reviewing Plaintiff's motion for permission to file a brief in support of charges for violation of 12 U.S.C. § 1833a, the Court observes that Plaintiff relies on Hicks v. Resolution Trust Corporation, 767 F. Supp. 167 (N. D. Ill. 1991), for the proposition that a private individual can pursue charges under § 1833a. Plaintiff's Request for Permission to File Brief at 7. Plaintiff's reliance is misplaced. The Hicks court plainly stated that "plaintiff lacks standing to bring an action under 12 U.S.C. § 1833a. Any civil action to recover a civil penalty under [FDICA] must be commenced by the Attorney General." See 767 F. Supp. at 171.

see also Hicks v. Resolution Trust Corp., 767 F. Supp. at 171. Moreover, the fact that Congress provided for a private cause of action for civil penalties but limited its availability to the Attorney General is a strong indication that Congress considered and rejected the idea of providing a civil remedy for private individuals. The Court concludes that Plaintiff's § 1833a claim does not expressly or impliedly create a cause of action through which a private individual may sue a bank or mortgage company for monetary damages.

Plaintiff's federal jurisdiction also cannot rest on the FDICA because that act does not create a cause of action under which private individuals may seek relief against a bank. Echols v. Bank of Am., N.A., 2005 WL 563116, at *1 (citing Streker, 2004 WL 2491596 at *2); see also Hicks v. Resolution Trust Corp., 767 F. Supp. at 171. Plaintiff alleges that Defendants violated 12 U.S.C. §§ 1831b, 1831n, 1831o. These provisions require the disclosure of the identity of the beneficiary of certain federally related mortgage loans, certain filings with federal agencies by banking institutions be made in accordance with the Generally Accepted Accounting Procedures set forth elsewhere in that section, as well as prompt corrective action to resolve problems of insured depository institutions. 12 U.S.C. §§ 1831b 1831n, 1831o. The undersigned finds no indication in the text, context, or history of § 1831 that it was intended to create a private right of action. Mathews v. Washington Mut. Bank, 2006 WL 2380460 at *4 (E. D. Pa. 2006) (holding that no private right of action exists under 12 U.S.C. § 1831n); Curiale v.

Reissman, 798 F. Supp. 141, 148 (S. D. N. Y. 1992) ("Nothing in the words of the [FDICA] or any legislative history suggests that the statute impliedly provides a private cause of action."). Accordingly, the Court concludes that the Complaint and Amended Complaint fail to allege a federal question under Title 12 over which this Court has subject matter jurisdiction. Plaintiff's claims under §§ 1831b, 1831n, 1831o, 1833a are due to be dismissed.

Correspondingly, the Court finds that Plaintiff fails to set forth a claim upon which the Court can grant relief. Because Plaintiff is proceeding *in forma pauperis*, the Court is required under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) to dismiss a case at any time if it determines that the action "fails to state a claim on which relief may be granted." Id. Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997). Upon review of McCarley's §§ 1831b, 1831n, 1831o, 1833a claims, this Court finds that he fails to state a claim on which relief may be granted, because Plaintiff's §§ 1831b, 1831n, 1831o, 1833a claims do not expressly or impliedly create a cause of action through which a private

individual may sue a bank or mortgage company for monetary damages. The undersigned accordingly recommends that the District Court dismisses McCarley's §§ 1831b, 1831n, 1831o, 1833a claims against Defendants.

    B.    <u>Abandonment of Claims</u>

As stated above, Plaintiff has filed both a Complaint and an Amended Complaint in this action, referencing claims under unnamed provisions of Title 15. The undersigned afforded Plaintiff a third opportunity to explicitly identify and explain these unnamed claims. Plaintiff failed to do so. The Court finds Plaintiff has abandoned the unnamed violations of Title 15 claims. See <u>Resolution Trust Corp. v. Dunmar Corp.</u>, 43 F.3d 587, 599 (11th Cir. 1995) ("[T]he onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned."). Consequently, the undersigned recommends that all unnamed violations under Title 15 against all remaining Defendants are dismissed.

    C.    <u>Motion for Summary Judgment</u>

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). This standard can be met by the moving party, in cases where the moving party bears the burden of proof at trial, by submitting affirmative evidence establishing every element of the moving party's claim. All the evidence, and the inferences drawn therefrom, must be

9

viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The moving party bears "the exacting burden of demonstrating that there is no dispute as to any material fact in the case," Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F. 2d 1294, 1296 (11th Cir. 1983), and that it is entitled to judgment as a matter of law. See Dominick v. Dixie Nat'l Life Ins. Co., 809 F.2d 1559 (11th Cir. 1987).

As indicated above, and in accordance with this Recommendation, the only claim now pending before the Court arises under RESPA. Plaintiff, the moving party, bears the burden of setting forth affirmative evidence establishing every element of his RESPA claim. Plaintiff has not set forth any evidence in support of his RESPA claim. In fact, his arguments completely fail to address the merits of the claim. Of the four arguments Plaintiff sets forth in support of summary judgment, only one mentions the provision and only to the extent that Defendants have not addressed his claim in their Answer. In the absence of evidence establishing the elements of his RESPA claim, McCarley has not met his burden of demonstrating that there is no dispute as to any material fact in this case. Summary judgment is therefore inappropriate. Imaging Bus. Machines, LLC v. Banctec, Inc., 459 F.3d 1186, 1189-90 (11th Cir. 2006) (finding summary judgment inappropriate where the movant party failed to offer evidence supporting all elements of its claim).[6]

---

[6]Simultaneously with their response to Plaintiff's motion for summary judgment, Defendants filed a motion to strike the exhibits attached to Plaintiff's brief in support of summary judgment. Doc. #52. Because the Court finds summary judgment inappropriate

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's claims against all Defendants under 18 U.S.C. §§ 656, 1001, 1005, 1010, 1014, 1016, 1032, 1621 are DISMISSED.

The undersigned further RECOMMENDS against all Defendants arising under 12 U.S.C. §§ 1831b, 1831n, 1831o, 1833a are DISMISSED.  Consequently, the undersigned Magistrate Judge DENIES Plaintiff's "Request for Permission to file Brief in Support of Charges for Violation of 12 U[.]S[.]C[.] [§] 1833a and Referenced 18 U[.]S[.]C[.] Statutes against remaining Defendants in this Consolidated Case (Doc. #50) as MOOT.

The undersigned further RECOMMENDS that Plaintiff's claim arising under unnamed provisions of Title 15 against all five remaining Defendants are DISMISSED.

The undersigned further RECOMMENDS that Plaintiff's motion for summary judgment (Doc. #38) is DENIED.  Consequently, the undersigned DENIES Defendants' motion to strike (Doc. #52) as MOOT.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before April 25, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous,

---

and did not rely on these exhibits in reaching that determination, the Court DENIES Defendants' motion as MOOT.

conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982). See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982). See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this the 12th day of April, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE