IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| George D. McCarley | |
|     Plaintiff | Civil Action No. 3:06-CV-0091-MEF |
| v. | Lead Case |
| Household Finance Corporation III | |
|     Defendant | Jury Trial Demand |

REQUEST FOR JUDICIAL NOTICE, HEARING OF MATERIAL FACTS (Rule 201 (d)(e))
NOTICE OF PLAINTIFF EXHIBIT/EVIDENCE RULES COMPLIANCE
MOTION TO INVOKE STRICKEN MATERIAL FACT EXHIBITS
NOTICE OF THIRD MINISTERIAL ERROR

    This REQUEST FOR JUDICIAL NOTICE is issued pursuant to RULE 201, Judicial Notice of Adjudicative Fact,[1] (d) Mandatory, and, (e) Opportunity to be heard. This action is taken upon the courts denial of both Motion for Default Sanctions, and, Motion for Summary Judgment.

HISTORY

    (1) Said motions, Doc # 35, 38, 47 was initiated in response to what plaintiff believed to be a Rule 55 failure on the part of defendant due to the five month delay between Judge McPherson 10/10/2006 order and the defendant response in February 2007. (2) Upon communicating for Rule 26f scheduling meeting, plaintiff first learned defendant demand of one additional year to prepare for trial, whereupon, plaintiff recommended a Rule 56(g) Summary Judgment sanction. (3) Being informed by the Court of ministerial error, plaintiff was granted permission to submit a brief in support of Motion for Summary Judgment. (4) The Court denied both Sanctions and Summary Judgment motions. (5) Plaintiff remains unclear as to courts reasoning in denying Sanctions against defendant for failure to appoint counsel for thirteen months. (6) Numbered point (5) notwithstanding, it appears clear the court has denied Summary Judgment motion based upon the courts determination that plaintiff failed to meet an evidentiary burden requisite to summary

1

judgment declaration². (7) Plaintiff now issues this REQUEST FOR JUDICIAL NOTICE so that he may have a Rule 201 (e) opportunity to be heard on the matter of MATERIAL FACT and EVIDENCE, as it is clear this court has realized neither the overwhelming preponderance of plaintiff evidence, nor the total lack of even one "scintilla" of defense production.

ISSUES TO BE HEARD AT RULE 201 HEARING

2. Plaintiff has reviewed Fed. R. Civ. Pro. Rules of Evidence. The following discussion will make clear plaintiff has in fact provided an overwhelming weight of material fact and evidence. The following Rules of Evidence are included in this Appendix and are invoked so as to indicate the valid and proper nature of both Material Fact and Evidence presented by plaintiff in all documents:

Rule 201. Judicial Notice of Adjudicative Fact, (c), (d), (e), (f), and Notes to Rule 201
Rule 401. Definition of Relevant Evidence
Rule 406. Habit; Routine Practice
Rule 803. Hearsay Exceptions; Availability of Declarant Immaterial, (6), (8), (14), (17)
Rule 901. Requirement of Authentication or Identification, (a), (b), (1,4,7,9,10)
Rule 902. Self-authentication (1), (2).
5 USC §556 (e) Hearings

3. Further indicating the predominant weight of material fact and evidence presented by plaintiff, we incorporate by reference, exhibits (1) through (59) as included with Doc.# 19 (stricken). We officially notice defense and court of our intent to utilize some or all these exhibits of material fact and evidence. Pages (1) through (10) of Doc # 19 remain intact, along with closing pages numbered (27) through (32), said pages serving as a listing of exhibits. Additonally, those total 59 exhibits will serve to reinforce Doc # 5, 24 allegations of RESPA disclosure violations.

4. We officially notice the court of public information (a) disclosing over seventy million, (70,000,000) mortgages in force in these United States. It is correspondingly public knowledge that the legal paper associated with the 70 million mortgages is highly uniform if not standardized. Further, we notice this court that all materials, facts, exhibits and evidence provided by plaintiff are

---

[1] Appendix page 1 for text

in fact various iterations of those uniform and standardized documents, many of which are recorded officially by various courts under State or Federal statute. (b) In consideration of (a) above, for this court to rule "no evidence" has been presented is tantamount to courts admission that no foreclosure could have occurred. (c) Plaintiff has presented only those documents provided by public and highly standardized sources and origin. (d) At the "hearing of Judicial Notice" this court will be presented facts and evidence and asked to acknowledge the authenticity of material fact provided by these documents. (e) As a final step proceeding to trial, said documents will be authenticated by "source officers." (f) For the immediate purpose of consideration of Summary Judgment, we most strongly urge this court to officially recognize the lack of a single scintilla of material fact or evidence produced by defense and thus declare summary judgment as is due and owing to plaintiff.

5. Now in summation, we invoke all the discussion contained in this document as evidence of the absolute and *manifest injustice* perpetrated by Recommendation of the Magistrate Judge to deny both Sanctions and Summary Judgment. We challenge the court to once again review the Doc #53, page 10 assertion that plaintiff failed to meet his burden on summary judgment. We urge the court to immediately hold a Rule 201 Judicial Review Hearing, so that we: (i) may propound the merits of the preponderance of evidence (infra *Fagan*) submitted by plaintiff; (ii) may indicate the Rules of Evidence acceptability of both material fact and evidence presented by the many exhibits; (iii) may expose the utter lack of the slightest "scintilla" of evidence (infra *Cortright*) presented by defense; (iv) and that appropriate adversary actions accruing to same may ensue.

Rule 56 Note 1006  Preponderance of Evidence

"In ruling on motion for summary judgment, court must ask whether on summary judgment record, reasonable jurors could find facts that demonstrate by preponderance of the evidence that nonmoving party is entitled to a verdict." Fagan v. City of Vineland, D.N.J.1992, 804 F. Supp 591
Rule 56 Note 1007 Scintilla of Evidence Standard

---

[2] Doc # 53, Page 10

"Mere existence of scintilla of evidence in support of nonmoving party's position is insufficient to create dispute about material fact so as to preclude summary judgment; there must be evidence on which jury could reasonably find for that party." Cortright v. Thompson, N.D.Ill.1993, 812 F. Supp 772

6. In consideration of the above, we most strongly recommend this Court recognize the preponderance of evidence contained and thus grant Summary Judgment, as to do otherwise will have no other result than to offer the courts encouragement of defendant misbehavior that can only be described as objectionable, obnoxious, intolerable, heinous, atrocious, shocking, scandalous, serial offender, criminal, illegal and fraudulent.

7. Considering the courts three (3) ministerial errors, along with the default action of defendant, this plaintiff is owed and due some form of injunctive relief, and demands same.

Respectfully submitted

George D. McCarley, Pro Se
216B Chestnut Street
Roanoke, Al 36274
334-863-6489

PROOF OF SERVICE

I, George D. McCarley, do swear or affirm that on this date, April 18, 2007, as required by Supreme Court Rule 29 I have served the enclosed ACTION on each party to the above proceeding or that party's counsel, by depositing envelope containing the above documents in the United States Mail properly addressed to each of them, and with first class postage prepaid, or by delivery to a third party commercial carrier for delivery within 3 calendar days.

The Clerk
Middle District of Alabama, Eastern Division
One Church Street, PO Box 711
Montgomery, Al 36101-0711
334-954-3600

Defendant Attorney
Mr. George Parker
Bradley Arant Rose and White
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Al 36104
334-956-7671, 956-7700

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 18, 2007

George D. McCarley

Exhibits include 4 pages of statutes reproduced.

4

ARTICLE II. JUDICIAL NOTICE [Table of Contents]

**Rule 201. Judicial Notice of Adjudicative Facts**

(c) When discretionary.

A court may take judicial notice, whether requested or not.

(d) When mandatory.

A court shall take judicial notice if requested by a party and supplied with the necessary information.

(e) Opportunity to be heard.

A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

(f) Time of taking notice.

Judicial notice may be taken at any stage of the proceeding.

NOTES TO RULE 201

HISTORY:

(Jan. 2, 1975, P.L. 93-595, § 1, 88 Stat. 1930.)

Notes of Advisory Committee on Rules.

Subdivisions (c) and (d). Under subdivision (c) the judge has a discretionary authority to take judicial notice, regardless of whether he is so requested by a party. The taking of judicial notice is mandatory, under subdivision (d), only when a party requests it and the necessary information is supplied. This scheme is believed to reflect existing practice. It is simple and workable. It avoids troublesome distinctions in the many situations in which the process of taking judicial notice is not recognized as such.

Compare Uniform Rule 9 making judicial notice of facts universally known mandatory without request, and making judicial notice of facts generally known in the jurisdiction or capable of determination by resort to accurate sources discretionary in the absence of request but mandatory if request is made and the information furnished. But see Uniform Rule 10(3), which directs the judge to decline to take judicial notice if available information fails to convince him that the matter falls clearly within Uniform Rule 9 or is insufficient to enable him to notice it judicially. Substantially the same approach is found in California Evidence Code §§ 451-453 and in New Jersey Evidence Rule 9. In contrast, the present rule treats alike all adjudicative facts which are subject to judicial notice.

Subdivision (e).

Basic considerations of procedural fairness demand an opportunity to be heard on the propriety of taking judicial notice and the tenor of the matter noticed. The rule requires the granting of that opportunity upon request. No formal scheme of giving notice is provided. An adversely affected party may learn in advance that judicial notice is in contemplation, either by virtue of being served with a copy of a request by another party under subdivision (d) that judicial notice be taken, or through an advance indication by the judge. Or he may have no advance notice at all. The likelihood of the latter is enhanced by the frequent failure to recognize judicial notice as such. And in the absence of advance notice, a request made after the fact could not in fairness be considered untimely. See the provision for hearing on timely request in the Administrative Procedure Act, 5 U.S.C. § 556(e). See also Revised Model State Administrative Procedure Act (1961), 9C U.L.A. § 10(4) (Supp. 1967).

Subdivision (f).

In accord with the usual view, judicial notice may be taken at any stage of the proceedings, whether in the trial court or on appeal. Uniform Rule 12; California Evidence Code § 459; Kansas Rules of Evidence § 60-412; New Jersey Evidence Rule 12; McCormick § 330, p. 712.

### Rule 401. Definition of "Relevant Evidence"

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Rule 406. Habit; Routine Practice

Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

### Rule 803. Hearsay Exceptions; Availability of Declarant Immaterial

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

(6) **Records of regularly conducted activity.** A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

(8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

(14) Records of documents affecting an interest in property. The record of a document purporting to establish or affect an interest in property, as proof of the content of the original recorded document and its execution and delivery by each person by whom it purports to have been executed, if the record is a record of a public office and an applicable statute authorizes the recording of documents of that kind in that office.

(17) Market reports, commercial publications. Market quotations, tabulations, lists, directories, or other published compilations, generally used and relied upon by the public or by persons in particular occupations.

TITLE 5 > PART I > CHAPTER 5 > SUBCHAPTER II > § 556Prev | Next

§ 556. Hearings; presiding employees; powers and duties; burden of proof; evidence; record as basis of decision

(e) The transcript of testimony and exhibits, together with all papers and requests filed in the proceeding, constitutes the exclusive record for decision in accordance with section 557 of this title and, on payment of lawfully prescribed costs, shall be made available to the parties. When an agency decision rests on official notice of a material fact not appearing in the evidence in the record, a party is entitled, on timely request, to an opportunity to show the contrary.

Note 44 Right to Present

"Parties interested in outcome of administrative proceedings must be given opportunity to present evidence, . . .." Mobil Oil Corp. v. Federal Power Com. (1973) 157 App DC 235, 483 F.2d 1238

Note 46  Need For Evidentiary Hearing

"While agency is not required to conduct evidentiary hearing, . . . agency carries heavy burden of justification and where individual facts are relevant, . . . interested party has right to have them aired and tested in adversary proceedings, . . .." Independent Bankers Asso. V. Board of Governors of Federal Reserve System (1975) 170 App DC 278, 516 F.2d 1206

# ARTICLE IX. AUTHENTICATION AND IDENTIFICATION [Table of Contents]

## Rule 901. Requirement of Authentication or Identification

(a) General provision.

The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

(b) Illustrations.

By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

(1) Testimony of witness with knowledge. Testimony that a matter is what it is claimed to be.

(4) Distinctive characteristics and the like. Appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances.

(7) Public records or reports. Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept.

(9) Process or system. Evidence describing a process or system used to produce a result and showing that the process or system produces an accurate result.

(10) Methods provided by statute or rule. Any method of authentication or identification provided by Act of Congress or by other rules prescribed by the Supreme Court pursuant to statutory authority.

Notes

## Rule 902. Self-authentication

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

(1) Domestic public documents under seal. A document bearing a seal purporting to be that of the United States, or of any State, district, Commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.

(2) Domestic public documents not under seal. A document purporting to bear the signature in the official capacity of an officer or employee of any entity included in paragraph (1) hereof, having no seal, if a public officer having a seal and having official duties in the district or political subdivision of the officer or employee certifies under seal that the signer has the official capacity and that the signature is genuine.