IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2007 APR 20 A 9: 44

| | |
|---|---|
| George D. McCarley | |
| Plaintiff | Civil Action No. 3:06-CV-0091-MEF |
| v. | Lead Case |
| Household Finance Corporation III | |
| Defendant | |

P. HACKETT, CL.
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

FEDERAL RULES OF CIVIL PROCEDURE, RULE 55 ACTION
Brief in Support
Notice to Clerk, Overview and Motion to File Rule 55(a)(b) Default

1. Plaintiff hereby serves The Clerk the enclosed sequence of Requests and Affidavits in pursuit of the Clerk and/or Court lodging of a Rule 55 Default against defendant(s). Format contained for plaintiff filing, found in "Benders Federal Practice" also contains format for action of the Clerk and if necessary The Court, along with discussion of options and statutory stipulations. Please find enclosed these necessary filings, pursuant to Federal Rules of Civil Procedure, Rule 55:

> Request to Clerk to Enter Default, Rule 55(a)
> Affidavit for Entry of Default by Clerk, Rule 55(a)
> Request for Default Judgment by Clerk, rule 55(b)
> Affidavit on Request for Default Judgment by Clerk, Rule 55(b)
> Statement of Amount Due, Rule 55(b)
> Affidavit of Amount Due, Rule 55(b)
> Affidavit That Defendant(s) are Not in Military Service

In addition to submittals above, suggested Clerk Judgment formats are included in Appendix.

CONTESTED FACT: (Plaintiff and defendant have not yet met to agree on uncontested facts)
a. Defendant failure to defend or plead pursuant to Court order found in Doc dated 10/10/2006.
b. Defendant failure to appoint counsel for thirteen (13) months.
c. Defendant failure to respond to Order dated 10/10/2006, for some five (5) months.

2. Comes now George D. McCarley to notify this court of Defendant Default in the above styled case on grounds of Failure to Appoint Counsel and Failure to Defend. This action is pursuant to Fed R. Civ. Pro. Rule 55. The defendant above is noted as the lead case of five remaining cases

1

filed against the corporation known as HSBC. The five defendants are; Household Finance Corporation III, and, HSBC Gr. Corp., Household International, Inc., and, HSBC Finance Corporation, and, HSBC Mortgage Services, Inc.; (HSBC). Complete location, official mailing addresses, contact person(s) and corporation registration agent at the Chicago Headquarters location may found in Doc # 5, page 19 of Amended complaint.

3. This is an action at law to redress injuries inflicted on George D. McCarley by defendants, and all of them, under color of law, as filed in the above styled case.

Jurisdiction

4. Jurisdiction of this court for Default is found in 28 USC §1874, and, $50^2$ USC §512.

5. Supplementary Notes to Rule 55 denote guidance found at 50 USC §501 through 520.

6. 50 USC §520 is cross referenced by FRCP Rule 55 and governs default judgment and affidavits declaring default. Further, George McCarley testifies that he has knowledge of these matters, and that the defendant(s) is not a member of the Untied States Military.

7. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ten thousand dollars, ($10,000), as per 28 USC §1331.

8. During all times mentioned, Plaintiff is a citizen of The United States and State of Alabama, with address found at close of this filing.

9. During all times mentioned, defendant(s) is a United States corporation with capacity to sue and be sued, in Chicago, Illinois, with operations in other sections of the United States.

10. At all times material to the complaint, defendant(s) acts were performed under color of law and what they believed to be statutes of the United States and State of Alabama.

11. During all times mentioned herein, the individual defendants, and each of them, separately and in concert, acted under color of laws of the United States and Alabama. Each of the

---

[1] The consolidated case found at 3:06 cv 00091 (lead case) includes Household Finance Corporation, III (00093), HSBC-Gr. Corp. (00102), HSBC Mortgage Services, Inc. (00104), HSBC Finance Corporation (00101), and, Household International, Inc. (00103).

individual defendant(s) here, plus other persons and/or corporations unknown to plaintiff, separately and in concert, engaged in the illegal conduct here mentioned to the injury of plaintiff and deprived plaintiff of the rights, privilege, immunities, and protections of the United States Constitution.

## FACTUAL ALLEGATIONS OF RULE 55 DEFAULT

12. The five defendants were NOT DEFENDED for the first thirteen months of this action. Twenty-seven documents were logged to PACER before defendant(s) were defended. The initial complaint indicted fifteen (15) defendants, all of which were employed by or contracted by defendant(s), or shared fiduciary ties to and/or with defendant(s). Initial complaint was served to a single defendant, Gary Esposito in his capacity as President of HSBC Mortgage Services (defendant in consolidated case), as witnessed by Doc # 1 dated 01/31/2006. The relationship of Esposito to the remaining defendant(s) is recorded in Doc # 5, page 19 dated 2/17/2006. Therefore, this Clerk and this Court may be sure and certain that Esposito as President of a defendant corporation provided notice to the remaining family of corporate defendants in this consolidated case. In fact, Mr. Esposito was represented at a status conference by local counsel Mr. George Parker, found at Doc #8, with status conference on 03/03/2006. Seven months would elapse until Order and Recommendation of 10/10/2006, Doc #16. Courts order dismissed charges against all but the five (5) defendants remaining in this case.

13. Gary Esposito case was dismissed and Counsel George Parker noticed this court he had been dismissed on 11/16/2006. At this point in the case, almost eleven (11) months have elapsed and the five remaining defendants have not yet been represented, have not yet pleaded, and have not yet acted in their defense, and have wholly failed to defend.

14. On 10/10/2006, ALMD Docket Report filed on PACER, this Court ordered that summons and complaint should be served to the five remaining defendants in the consolidated case.

---

[2] This is The Soldiers and Sailors Relief Act and is denoted as 50a USC in some sources.

3

15. Another five (5) months would elapse before the defendant(s) would answer the summons and once again appoint local Attorney George Parker on 2/16/2007.

16. It should now be clear to the Clerk and this Court; the five (5) defendants FAILED TO DEFEND their cases for some thirteen months and should be summarily declared in default.

17. In addition to defendant(s) failure to defend, they have a pattern and practice of creating delay in this action. This is proven by their act of demanding one additional year to prepare for trial. Delay is proven by the Rule 26f scheduling meeting of March 23, 2006. See Defendant discovery plan on Form 35. Also, see Doc # 44-1 page 3, section 9, which calls for a March 28, 2008 pre-trial event. The added year delay is particularly troubling upon courts knowledge that various actions in this case have been continual since 2004. This group of defendants has no other reason than DELAY as the goal of demanding one additional year to prepare for trial. Plaintiff has charged and defendant has failed to rebut or dispute plaintiff charge that the one year delay proves beyond doubt that they have no case whatsoever. Instead, the delay only serves to buy time for defendant(s) in hopes they can gain advantage due to the advanced failing health (Doc # 35, page 2), and, (Doc #38, paragraph 1 (iii)) of a plaintiff that has claimed damages due to ill health effects created by defendant(s), Doc #5, Page 3, [(a)(b)(c)bottom page], [page 4, para b, (a)(b)(c)], [page 5 midpage (a)(b)(c)], [page 6, para e, (a)(b)(c)], [page 7, top page, (a)(b)(c)], etc .

    28 USC, Rule 55 Note 121 Change of Counsel

"In view of the fact that defendants have been unrepresented , . . . and no justification was asserted for their having failed to obtain substitute counsel in five week period that elapsed thereafter, in view of their failure to defend with due diligence and to comply with Rule, courts standing order and amended order, and failure to prosecute counterclaims with due diligence, . . . order of default was entered against both defendants and each of them, . . . " See Bonner Nat. Life Ins. Co., v. Continental Nat. Corp., D.C. Ill. 1981, 91 F.R.D. 448.

18. Wherefore plaintiff demands judgment against the defendant(s), and each of them, jointly and severally: (a) to redress the loss of disseised ancestral property, in the amount of

4

twentysix thousand ($26,000); and (b) to compensate ongoing property damages in the amount of ten thousand ($10,000); and (c) to redress five years of lost professional income, in the amount of five hundred thousand ($500,000); and (d) to compensate the cost of court costs and related legal and research expenses in the amount of ten thousand ($10,000); and (e) compensation for mental anxiety in the amount of two hundred thousand ($200,000); and (f) compensation for emotional distress in the amount of two hundred thousand ($200,000); and (g) compensation for advanced and untreated medical conditions by providing a lifetime medical insurance policy in the amount of two hundred thousand ($200,000); and, (h) statutory damages for defendant(s) violation of 12 USC §2605 in the amount of Fifty Thousand ($50,000); and, (i) removal of illegal negative credit information in all types and locations, to include removal of bankruptcy filed for no other reason than avoidance of this action; and, (j) vacating of any and all negative legal paper filed by defendant(s); and, plaintiff further demand judgment for punitive damages against the defendant(s), and each of them, jointly and severally, in the amount of (k) seven years of minimum level CEO compensation of Seven Million ($7,000,000); and, (l) that defendant(s) shall pay the full tax burden of any and all awards estimated at Five Hundred Thousand ($500,000).

19. Wherefore plaintiff McCarley claims injunctive relief and DEFAULT declaration damages in the amount of Eight Million Six Hundred Ninety Six Thousand ($8,696,000), against the defendant(s) jointly and severally, plus interest and any non-itemized costs of this court action.

28 USC, Rule 55 Note 130[3]  Default of Party

> "Default was proper sanction for defendants failure to obtain substitute counsel, . . . defendants were personally responsible for the failure because they were aware of the courts orders, . . . there were indications of bad faith on the part of the defendants in causing counsel to withdraw, . . . " See Hoxworth v. Blinder, Robinson & Co., Inc., C.A. 3 (Pa.) 1992, 980 F. 2d 912.

Respectfully submitted            *G. McCauley*
                                  George D. McCarley, Pro Se

---

[3] Incorrectly reported as Note 120 on Brief in support of Summary Judgment

216B Chestnut Street
Roanoke, Al 36274
334-863-6489

PROOF OF SERVICE

I, George D. McCarley, do swear or affirm that on this date, April 18, 2007, as required by Supreme Court Rule 29 I have served the enclosed ACTION on each party to the above proceeding or that party's counsel, by depositing envelope containing the above documents in the United States Mail properly addressed to each of them, and with first class postage prepaid, or by delivery to a third party commercial carrier for delivery within 3 calendar days.

<u>The Clerk</u>
Middle District of Alabama, Eastern Division
One Church Street, PO Box 711
Montgomery, Al 36101-0711
334-954-3600

<u>Defendant Attorney</u>
Mr. George Parker
Bradley Arant Rose and White
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Al 36104
334-956-7671, 956-7700

I declare under penalty of perjury that the foregoing is true and correct.   *G. McCarley*

Executed on April 18, 2007                                              George D. McCarley

Appendix of Cases and Evidence to Support all Rule 55(a)(b) filings, forms and affidavits in this submittal (if not printed in footnote, please see this appendix).

28 USC §1874

50[4] USC §512

50 USC §520

<u>Hoxworth v. Blinder, Robinson & Co., Inc.</u>, C.A. 3 (Pa.) 1992, 980 F. 2d 912.

<u>Bonner Nat. Life Ins. Co., v. Continental Nat. Corp.</u>, D.C. Ill. 1981, 91 F.R.D. 448

*United States v. Jackson* (DC Ore. 1938) 25 F. Supp 79

Federal Rules of Civil Procedure, Rule 55 (a)(b)

Soldiers' and Sailors' Civil Relief Act §200(1)

---

[4] This is The Soldiers and Sailors Relief Act and is denoted as 50a USC in some sources.

6