IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| George D. McCarley<br>    Plaintiff<br>v.<br><br>Household Finance Corporation III<br>    Defendant | Civil Action No. 3:06-CV-0091-MEF<br>Lead Case<br><br><br>Jury Trial Demand |

RECEIVED 2007 APR 17 A 9:45 P. HACKETT, CL. U.S. DISTRICT COURT MIDDLE DISTRICT ALA

## REBUTTAL OF DEFENDANT RESPONSE
## PLAINTIFF MOTION FOR SUMMARY JUDGMENT

We incorporate by reference, defendants paragraph (1.) quoting infra Celotex, and thus inform this court of the bases for this Summary Judgment Motion. (1) Said motion was initiated in response to what plaintiff believed to be a Rule 55 failure on the part of defendant due to the five month delay between Judge McPherson 10/10/2006 order and the defendant response in February 2007. (2) Upon communicating for Rule 26f scheduling meeting, plaintiff first learned defendant demand of one additional year to prepare for trial, whereupon, plaintiff recommended a Rule 56(g) Summary Judgment sanction. (3) Being informed by the Court of ministerial error, plaintiff was granted permission to submit a brief in support of Motion for Summary Judgment. (4) Now, and in rebuttal to defendant response, we provide final input in the spirit of abundant caution and clarity.

OUTLINE

| Page 1. | Default and Summary Judgment Proofs, Rule 55 and Rule 56 |
|---|---|
| 3 | 4 Points Required for Summary Judgment, or, absence of evidence |
| 4 | Plaintiff 5 Points Satisfied |
| 5 | We demonstrate (5) *absence of any genuine issues of fact* |
| 7 | Foreclosure Documents Evidence is called Hearsay Evidence |
| 8 | HSBC Not Forthcoming with Defense Counsel, *vis*. Hearsay! |
| 8 | Problems with Affadavit |
| 9 | Proving RESPA Violations Negates Foreclosure |
| 10 | Continue to Process 12 USC 1833a Following Summary Judgment Verdict |
| 10 | Defense Fails to Respond to Allegations of Failure to Appoint Counsel |
| 10 | SUMMATION |
| 12 | INDEX of Cases |

1

1. Plaintiff Brief in Support of Summary Judgment, contained on pages 3 and 4, a discussion of defendant failure with regard to diligence and appointment of counsel, and case citations to indicate how other courts reacted to same. We believe this is the central issue in this Motion for Summary Judgment. Plaintiff asserts that having proven defendant violation of the DEFAULT and CHANGE OF COUNSEL failure found in the following two citations, that we have fully proven our Summary Judgment Motion. While additional parameters for proving of summary judgment exist, we believe that having satisfied the two citations below, we have satisfied the movant burden.

> 28 USC, Rule 55 Note 121 Change of Counsel
>
> "In view of the fact that defendants have been unrepresented , . . . and no justification was asserted for their having failed to obtain substitute counsel in five week period that elapsed thereafter, in view of their failure to defend with due diligence and to comply with Rule, courts standing order and amended order, and failure to prosecute counterclaims with due diligence, . . . order of default was entered against both defendants and each of them, . . . " See Bonner Nat. Life Ins. Co., v. Continental Nat. Corp., D.C. Ill. 1981, 91 F.R.D. 448.
>
> 28 USC, Rule 55 Note 130[1]  Default of Party
>
> "Default was proper sanction for defendants failure to obtain substitute counsel, . . . defendants were personally responsible for the failure because they were aware of the courts orders, . . . there were indications of bad faith on the part of the defendants in causing counsel to withdraw, . . . " See Hoxworth v. Blinder, Robinson & Co., Inc., C.A. 3 (Pa.) 1992, 980 F. 2d 912.

2. Supra *Bonner* should make it clear that other courts have dealt harshly for failure to appoint counsel for a period as short as <u>five weeks</u>, whereas HSBC allowed <u>thirteen months</u> to elapse prior to appointing counsel. Obviously the progression of this case has been retarded by this failure, and obviously a *Rule 56 (g)* violation is in progress that has had no other purpose than to retard and delay the progression of this case, thus plaintiff is due to be compensated.

---

[1] Incorrectly reported as Note 120 on Brief in support of Summary Judgment

2

3. Now, in an abundance of caution, we will respond to defendant brief in reply and further show that plaintiff has substantially proven his summary judgment motion, to include the four point requirement in infra *Celotex,* plus we will prove we have satisfied the point that moving party must show the absence of any genuine issues of fact Balance of this rebuttal will incorporate by reference the points required to prove following:

4 Points Required for Summary Judgment, or, absence of evidence

4. Plaintiff incorporates by reference from Defendant's Response; IMAGING BUSINESS MACHINES, LLC. V. BANCTEC, INC., 459 F.3D 1186, page 1 of defense brief:

> Page 5, Section V of Opinion in Supra IMAGING BUSINESS MACHINES V. BANCTEC.
>
> [9] "[A] district court may grant preliminary injunctive relief when the moving party shows that: (1) it has a substantial likelihood of success on the merits of the underlying case when the case is ultimately tried; (2) irreparable injury during the pendency of the suit will be suffered unless the injunction issues immediately; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1128 (11th Cir.2005). The district court applied the first of these factors – that the moving party show a substantial likelihood of success on the merits – to assess the evidence whether Imaging Business Machines had a trade secret in the components of its ImageTrac II scanner.

5. We note in case citation above, the court only applied the first of four tests to award judgment to the movant. With this document, we indicate our satisfaction of all five points.

> In contrast to the four-factor test applied on a motion for preliminary injunction, a motion for summary judgment requires the moving party to show the absence of any genuine issues of fact. Fed. R. Civ. Pro. 56(c): *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986). Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact.

3

Plaintiff 5 Points Satisfied

 6. a) We demonstrate (1) *it has a substantial likelihood of success on the merits of the underlying case when the case is ultimately tried*; by the following proofs. (i) As of this date, the PACER case record indicates that five different Federal Judges have been involved in administration of this case. The fact that the case continues to move forward given such close judicial scrutiny is excellent evidence of eventual success. (ii) Case continues to move forward after fifteen months of litigation, to include the prospect of now adding charges via brief in support of 12 USC 1833a. (iii) The court has proceeded through the Rule 26f Scheduling Meeting and has established a trial calendar. (iv) Case has proceeded for fifteen months with a non-represented *pro se* litigant plaintiff.

 6. b) We demonstrate (2) *irreparable injury during the pendency of the suit will be suffered unless the injunction issues immediately*; by the following proofs. At Doc #5, page 45, we discussed the fullest extent of damages and the reasons for which the negative credit information has had the effect of fully preventing our ability to find work and to earn professional income. We illustrated that such negative credit information is essentially a death sentence for financial or turnaround professionals. As proof stands the fact McCarley has not worked professionally since the illegal and fraudulent declaration of default in the year 2002. We demonstrated the growing presence of preventable and treatable health problems that have been denied treatment due to absence of money or insurance – all the result of illegal and fraudulent negative credit information placed by defendant.

 6. c) We demonstrate (3) *the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party*; by the following proofs. Plaintiff movant business and work opportunity and to a greater extent, life, has been destroyed totally by this heinous fraudulent act of foreign bank. (See damage claim at Doc #5 page 45) Plaintiff is reduced to food stamps and is about to be booted out of rental home. By contrast, the foreign bank has grown to $72

4

billion in revenue, as indicated by Brief in Support of Summary Judgment, page 2 (uncontested facts point 11)[2] Amended Complaint, page 11, paragraph 6 outlines the fact that a foreign bank that supported Saddam Hussein, has illegally seized the property of a family of American Combat Servicemen serving from WWI through Kosovo. Weight of this point is strongly in favor of movant.

      6. d) We demonstrate (4) *if issued, the injunction would not be adverse to the public interest* by the following proofs. Plaintiff reply to order of Judge Capel found at Doc #24, opening paragraph provided information and source documents related to the negative public information regarding this defendant. (i) They have been convicted and penalized for moving Saddam's money to Cuba, Sudan, Libya, (ii) they were founded as a means of housing Opium profits, (iii) they are a Chinese Bank, (iv) they admitted guilt in the largest class action settlement in history ($700 million penalty), (v) defendant is the "ground zero" for the present foreclosure epidemic being witnessed daily, (vi) evidence of scam level fraud is present in extended evidence available for court trial, (vii) evidence shows they illegally foreclose as many as 1000 families per day. (vii) If defendant should win in *McCarley,* this court would in effect be granting complicit authorization for the Bank of a Foreign Nation to selectively commit fraud with impunity and to selectively abscond the property of the very servicemembers who are sworn to protect and uphold this courts acts. Clearly that is not the intent of this or other courts. Ultimately, the precedent established by this case may well prove to be the solution to an epidemic of improper and illegal foreclosure that borders on theft. Plaintiff recommends the most efficient utilization of judicial resources will result in award of this Summary Judgment, followed by continuing prosecution of the 12 USC §1833a charges.

We demonstrate (5) *absence of any genuine issues of fact*.

      7. (i) Defendant has failed to produce a single piece of evidence in his favor in the fifteen months the case has moved forward, as the courts cursory review of all documents will make clear.

---

[2] Further proven by publicly available financial statements.

(ii) Defense reply to Summary Judgment brief declares that two key foreclosure evidence exhibits attached to plaintiff brief in support of summary judgment are Hearsay. Following paragraph will soundly dispute that assertion, as those documents are provided by defendant corporation. (iii) Only AFFADAVIT provided by defendant HSBC to date is soundly disproven by evidence contained in many other exhibits. (See Motion to Strike AFFADAVIT for details). (iv) Defense appears intent on winning their case on strength of conclusory allegations, contrary to _Olcott_ below.

8. Perhaps best proof of absence of any genuine issue of fact to support defendant (nonmovant) is defendant holistic failure to dispute with specificity[3], any allegation(s) of plaintiff beyond a one sentence denial in one single filing, found at document 28, First Defense paragraph (1). In fact, defense Response to Summary Judgment Motion, paragraph (2) states defense belief they are not obligated to respond to Plaintiff specifics, which point is disputed by infra _Smith_.

The following case citations stand in support of these points:

>Rule 56 Directed Verdict, Note 9
>
>"Standard for Summary Judgment mirrors the standard for directed verdict; consequently, nonmovant must do more than raise some doubt as to existence of some fact; nonmovant must produce evidence that would be sufficient to require submission to jury of dispute over fact." Smith v. Detroit Edison, E.D.Mich.1992, 793 F. Supp 151.
>
>Note 168 Expert Testimony
>
>"Rule against mere conclusory allegations defeating summary judgment motions extends to cases where experts make those assertions." Olcott v. LaFiandra, D.Vt.1992, 793 F. Supp 487
>Rule 56 Note 1005 No Evidence Standard
>
>"Summary Judgment movant may discharge burden of showing that there is no genuine issue of material fact by showing absence of evidence (emphasis added) to support nonmovants case." F.D.I.C. v. Thompson & Knight, N.D.Tex.1993, 816 F. Supp 1123

---

[3] (see Judges order on motions, Doc 44, paragraph 8)

6

Rule 56 Note 1006  Preponderance of Evidence

"In ruling on motion for summary judgment, court must ask whether on summary judgment record, reasonable jurors could find facts that demonstrate by preponderance of the evidence that nonmoving party is entitled to a verdict." Fagan v. City of Vineland, D.N.J.1992, 804 F. Supp 591

Rule 56 Note 1007 Scintilla of Evidence Standard

"Mere existence of scintilla of evidence in support of nonmoving party's position is insufficient to create dispute about material fact so as to preclude summary judgment; there must be evidence on which jury could reasonably find for that party." Cortright v. Thompson, N.D.Ill.1993, 812 F. Supp 772

Purpose of Summary Judgment, Note 18

"Summary Judgment procedure is designed to secure just, speedy, and inexpensive determination of any action." Brizendine On Behalf of Estates of Brown Truckload, Inc., v. Kroger Co, S.D.Ohio 1993, 817 F. Supp 672

Note 228 Effect on Outcome

"Fact is "material" for purposes of summary judgment, only when its resolution affects outcome of the case." Adams v. West Pub. Co., D.Minn.1993, 812 F. Supp 925

Foreclosure Documents Evidence is called Hearsay Evidence (see defendant response para 2).

9. Defense states: "Moreover, the attachments to plaintiff's brief are not properly proven, are hearsay, and do not provide any evidence to the Court that would entitle plaintiff to summary judgment." The two documents deemed Hearsay (Brief in Support Exhibits A & B) are both provided by HSBC during this litigation process. (i) The actual HSBC Billing Summary document was included to prove that HSBC declared McCarley in default on the very day that he was overpaid by $190. Obviously this is a fraudulent declaration. HSBC had ample opportunity to correct this issue, had it been a mere error. Instead, they never admitted a mistake or error, and therefore plaintiff charge of fraud and failure to properly disclose financial information as demanded by 12 USC §2605. (ii) Second document is the actual Assignment of Security Instrument. This document

7

bears notary seals from three states[4], along with the stamp of the Probate Judge of Randolph County. The document was input to Randolph Probate Judge by HSBC. If these documents which are totally the work product of HSBC are to be deemed hearsay, we will never arrive at trial. Defense counsel might have challenged that documents have not been authenticated properly and plaintiff would admit he has not expended the time and money to reach out to four different states to provide such authentication until closer to trial date. In the meantime, these documents speak clearly and authentically and were prime evidence used at time of foreclosure. Also, the Assignment of Security Instrument is the document that fully and unequivocally prevents McCarley from finding professional employment. (iii) IF THESE DOCUMENTS ARE HEARSAY, THEN THE ACT OF FORECLOSURE WAS HEARSAY, and said foreclosure is due to be fully overturned via this RESPA proof and forthcoming Summary Judgment for Plaintiff.

HSBC Not Forthcoming with Defense Counsel, *vis.* Hearsay!

10. We urge the court to review paragraphs 5, 6, and 7 in Motion to Strike AFFADAVIT.

Problems with Affadavit

11. We incorporate by reference, an AFFADAVIT submitted by defense. We direct the court to plaintiff Motion to Strike that follows this rebuttal. Courts review of Motion to Strike indicates a plethora of errors and false statements included on AFFADAVIT as proven by other evidentiary exhibits included in Plaintiff Motion to Strike per FRCP Rule 10(c). We charge that such document input from defense further proves defense total lack of evidence and substantiates the conclusory and scintilla citations found in *Olcott* and *Cortright.* While defense counsel could not control defendant act of dismissing and appointing counsel, they will surely admit defense would have better chance to provide "some" evidence had they been employed a greater portion of this case.

---

[4] Notary Stamps from Illinois, Michigan, South Carolina, Probate Judge Stamp from Alabama.

Proving RESPA Violations Negates Foreclosure. (defense paragraph 5, 7)

12. Defendant in paragraph (5) and (7)response, alleges our RESPA filings lack specificity. We provide the following specific locations of RESPA discussion in detail:

> Doc #5: pages 3,4,5,21,22,23,24,36,37,39,40,42,43,46,47,50.
> Doc #17: pages 1,5,6,7
> Doc #24: pages 1,2,3,4,5

13. Intimated throughout all the documents filed by plaintiff in this case; RESPA is an acronym for The Real Estate Settlement Procedures Act. We incorporate by reference all previous discussions of RESPA and production of statutory codes in support. (Particularly Doc # 5 pages above) This legal code establishes procedures and standards for the process of settlement of Real Estate transactions, to include mortgage indebtedness. By simplest interpretation, if RESPA is violated, thus leading to default or foreclosure, then said foreclosure must, by simple definition, be overturned when a case of violation is proven. RESPA is a holistic and intricately detailed concept. RESPA process initiates at inception of mortgage and tracks throughout until satisfaction of debt is completed. A violation at inception may not be realized and researched until an illegal act such as this case causes a debtor to research minute details. As plaintiff Motion to Strike AFFADAVIT makes clear, this bank; (i) cannot factually establish the corporate name that was used at inception, paragraph 2.b (ii) and paragraph 2.c makes it clear they are not even sure if they were *servicer* or if they *owned* mortgage title outright. These most basic violations of concept of disclosure at inception and continuing early and throughout the mortgage go to allegations of fraud and scam. In simplest common denominator, we do not need case citations to charge that a bank that cannot firmly establish identity in official court filings, has not satisfied the most important requirement of establishing name identity.

14. The points above summarize our key RESPA documents, notably Doc 24. Additional discussion is contained therein beginning page 4. Given the extent of illegal acts performed by defendant, the foreclosure is due to be overturned on RESPA grounds. To suggest otherwise has the same effect as allowing hardened criminals to walk free.

Continue to Process 12 USC 1833a Following Summary Judgment Verdict

15. Plaintiff urges this court to review once again, the concluding paragraph of Brief in Support of 12 USC 1833a, page 9, as the most fitting and economic satisfaction of this case. Our recommendation is to immediately implement the fullest extent of Summary Judgment damages owing to McCarley, and then proceed to prosecute the fullest extent of said 12 USC §1833a.

Defense Fails to Respond to Allegations of Failure to Appoint Counsel

16. Notable by absence is defense failure to address summary judgment allegations that defendant wholly failed to appoint counsel for thirteen months. Our Brief in Support of Summary Judgment includes by reference, ARGUMENT III, beginning on page 3 and 4. Clearly defendant *failure to appoint counsel* is dilatory to the process of our case, and clearly, defense counsel has been hobbled by not being allowed to function on this case on a continual basis. Had defendant client properly employed counsel and taken necessary professional steps to avoid the five month delay noted in brief in support, Contested Point (C), certain points of this summary judgment may have been avoided and we might have been five months further along on trial schedule. Therefore, the fact defense has produced no evidence whatsoever, bears direct correlation to their failure to appoint counsel for thirteen months, as documented by brief in support, Contested and Uncontested points.

SUMMATION

17. Plaintiff is convinced he has met the requirements as outlined for either or both a Default Judgment resulting from defendant failure to appoint counsel, and/or for Summary Judgment as

proven by the five point test outlined above. Pro Se plaintiff recognizes he is not the equivalent legal authority to the court, yet recommends that he has solidly proven he should gain at a minimum, some injunctive relief from defendant, as proven by the following citation.

> Rule 56 Note 251 Partial Summary Judgment
>
> "Standard for grant of partial summary judgment can be met by moving party, in case in which ultimate burden of persuasion at trial rests on nonmoving party, either by submitting affirmative evidence negating essential elements of nonmovants claim, or by demonstrating that nonmoving party's evidence itself is insufficient to establish an element of his or her claim." Campbell v. Robert Bosch Power Tool Corp., M.D.Ala.1992, 795 F. Supp 1093.

18. We close by revisiting proof that defendant (nonmovant) has fully failed to present evidence sufficient to establish his claim, and this summary judgment is due to be awarded to plaintiff and allow this court and case to move along to prosecution of 12 USC 1833a charges.

Respectfully submitted

George D. McCarley, Pro Se
216B Chestnut Street
Roanoke, Al 36274
334-863-6489

## PROOF OF SERVICE

I, George D. McCarley, do swear or affirm that on this date, April 14, 2007, as required by Supreme Court Rule 29 I have served the enclosed ACTION on each party to the above proceeding or that party's counsel, by depositing envelope containing the above documents in the United States Mail properly addressed to each of them, and with first class postage prepaid, or by delivery to a third party commercial carrier for delivery within 3 calendar days.

The Clerk
Middle District of Alabama, Eastern Division
One Church Street, PO Box 711
Montgomery, Al 36101-0711
334-954-3600

Defendant Attorney
Mr. George Parker
Bradley Arant Rose and White
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Al 36104
334-956-7671, 956-7700

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 14, 2007

George D. McCarley

## TABLE OF CASES

| | |
|---|---|
| 7 | Adams v. West Pub. Co., D.Minn.1993, 812 F. Supp 925 |
| 3 | Alabama v. U.S. Army Corps of Eng'rs, 424 F.3d 1117, 1128 (11th Cir.2005) |
| 2 | Bonner Nat. Life Ins. Co., v. Continental Nat. Corp., D.C. Ill. 1981, 91 F.R.D. 448. |
| 7 | Brizendine On Behalf of Estates of Brown Truckload, Inc., v. Kroger Co, S.D.Ohio 1993, 817 F. Supp 672 |
| 11 | Campbell v. Robert Bosch Power Tool Corp., M.D.Ala.1992, 795 F. Supp 1093. |
| 1, 3 | Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986) |
| 7 | Cortright v. Thompson, N.D.Ill.1993, 812 F. Supp 772 |
| 7 | Fagan v. City of Vineland, D.N.J.1992, 804 F. Supp 591 |
| 6 | F.D.I.C. v. Thompson & Knight, N.D.Tex.1993, 816 F. Supp 1123 |
| 2 | Hoxworth v. Blinder, Robinson & Co., Inc., C.A. 3 (Pa.) 1992, 980 F. 2d 912. |
| 3 | IMAGING BUSINESS MACHINES, LLC. V. BANCTEC, INC., 459 F.3D 1186 |
| 6 | Smith v. Detroit Edison, E.D.Mich.1992, 793 F. Supp 151. |
| 6,8 | Olcott v. LaFiandra, D.Vt.1992, 793 F. Supp 487 |
| 3 | Fed. R. Civ. Pro. 56(c): |
| 1,2,6 | Fed.R.Civ.Pro. 56(g). |
| 1,8,9,10 | RESPA |
| 7 | 12 USC §2605 |
| 4,5,10,11 | 12 USC §1833a |