IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| George D. McCarley<br>      Plaintiff<br>v.<br><br>Household Finance Corporation III<br>      Defendant | Civil Action No. 3:06-CV-0091-MEF<br>Lead Case<br><br><br>Jury Trial Demand |

MOTION TO STRIKE AFFADAVIT FROM HSBC

1. Defense submitted a document dated April 11, 2007 which contained an AFFADAVIT marked as provided by HSBC Mortgage Services, Inc. Said affidavit dated April 10, 2007, seems to attempt to remove four (4) defendants from the above styled case.

2. This attempt at removal of defendants is contraindicated by evidence submitted along with this document and shall not be allowed until such time as same may be cross-examined and rebutted with same evidence. Plaintiff includes in this MOTION TO STRIKE, several points of evidence which contradicts the validity of information submitted by HSBC in said affidavit. This very issue was discussed with Judge McPherson in the preliminary review, in presence of defense counsel George Parker. Plaintiff showed exhibits to the court and that event will be substantiated by transcript of the preliminary review. Because plaintiff cannot afford a transcript, he is unable to cross reference said transcript document to page and line.

2.a) Evidence documents supplied by Illinois Secretary of State Office of Corporate Registration[1] indicate that all five corporate organizations that are defendants in the above styled case were involved in the McCarley Mortgage transaction. That is evidenced by the fact that all five are headquartered at the same address location in Chicago (2700 Sanders Road, Prospect Heights, Ill); and, same documents indicate all five had an older corporate name synonymous with

1

HOUSEHOLD INTERNATIONSAL, or, HOUSEHOLD FINANCIAL SERVICES, or, HOUSEHOLD FINANCE CORPORATION. (see exhibits)

2.b) AFFADAVIT also contains a major contradiction with information found on Exhibit B of plaintiff Brief in Support of Summary Judgment. That document is the actual ASSIGNMENT OF SECURITY INSTRUMENT used by defendant to foreclose plaintiff. AFFADAVIT paragraph 2 alleges the following:

> (2). In 2000, HSBC Mortgage Services, Inc., whose name was then Household Financial Services, Inc., began to service the mortgage (the "Mortgage") that secured (the "Loan"), which is the subject of the above styled action. The Loan was made to George McCarley by HomeSense Financial Corp. of Alabama.

The Courts review of Exhibit B, (Brief in Support of Summary Judgment) will make clear the corporate name HSBC Mortgage Services, Inc., has never appeared on that key document on file in the Office of Probate Judge of Randolph County Alabama. Instead, names contained are Household Mortgage Services, and, Household Finance Corporation. This obvious dispute and contradiction contained in this official, notarized and clearly authenticated document is a "GENUINE ISSUE OF MATERIAL FACT" and RESPA disclosure violation that must be reviewed and considered by this court. Doc #24, page 6 indicates HSBC utilized 42 separate identities during mortgage. Defendants act of this date present yet another in a long string of RESPA disclosure violations.

2.c) I call the courts attention to one additional contradiction in evidence. AFFADAVIT paragraph 2 also uses the language "<u>Household Financial Services, Inc., began to *service* the mortgage</u>." With this Motion to Strike, plaintiff has included a set of three (3) Qualified Letters of Complaint that were actually lodged with Alabama Attorney General, as the letter headings will indicate. All the letters will be authenticate for trial by the Alabama Attorney General Office of Consumer Affairs. Page two (2) of Ex 54 makes it clear that this defendant cannot keep simple

---

[1] Discussed with Judge McPherson at preliminary review in presence of Attorney for defense

concepts salient to this case, clear in important documentation. On page 2, plaintiff has underlined the contradiction. In one paragraph they claim to be the servicer and in another, they claim they purchased the loan. Obviously, such laughable discrepancy violates the most important intent of RESPA found notably in 12 USC §2605 – that being DISCLOSURE. While this is laughable, it is one in a series of evidence that indicates the mortgage was so poorly managed by defendant that trial evidence will indicate NO LEGAL CONDITIONS OF MORTGAGE EVER EXISTED.

3. Further, the AFFADAVIT attempts to establish one defendant, with no Financial Statements nor does it have a Stock Market Symbol, as evidence to be presented at trial will make clear. In the absence of this minimum financial pro forma data, then HSBC Mortgage Services should not under any circumstances be allowed to take precedence. All five must remain, and it is fully possible that more HSBC corporations should and shall be added as parties defendant. HSBC has 20 Stock Market Symbols, and all are potential additions to those five corporations charged.

4. The exhibit marked Ex 53 (Qualified Letter of Complaint response from Alabama Attorney General) makes it clear the Attorney General advised McCarley pursue other legal options.

5. The issues discussed in this MOTION TO STRIKE are emblematic of the myriad problems plaintiff has faced with defendant since May 2000, and further provides evidence of the extreme problems that will be faced by this court, and defense counsel. Plaintiff recognizes that defense counsel must also deal with the very same set of problems in order to produce a work product sufficient for this court. Plaintiff asserts that defendant has been and will continue to be less than forthcoming with defense counsel Parker, as should be clear from the AFFADAVIT of HSBC.

6. The AFFADAVIT further proves a plaintiff point that defense has never asked to review evidence. (Found in Motion for Summary Judgment on Merits) point 3. Had defense reviewed plaintiff evidence, he would realize AFFADAVIT contained false and misleading information.

3

7. Plaintiff recommends this court consider the impact on "public interest" and "judicial economy" that will ensue in a case in which a huge corporate defendant cannot maintain accurate records of corporate identity they use with any particular mortgage. If they cannot be evidentially sure of basic identity, then how long will it take to evidentially establish detail such as discovery of all the disclosure points required by law contained in 12 USC §2605? McCarley is ready for trial immediately. Now the court should understand why the defense requires an extra year to prepare.

Respectfully submitted

*G. McCarley*

George D. McCarley, Pro Se
216B Chestnut Street
Roanoke, Al 36274
334-863-6489

PROOF OF SERVICE

I, George D. McCarley, do swear or affirm that on this date, April 14, 2007, as required by Supreme Court Rule 29 I have served the enclosed ACTION on each party to the above proceeding or that party's counsel, by depositing envelope containing the above documents in the United States Mail properly addressed to each of them, and with first class postage prepaid, or by delivery to a third party commercial carrier for delivery within 3 calendar days.

<u>The Clerk</u>
Middle District of Alabama, Eastern Division
One Church Street, PO Box 711
Montgomery, Al 36101-0711
334-954-3600

<u>Defendant Attorney</u>
Mr. George Parker
Bradley Arant Rose and White
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Al 36104

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 14, 2007

*G. M. McCarley*
George D. McCarley

INDEX OF EXHIBITS
    Illinois Secretary of State Office of Corporation Documents for
        HSBC-Gr Corp.
        Household International
        HSBC Finance Corporation
        Household Finance Corporation III
    Qualified Letters of Complaint
        Ex 52
        Ex 53
        Ex 54