IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GEORGE D. McCARLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. 3:06CV91-MEF |
| HOUSEHOLD FINANCE ) | |
| CORPORATION III, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTIONS**

On April 20, 2007, Plaintiff filed three motions: (1) Motion for Leave to "File Movant Reply Brief to Defendant Response to Motion for Summary Judgment" (Doc. #56); (2) Motion for Leave to "Submit Motion to Strike Affidavit" (Doc. #57); and (3) Motion for Leave to "File Motion and Brief in Support Rule 55 Default Filing and Judgment by Clerk to Include Recommended Forms and Procedures, Affidavits" (Doc. #55). Upon consideration of the motions, and for the following reasons, the Court DENIES Plaintiff's motions (Doc. #55, #56, #57) for leave.

With respect to Plaintiff's Motion for Leave to File a reply brief, this Court previously ordered that after Defendants filed their response to Plaintiff's motion for summary judgment on or before April 11, 2007, Plaintiff's summary judgment **"motion shall be deemed submitted, and the Court will not consider any further pleadings filed by the parties."** Doc. #48 at 3. Accordingly, Plaintiff's motion for leave to file a

reply brief (Doc. #56) is DENIED as MOOT.

With respect to Plaintiff's second motion, Plaintiff fails to explicitly provide a valid basis in support of his request.  The motion also requests the Court to strike Defendant's affidavit filed in opposition to Plaintiff's motion for summary judgment. Doc. #52 at 47.  Because the undersigned **already** has considered the parties' arguments in support of and in opposition to Plaintiff's motion for summary judgment and entered a Recommendation (Doc. #53) on that motion, Plaintiff's motion to strike (Doc. #57) is also DENIED as MOOT.

With respect to Plaintiff's third motion, Plaintiff requests permission to file a motion under Federal Rule of Civil Procedure 55(a)-(b) for the clerk of court to enter default and a judgment by default against Defendants for failure to defend in this case. Plaintiff's request is frivolous.  As stated in Rule 55(a), the clerk shall enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or to otherwise defend."  Fed. R. Civ. P. 55(a).  In filing pleadings and motions (See, e.g., Doc. #29, #30, #31, #32, #36, #52), Defendants have and continue to actively participate in this lawsuit.

Moreover, Plaintiff raised a similar argument previously in his Motion for Default (Doc. #35), when he argued that Defendants failed to timely file Answers and have caused an excessive delay in the conduct of this case.  While Plaintiff's argument here–failure to defend–is not the exact issue, it raises, in a global way, the issue of

whether Defendants have participated timely in this lawsuit. Plaintiff's request, thus, duplicates a matter previously decided by this Court without objection by Plaintiff (Doc. #42, 45). It further attempts to skirt this Court's order by requesting default from the Clerk of Court. The undersigned therefore DENIES Plaintiff's Motion for Leave to "File Motion and Brief in Support Rule 55 Default Filing and Judgment by Clerk to Include Recommended Forms and Procedures, Affidavits" (Doc. #55).

The undersigned further observes that an inordinate amount of judicial resources is expended continuously on reviewing and considering Plaintiff's frivolous filings. Plaintiff is hereby given NOTICE that the continuous filing of frivolous motions or pleadings could result in sanctions.

Done this 23rd day of April, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE