IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

George D. McCarley
   Plaintiff
v.                         Civil Action No. 3:06-CV-0091-MEF
                                           Lead Case[1]

Household Finance Corporation III
   Defendant

RECEIVED
2007 APR 24  A 9: 18

MOTION FOR CONTINUANCE IN THE MATTER OF MAGISTRATE JUDGE ORDER
AND RECOMMENDATION OF DOC # 53
RE: ORDER AND RECOMMENDATION FOR 12 USC 1833A

Plaintiff respectfully requests permission to enter MOTION FOR CONTINUANCE in the above limited matter.

Doc # 53, at page 11, details Order and Recommendation that "all claims arising under 12 USC 1833a are dismissed. The court seems to make strong reliance on plaintiff failure to specify jurisdictional allowances in 12 USC 1833a, as witnessed by Doc # 53, page 4, line 5. Plaintiff was granted until April 25, 2007 to files objections.

DISCUSSION

Plaintiff believes the court logic re: strict construction is sound; however, continued research with respect to Federal Jurisdiction indicates a route to jurisdiction of this court does in fact exist and case citations make clear that route has been heavily patronized; (to include) 12 USC 1833a. The necessary brief in support will prove to be very extensive. That brief will of necessity commence via analysis of (i) 28 USC §1441 broad removal authority of Federal District Courts to include case citations; and then, (ii) analysis of the broadest extent of statutory jurisdiction construction, authority and case citations of National Bank Act (12 USC); and then, (iii) analysis of the broadest extent of

statutory jurisdiction construction, authority and case citations of FDIC act (12 USC); and then, (iv) corresponding intent and case citations demonstrated within 12 USC 1833a.

Continued analysis makes it clear than hundreds of individuals have in fact pressed cases as plaintiff under all the codes and statutes mentioned herein. A point of difficulty arises in determining when those individuals are statutorily authorized "shareholders, (trustees, board of directors, officers) as differentiated with the public "at large." Statutory officers are clearly authorized to bring federal charges in United States District Courts. We urge this court to recognize that same authority of jurisdiction has been safely granted to individuals just such as McCarley.

Plaintiff respectfully requests two additional weeks in which to complete this extensive research, with that extended date running until May 9, 2007.

Respectfully submitted

G. McCarley  
George D. McCarley, Pro Se  
216B Chestnut Street  
Roanoke, Al 36274  
334-863-6489

## PROOF OF SERVICE

I, George D. McCarley, do swear or affirm that on this date, April 23, 2007, as required by Supreme Court Rule 29 I have served the enclosed ACTION on each party counsel, by depositing envelope containing the above documents in the United States Mail properly addressed to each of them, and with first class postage prepaid.

The Clerk  
Middle District of Alabama, Eastern Division  
One Church Street, PO Box 711  
Montgomery, Al 36101-0711  
334-954-3600

Defendant Attorney  
Mr. George Parker  
Bradley Arant Rose and White  
Alabama Center for Commerce  
401 Adams Avenue, Suite 780  
Montgomery, Al 36104  
334-956-7671, 956-7700

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 23, 2007

G. McCarley  
George D. McCarley

---

[1] The consolidated case found at 3:06 cv 00091 (lead case) includes Household Finance Corporation, III (00093), HSBC-Gr. Corp. (00102), HSBC Mortgage Services, Inc. (00104), HSBC Finance Corporation (00101), and, Household International, Inc. (00103).