IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GEORGE D. McCARLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. 3:06CV91-MEF |
| HOUSEHOLD FINANCE ) | |
| CORPORATION III, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTIONS**

On May 1, 2007, Plaintiff filed a motion for leave to Amend his Complaint (Doc. #64) and a motion for leave to "[S]ubmit Authenticated Evidence" (Doc. #63). The Court will address each motion separately.

In Plaintiff's Motion for leave to Amend his Complaint, he requests to amend his Complaint by removing all "charges" unrelated to his RESPA claims, as the Court has dismissed all other claims set forth in the Complaint. Doc. #64. The Court again observes that it has afforded Plaintiff two opportunities since the commencement of this action to clearly and concisely set forth his claims. See Doc. #5, #22, #48. While courts generally permit plaintiffs to amend their complaints, see Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985), as stated previously, "amendments to the complaint commonly add, remove, or correct insufficiently stated claims or parties." Doc. #48 at 2 (citing Summit Office Park, Inc. v. U.S. Steel Corp., 639 F.2d 1278, 1286 & nn. 3-5 (5th Cir.

1981)).[1]  Plaintiff's stated reason for seeking an amendment does not further any of these purposes.  Moreover, Plaintiff filed his motion for leave to file an amended complaint in an untimely manner.  The Scheduling Order in effect for this case clearly indicates that "motions to amend the pleadings . . . shall be filed on or before April 30, 2007." Doc. #44 at 2.  Therefore, it is

ORDERED that Plaintiff's Motion for leave to Amend the Complaint (Doc. #64) is DENIED with prejudice.

With respect to Plaintiff's motion for leave to submit Authenticated Evidence, Plaintiff seeks to submit several documents he intends to use at trial.  Doc. #63-1.  Upon consideration of Plaintiff's motion, it is

ORDERED that Plaintiff's motion (Doc. #63) is DENIED.  The filing of this evidence is neither necessary nor appropriate at this time in the litigation.  Moreover, the Court does not accept discovery from the parties.  Accordingly, it is

ORDERED that the attached documents (Doc. #63-2) are STRICKEN from the record.  As previously ORDERED on March 21, 2007, Plaintiff is to familiarize himself with the Federal Rules of Civil Procedure.  Doc. #40.  Plaintiff's continued disregard for the rules of this Court and his continuous filing of frivolous motions, as the undersigned recently indicated on April 23, 2007, could result in sanctions.  Doc. #58.

---

[1] See generally Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 3rd day of May, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE