IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

George D. McCarley
    Plaintiff
v.   Civil Action No. 3:06-CV-0091-MEF
    Lead Case[1]

Household Finance Corporation III
    Defendant

BRIEF IN SUPPORT OF ALMD JURISDICTION FOR 12 USC 1833a

This Brief in Support is submitted in compliance with permission of the Court in granting an extension of time necessary to complete the research in support. Plaintiff finds this court is in fact granted permission to hear and adjudicate 12 USC 1833a in the above styled matter. Said Jurisdiction is granted by the following as supported by brief in support beginning at page 5:

    28 USC §2461   Mode of recovery

    28 USC 1355   Penalties, Fines, Forfeitures.

Please find the following Brief in Support beginning at Page 5
    28 USC 2461, beginning at page 5
    28 USC §1355 beginning at page 7
    28 USC 1395 beginning at page 8
    12 USC 1833a beginning at page 8

Research of the above reveals a key phrase contained in 28 USCA §2461, AMBIGUITY, and §1355, CONFLICTING.

That text is expanded in the brief on page 5 and reads in part;

> Subsection (a) was drafted to clarify a ***serious ambiguity*** in existing law and is based upon rulings of the Supreme Court. Numerous sections in the United States Code prescribe civil fines, penalties, and pecuniary forfeitures for violation of certain sections without specifying the mode of recovery or enforcement thereof.

---

[1] The consolidated case found at 3:06 cv 00091 (lead case) includes Household Finance Corporation, III (00093), HSBC-Gr. Corp. (00102), HSBC Mortgage Services, Inc. (00104), HSBC Finance Corporation (00101), and, Household International, Inc. (00103).

The quote above carries us to the point of concern by plaintiff and contention by this court related to 12 USC 1833a. Plaintiff has been concerned that the protections in §1833a must be invoked in order to insure redress to McCarley while at the same time, providing greater protections for that class of 70 million Americans a.k.a. Mortgage holders. The court in contrast has contended plaintiff must produce evidence that a private individual is or can be empowered to prosecute the §1833a charge. The major question held out by this court being the §1833a jurisdictions statement indicating that "Attorney General must commence actions, . . ." found in §1833a (e).

The courts extending reading of the cross referenced notes provided by 28 USC for the respective statutes will reveal an almost split purpose of §2461. The first purpose being the recovery of civil fines that have been previously prevented by ambiguous statutory wording, with the second taking the form of forfeiture recovery in line with "Admiralty" law. Plaintiff reminds the court this defendant is in fact a foreign corporation being domiciled in Chicago and thus the Admiralty portion has some interest in this interpretation, although clearly secondary to the recovery of civil fines and the greater protection afforded society by imposition of these statutes.

Now having established the proper jurisdictional statutes to be invoked by this court, there remains a single matter to be explored; that being the two words (conflicting or ambiguously applied) "*Attorney General*", contained in the wording of 12 USC 1833a.

In earlier submittals, plaintiff contested the questionable wording of the Jurisdiction in §1833a, and now we learn that Congress agrees with plaintiff and has supplied §2461 with specific intent to assist this court to interpret ambiguous language. What single word could contain a more ambiguous intent than to state the "action, . . . must be **_commenced_** by the Attorney General. Satisfaction of the word "*commenced*", in this context, could imply AG do one of the following:

1. Say hello to the judge
2. Attend an early hearing

2

3. Write this court a letter of permission to proceed.
4. Review a letter from this court and signal his consent to these proceedings
5. AG may invoke other powers granted to him under 28 USC §§ 501 et seq.
    a. appoint an "undersecretary" to this task, or
    b. appoint a "special master", or
    c. handle the matter personally, or
    d. empower a special prosecutor, or
    e. allow this court to continue with his knowledge and permission, in compliance with the wording that the AG must *commence*.

It should be clear that, in order to fulfill the expectation of §1833a in the greater context of FIRREA[2] the entity prosecuting charges must do far more than simply *commence* the action. Whether AG or any other entity, it should be fully expected that the prosecutor or plaintiff see the matter through to successful conclusion, or else this court will be faced with the additional ambiguity of "less than efficient" utilization of judicial resources.

In closing, plaintiff reminds this court of the scarce number of case citations affixed to 12 USC 1833a as further evidence of the particularly confusing, conflicting or ambiguous wording of said statute. Given the hundreds of cases cited under the cross-referenced 18 USC statutes, it would appear clear that the ambiguous wording of §1833a has in fact prevented application of same statutes in a civil sense as prescribed by Congress following the Savings and Loan crisis that brought FIRREA. Plaintiff contends the word *commence* found in §1833a quite simply conflicts[3] with the Congressional intent and purpose for FIRREA, as indicated by case citation discussing *"conflicting grant legislation."* Case citations also indicate that 28 USC §2461 is also a sparsely utilized statute.

Now having established this Court has license to proceed under §2461, plaintiff respectfully recommends that the above styled case be allowed to proceed with complaint invoking §1833a. Further, and should the court continue to have reservations with this approach, it appears the court will be correct to follow one of the added steps indicated above and solicit the appropriate

---

[2] Enacted in part to establish a means by which enhanced enforcement of financial laws will be insured – see brief in support of 1833a.

participation of the Attorney General by any of the several means indicated, although 28 USC §§1355, 2461 give the court original jurisdiction to proceed.

The documentation contained in this brief in support of jurisdiction appears to be the complete realm of possibilities, both legislative and judicial, with respect to continuing with the §1833a complaint. Plaintiff is convinced the case citations provided in the earlier brief in support of §1833a complaint demonstrates private individuals have in fact prosecuted the charges cross-referenced by §1833a; and now, given the presence of 28 USC §2461[4], and "original jurisdiction granted by 28 USC §1355[5], this court should proceed with 12 USC §1833a complaint.

Respectfully submitted

George D. McCarley, Pro Se
216B Chestnut Street
Roanoke, Al 36274
334-863-6489

## PROOF OF SERVICE

I, George D. McCarley, do swear or affirm that on this date, May 3, 2007, as required by Supreme Court Rule 29 I have served the enclosed ACTION on each party to the above proceeding or that party's counsel, by depositing envelope containing the above documents in the United States Mail properly addressed to each of them, and with first class postage prepaid, or by delivery to a third party commercial carrier for delivery within 3 calendar days.

<u>The Clerk</u>
Middle District of Alabama, Eastern Division
One Church Street, PO Box 711
Montgomery, Al 36101-0711
334-954-3600

<u>Defendant Attorney</u>
Mr. George Parker
Bradley Arant Rose and White
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Al 36104
334-956-7671, 956-7700

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 3, 2007

George D. McCarley

---

[3] See page 8, case citations spanning from 1837 to 1970.
[4] Provided expressly by Congress as a clause to allow courts to proceed in the face of poorly worded statutes and ambiguous phrases.
[5] May provide this court license to proceed with or without participation or permission of Attorney General.

**TITLE 28 > PART VI > CHAPTER 163 > § 2461**

**§ 2461. Mode of recovery**

(a) Whenever a civil fine, penalty or pecuniary forfeiture is prescribed for the violation of an Act of Congress without specifying the mode of recovery or enforcement thereof, it may be recovered in a civil action.

(b) Unless otherwise provided by Act of Congress, whenever a forfeiture of property is prescribed as a penalty for violation of an Act of Congress and the seizure takes place on the high seas or on navigable waters within the admiralty and maritime jurisdiction of the United States, such forfeiture may be enforced by libel in admiralty but in cases of seizures on land the forfeiture may be enforced by a proceeding by libel which shall conform as near as may be to proceedings in admiralty.

NOTES:

**Source**
(June 25, 1948, ch. 646, 62 Stat. 974; Pub. L. 106–185, § 16, Apr. 25, 2000, 114 Stat. 221.)
Historical and Revision Notes

Subsection (a) was drafted to clarify a **_serious ambiguity_** (emphasis added by plaintiff) in existing law and is based upon rulings of the Supreme Court. Numerous sections in the United States Code prescribe civil fines, penalties, and pecuniary forfeitures for violation of certain sections without specifying the mode of recovery or enforcement thereof. See, for example, section 567 of title 12, U.S.C., 1940 ed., Banks and Banking, section 64 of title 14, U.S.C., 1940 ed., Coast Guard, and section 180 of title 25, U.S.C., 1940 ed., Indians. Compare section 1 (21) of title 49, U.S.C., 1940 ed., Transportation.

A civil fine, penalty, or pecuniary forfeiture is recoverable in a civil action. **United States ex rel. Marcus v. Hess et al.**, 1943, 63 S.Ct. 379, 317 U.S. 537, 87 L.Ed. 433, rehearing denied 63 S.Ct. 756, 318 U.S. 799, 87 L.Ed. 1163; **Hepner v. United States**, 1909, 29 S.Ct. 474, 213 U.S. 103, 53 L.Ed. 720, and cases cited therein.

If the statute contemplates a criminal fine, it can only be recovered in a criminal proceeding under the Federal Rules of Criminal Procedure, after a conviction. The collection of civil fines and penalties, however, may not be had under the Federal Rules of Criminal Procedure, Rule 54 (b)(5), but enforcement of a criminal fine imposed in a criminal case may be had by execution on the judgment rendered in such case, as in civil actions. (See section 569 of title 18, U.S.C., 1940 ed., Crimes and Criminal Procedure, incorporated in 3565 of H.R. 1600, 80th Congress, for revision of the Criminal Code. See also Rule 69 of Federal Rules of Civil Procedure and Advisory Committee Note thereunder, as to execution in civil actions.)

**Amendments**

2000—Subsec. (c). Pub. L. 106–185 added subsec. (c).
Effective Date of 2000 Amendment

Amendment by Pub. L. 106–185 applicable to any forfeiture proceeding commenced on or after the date that is 120 days after Apr. 25, 2000, see section 21 of Pub. L. 106–185, set out as a note under section 1324 of Title 8, Aliens and Nationality.
Federal Civil Penalties Inflation Adjustment

Pub. L. 101–410, Oct. 5, 1990, 104 Stat. 890, as amended by Pub. L. 104–134, title III, § 31001(s)(1), Apr. 26, 1996, 110 Stat. 1321–373; Pub. L. 105–362, title XIII, § 1301(a), Nov. 10, 1998, 112 Stat. 3293, provided that:
"short title

"Section 1. This Act may be cited as the 'Federal Civil Penalties Inflation Adjustment Act of 1990'.
"findings and purpose

"Sec. 2. (a) Findings.—The Congress finds that—
"(1) the power of Federal agencies to impose civil monetary penalties for violations of Federal law and regulations plays an important role in deterring violations and furthering the policy goals embodied in such laws and regulations;
"(2) the impact of many civil monetary penalties has been and is diminished due to the effect of inflation;
"(3) by reducing the impact of civil monetary penalties, inflation has weakened the deterrent effect of such penalties; and
"(4) the Federal Government does not maintain comprehensive, detailed accounting of the efforts of Federal agencies to assess and collect civil monetary penalties.
"(b) Purpose.—The purpose of this Act is to establish a mechanism that shall—
"(1) allow for regular adjustment for inflation of civil monetary penalties;
"(2) maintain the deterrent effect of civil monetary penalties and promote compliance with the law; and
"(3) improve the collection by the Federal Government of civil monetary penalties.
"definitions

"Sec. 3. For purposes of this Act, the term—
"(1) 'agency' means an Executive agency as defined under section 105 of title 5, United States Code, and includes the United States Postal Service;
"(2) 'civil monetary penalty' means any penalty, fine, or other sanction that—
"(A)(i) is for a specific monetary amount as provided by Federal law; or
"(ii) has a maximum amount provided for by Federal law; and
"(B) is assessed or enforced by an agency pursuant to Federal law; and
"(C) is assessed or enforced pursuant to an administrative proceeding or a civil action in the Federal courts; and
"(3) 'Consumer Price Index' means the Consumer Price Index for all-urban consumers published by the Department of Labor.

**CROSS REFERENCES NOTED IN USCS TO TITLE**

Jurisdiction of district courts over actions or proceedings for recovery or enforcement of fine, penalty or forfeiture, see 28 USCA 1355.

Venue of civil proceeding for recovery of fine, penalty or forfeiture, see 28 USCA 1395.

**Applicable Case Citations**

Note 4. Qui Tam actions

A "qui tam action" is one brought by an informer under a statute which establishes a penalty or forfeiture for commission or omission of some act, and which additionally provides for recovery of the same in a civil action with part of recovery to go to person bringing the action. **Mitchell v. Tennecco Chemicals, Inc.,** D.C.S.C.1971, 331 F.Supp. 1031.

## TITLE 28 > PART IV > CHAPTER 85 > § 1355Prev | Next

### § 1355. Fine, penalty or forfeiture

(a) The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title.

NOTES:

**Source**
(June 25, 1948, ch. 646, 62 Stat. 934; Pub. L. 96–417, title V, § 507, Oct. 10, 1980, 94 Stat. 1743; Pub. L. 102–550, title XV, § 1521, Oct. 28, 1992, 106 Stat. 4062.)
Historical and Revision Notes

Based on title 28, U.S.C., 1940 ed., §§ 41(9) and 371 (2) (Mar. 3, 1911, ch. 231, §§ 24, par. 9, 256, par. 2, 36 Stat. 1092, 1160).

Word "fine" was inserted so that this section will apply to the many provisions in the United States Code for fines which are essentially civil. (See, also, section 2461 of this title and reviser's note thereunder.)

Words "pecuniary or otherwise" were added to make this section expressly applicable to both pecuniary and property forfeitures. The original section was so construed in **Miller v. United States,** 1870, 11 Wall. 268, 20 L.Ed. 135; **Tyler v. Defrees**, 1870, 11 Wall. 331, and The Rosemary, C.C.A. 1928, 26 F.2d 354, certiorari denied 49 S.Ct. 23, 278 U.S. 619, 73 L.Ed. 542.

Amendment by Pub. L. 96–417 applicable with respect to civil actions commenced on or after the 90th day after Nov. 1, 1980, see section 701(c)(1)(B) of Pub. L. 96–417, set out as a note under section 251 of this title.

**APPLICABLE CASE CITATIONS**

Note 1  Historical
"From the earliest history of the government the jurisdiction over actions to recover penalties and forfeitures had been placed in the district courts. Former sections 41, 105

7

and 770 of this title provided as follows: "The District Court shall have exclusive original cognizance . . . of all suits for penalties and forfeitures incurred under the laws of the United States. . . . " **Lee v. U.S.,** Pa. 1893, 14 S.Ct. 163, 150 U.S. 476, 37 L.Ed.1150.

### Note 3. Conflicting Legislative grants

"Suits arising upon conflicting legislative grants have been uniformly held to be cognizable in the federal courts". **New Jersey v. Wilson**, 1912, 11 U.S. 164, 7 Cranch 164, 3 L.Ed. 303.

The above decision is also annotated to case citations dating back in time to 1837, including two different banking actions.

"Congress as well as framers of the constitution intended federal courts to have jurisdiction of conflicting-grant cases." **Port of Portland v. Tri-Club Islands, Inc.**, D.C.Or.1970, 315 F.Supp 1160.

TITLE 28 > PART IV > CHAPTER 87 > § 1395 Prev | Next

§ 1395. Fine, penalty or forfeiture

(a) A civil proceeding for the recovery of a pecuniary fine, penalty or forfeiture may be prosecuted in the district where it accrues or the defendant is found.

## TITLE 12 > CHAPTER 16 > § 1833a

### § 1833a. Civil penalties

(a) **In general**
Whoever violates any provision of law to which this section is made applicable by subsection (c) of this section shall be subject to a civil penalty in an amount assessed by the court in a civil action under this section.
(b) **Maximum amount of penalty**
(1) **Generally**
The amount of the civil penalty shall not exceed $1,000,000.
(2) **Special rule for continuing violations**
In the case of a continuing violation, the amount of the civil penalty may exceed the amount described in paragraph (1) but may not exceed the lesser of $1,000,000 per day or $5,000,000.
(3) **Special rule for violations creating gain or loss**
(A) If any person derives pecuniary gain from the violation, or if the violation results in pecuniary loss to a person other than the violator, the amount of the civil penalty may exceed the amounts described in paragraphs (1) and (2) but may not exceed the amount of such gain or loss.
(B) As used in this paragraph, the term "person" includes the Bank Insurance Fund, the Savings Association Insurance Fund, and the National Credit Union Share Insurance Fund.
(c) **Violations to which penalty is applicable**
This section applies to a violation of, or a conspiracy to violate—
(1) section 215, 656, 657, 1005, 1006, 1007, 1014, or 1344 of title 18;

8

(2) section 287, 1001, 1032,[1] 1341 or 1343 of title 18 affecting a federally insured financial institution; or

(3) section 645 (a) of title 15.

(d) **Effective date**

This section shall apply to violations occurring on or after August 10, 1984.

(e) **Attorney General to bring action**

A civil action to recover a civil penalty under this section shall be commenced by the Attorney General.

(f) **Burden of proof**

In a civil action to recover a civil penalty under this section, the Attorney General must establish the right to recovery by a preponderance of the evidence.

(g) **Administrative subpoenas**

(1) **In general**

For the purpose of conducting a civil investigation in contemplation of a civil proceeding under this section, the Attorney General may—

(A) administer oaths and affirmations;

(B) take evidence; and

(C) by subpoena, summon witnesses and require the production of any books, papers, correspondence, memoranda, or other records which the Attorney General deems relevant or material to the inquiry. Such subpoena may require the attendance of witnesses and the production of any such records from any place in the United States at any place in the United States designated by the Attorney General.

(2) **Procedures applicable**

The same procedures and limitations as are provided with respect to civil investigative demands in subsections (g), (h), and (j) of section 1968 of title 18 apply with respect to a subpoena issued under this subsection. Process required by such subsections to be served upon the custodian shall be served on the Attorney General. Failure to comply with an order of the court to enforce such subpoena shall be punishable as contempt.

(3) **Limitation**

In the case of a subpoena for which the return date is less than 5 days after the date of service, no person shall be found in contempt for failure to comply by the return date if such person files a petition under paragraph (2) not later than 5 days after the date of service.

(h) **Statute of limitations**

A civil action under this section may not be commenced later than 10 years after the cause of action accrues.

---

Amendments

2001—Subsec. (c). Pub. L. 107–100, § 4(b)(2)(D), designated concluding provisions as (d) and inserted heading.

Subsec. (c)(2). Pub. L. 107–100, § 4(b)(2)(B)(i), which directed the substitution of "1341" for "1341;", could not be executed because par. (2) does not contain a semicolon after "1341".

Subsec. (c)(3). Pub. L. 107–100, § 4(b)(2)(A), (B)(ii), (C), added par. (3).

Subsec. (d) to (h). Pub. L. 107–100, § 4(b)(1), (2)(D), designated concluding provisions of subsec. (c) as (d), inserted heading, and redesignated former subsecs. (d) to (g) as (e) to (h), respectively.

1996—Subsec. (b)(3)(B). Pub. L. 104–208, which directed substitution of "Deposit Insurance Fund" for "Bank Insurance Fund, the Savings Association Insurance Fund,", was not executed. See Effective Date of 1996 Amendment note below.