IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| George D. McCarley<br>    Plaintiff<br>v.<br><br>Household Finance Corporation III<br>    Defendant | Civil Action No. 3:06-CV-0091-MEF<br>Lead Case[1] |

Motion to Extend Time to Add Parties

Plaintiff respectfully requests this court extend the time period to add Parties until August 31, 2007. The court had originally scheduled this period to end April 30, 2007. This extension should not present calendar difficulty as trial date is not scheduled until April of 2008,

Purpose of Extension of time

Defendant has proven slow to respond to any request of any type. It was not until June 11, 2007 that Plaintiff and Defense Counsel met to review the documents of the other side and to exchange and copy same. Both sides exchanged one round of discovery prior to the review and exchange of basic documents. This would appear to be in reverse to a logical order of exchange.

Now that plaintiff has had the opportunity to review defense documents, it is clear many unexpected points of information have been provided. These unexpected items make it clear that yet another corporation, *Household Finance Corp. of Alabam,* [sic] is and was always a key player in the process that brings this case. Said corporation has never been disclosed[2] or discussed.

Plaintiff will present as example, document 00128 as proof of his point of the "shadow" presence of this non-disclosed corporation and that an extension of time is required in order to fully scrutinize, compare, and execute additional discovery as related. There are several other "non-

---

[1] The consolidated case found at 3:06 cv 00091 (lead case) includes Household Finance Corporation, III (00093), HSBC-Gr. Corp. (00102), HSBC Mortgage Services, Inc. (00104), HSBC Finance Corporation (00101), and, Household International, Inc. (00103).

disclosed[3]" corporations named by the material provided by defendant. However document 00128 will prove key to this case as a result of Alabama Code found in Title 5, Chapter 19 (a)(3), and, §5-19-25 (and other statutes) (see attached) makes it clear Banks are required to report convictions and penalties to the Alabama State Banking Department for consideration of remedial action(s). Given *pendant jurisdiction* of consumer protection codes, state and federal, it would appear time should be made available to properly explore and develop this newly divulged information. That *Household Finance Corp. of Alabam,* [sic] appears to be the one and only defendant entity properly registered in Alabama, it would appear consistent with law and order that plaintiff be afforded a full opportunity to examine the need to add as defendant parties, *Household Finance Corp. of Alabam,* [sic] and other defendant entities named in the discovery information.

    Plaintiff would prefer to move forward more quickly. It is now clear the defendant is not able or willing to respond with greater speed; therefore, the two month extension feels appropriate.

Respectfully submitted

George D. McCarley, Pro Se
216B Chestnut Street
Roanoke, Al 36274

PROOF OF SERVICE

I, George D. McCarley, do swear or affirm that on this date, June 21, 2007, I have served the enclosed ACTION on each party or that party's counsel, by depositing envelope containing the above documents in the United States Mail properly addressed and with first class postage prepaid.

The Clerk
Middle District of Alabama, Eastern Division
One Church Street, PO Box 711
Montgomery, Al 36101-0711
334-954-3600

Defendant Attorney
Mr. George Parker
Bradley Arant Rose and White
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Al 36104

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 21, 2007

George D. McCarley

---

[2] Thus a violation of RESPA
[3] Ibid

```
ACCOUNT NUMBER   2935534      M/P/A  P       Warn  5  Lock  0   Stop  Cds  000
GEORGE MCCARLEY                          (W)  0                       (H)  3348636489
                                         (W)  0                       (H)  0
211 CHESTNUT ST                          Inv  30033   HOUSEHOLD FINANCE CORP OF ALABAM
                                         Loan Type   1   CONV         Subtype   0
ROANOKE              AL 36274    *       Contract         0
```

| Tr Dt | Tell | Area | Tr | Cntl | Message |
|---|---|---|---|---|---|
| 05/16/03 | . | . | . | . | |

| | | | | |
|---|---|---|---|---|
| 01/13/03 | 10886 | DM | \|\|DQNC05\|\|CALL RESIDENCE LT MSG | |
| 01/11/03 | 10847 | DM | \|\|DQNC05\|\|CALL RESIDENCE LT MSG | |
| 01/10/03 | 22209 | DM | \|\|DQNC01\|\|CALL RESIDENCE NO ANS | |
| 01/09/03 | 10678 | DM | \|\|DQNC01\|\|CALL RESIDENCE NO ANS | |
| 01/09/03 | 10886 | DM | \|\|DQNC05\|\|CALL RESIDENCE LT MSG | |
| 01/08/03 | 10886 | DM | \|\|DQNC05\|\|CALL RESIDENCE LT MSG | |
| | | | DFLT REASON 1 CHANGED TO: UNABLE TO CONTACT BORR | |
| 01/03/03 | 10886 | OL | Notice to Cure - certified Mail | TXT 6.20 |
| 01/03/03 | 10886 | OL | Notice to Cure - Regular Mail | TXT 6.19 |
| 12/31/02 | 10372 | DM | \|\|DQCO01\|\|NO ARRANGEMENTS,CALL RESIDEN CONTACT | |
| | | | TT MR SD HE TALK TO SOME ONE YESTERDAY SD THANK YO | |

Message: DISPLAY COMPLETE                 OK                                MORE...

Command: [              ]                                    [Submit] [Reset] [PrintAll]

in the case of an open-end credit plan, one year after the excess charge is made.

(3) Any creditor licensed under this chapter adjudged after May 20, 1996 by a court of competent jurisdiction in any civil action to be in deliberate violation of or in reckless disregard for this chapter shall within 10 days of such adjudication forward a copy of the judgment to the administrator. Within 10 days of such judgment becoming final and nonappealable, the creditor shall notify the administrator and the administrator shall, within 60 days of such notification, review the creditor's license in view of the matters on which the judgment was based and determine whether to conduct a license revocation hearing pursuant to Section 5-19-23. At any hearing conducted thereon by the administrator, such judgment shall be prima facie evidence in support of the revocation of the creditor's license.

(b) A creditor required to obtain a license who fails to obtain such license may not maintain a proceeding in any court in this state on a consumer credit transaction for which a license was required until the creditor obtains the license required by Section 5-19-22. If a court determines that an unlicensed creditor should have obtained a license, the action may be stayed until the creditor obtains the required license and satisfies the requirements of the next sentence of this subsection. The creditor shall pay to the administrator a civil penalty equal to three times the amount of the investigation fee and the annual license fee for each year or portion thereof, the creditor, in violation of Section 5-19-22, has engaged in the business of making consumer loans or taking assignments of consumer credit contracts without first having obtained a license, but in no event shall a civil penalty exceed one hundred thousand dollars ($100,000). All civil penalties shall be paid into the special fund set up by the State Treasurer pursuant to Section 5-2A-20 and used in the supervision and examination of licensees. After obtaining the required license, and paying the civil penalty prescribed by this subsection, the creditor may bring and maintain proceedings in the courts of this state on consumer credit transaction contracts, and the enforceability of the contracts shall not be impaired by the prior failure to obtain a license, irrespective of whether the consumer credit transaction contracts were made before or after the license was

### Section 5-19-25

**Cease and desist orders by administrator; penalties for violation of this chapter; right to counsel at hearing; judicial review.**

After notice and hearing, the administrator may order a licensee under this chapter or a person acting on behalf of the licensee to cease and desist from engaging in violations of this chapter. A creditor who is found by the administrator, after notice and hearing, to have violated this chapter may be ordered by the administrator to pay a civil penalty in an amount determined by the administrator of not more than ten thousand dollars (&dollar;10,000) in the aggregate for all violations of a similar nature or, where violations are knowing violations, of not more than fifty thousand dollars (&dollar;50,000), in addition to any other penalties provided by law, including, but not limited to, license revocation. Violations shall be of a similar nature if the violations consist of the same or substantially the same course of action or practice irrespective of the number of times the course of action or practice occurred. All civil penalties collected shall be paid into the special fund provided by Section 5-2A-20 and used in the supervision and examination of licensees. At the hearing, the licensee shall be entitled to be represented by counsel. A licensee aggrieved by an order of the administrator under this section may obtain judicial review of the order and the administrator may obtain an order of the court for enforcement of its order in the circuit court. The proceedings shall be governed by the provisions of Section 5-19-26.

*(Acts 1971, No. 2052, p. 3290, §20; Acts 1996, No. 96-576, p. 887, §2.)*