IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GEORGE D. McCARLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:06-cv-00091-MEF |
| v. ) | Lead Case |
| ) | |
| HOUSEHOLD FINANCE ) | |
| CORPORATION III, et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants, Household Finance Corporation III, HSBC Finance Corporation, HSBC Gr. Corp., Household International, Inc., and HSBC Mortgage Services Inc., submit this brief in support of their motion for summary judgment, which has been filed simultaneously with the Court.

**I.   SUMMARY OF UNCONTESTED FACTS[1]**

1.   Mr. McCarley filed this suit on January 31, 2006. (Docket Item 1).

**II.   SUMMARY OF CONTESTED FACTS**

1.   Mr. McCarley gave the mortgage that is the subject of this action dated May 1, 2000, on property located at 211 Chestnut Street, Roanoke, Alabama (the "Mortgage") to HomeSense Financial Corp. of Alabama. (Affidavit of Dana J. St.Clair-Hougham ("St.Clair-Hougham Affidavit") p. 2 ll. 1-4, attached hereto as Exhibit 1.)

---

[1] Movants proposed additional facts to which Mr. McCarley did not agree.

1/1600181.4

2. In June 2000, defendant HSBC Mortgage Services Inc., whose name was then Household Financial Services, Inc., began to service the Mortgage and never transferred servicing to any other person, firm or corporation. (St.Clair-Hougham Affidavit p. 2 ll. 5-8.)

3. HSBC Finance Corporation, Household Finance Corporation III, Household International, Inc., and HSBC-GR Corp. did not make the loan secured by the Mortgage and have never serviced the Mortgage. (St.Clair-Hougham Affidavit p. 2 ll. 13-15.)

4. After the servicing of the Mortgage was transferred to Household Financial Services, Inc., Mr. McCarley wrote a letter dated January 15, 2001, to Ms. Barbara D. Armstrong, a consumer specialist in the Alabama Attorney General's Office. (A copy of this letter is attached hereto as Exhibit 2.)[2] In the letter, Mr. McCarley complained that while attempting to establish an equity loan on his home via a second mortgage or other device, he allegedly discovered that Household Financial Services was not chartered to write loans in Alabama. (Ex. 2 ll. 11-13.) Household Financial Services responded to this letter by letter dated February 8, 2001. (Exhibit A to St.Clair-Hougham Affidavit.)

5. Mr. McCarley wrote a second letter dated February 17, 2001, to Ms. Armstrong making additional general complaints about Household Financial Services'

---

[2] This exhibit is a copy of Ex. 51 submitted by Mr. McCarley in Docket Item 19-47 and subsequently stricken.

ability to service his loan. (A copy of this letter is attached hereto as Exhibit 3.)[3] Household Financial Services responded to this letter by letter dated March 27, 2001. (Exhibit B to St.Clair-Hougham Affidavit.)

### III. ARGUMENT

#### A. BACKGROUND -- RESPA

Pursuant to the October 10, 2006, Order and Recommendation of the Magistrate Judge (Docket Item 16) as adopted by the District Judge's November 15, 2006, Order (Docket Item 21), Mr. McCarley was permitted to pursue a claim under RESPA and specifically under 12 U.S.C. § 2605, as discussed in the Report and Recommendation at 14-15, 21.

15 U.S.C. § 2605 entitled "Servicing of mortgage loans and administration of escrow accounts" imposes certain duties on makers and servicers of federally related mortgage loans. As relevant here, sub-sections (a), (b) and (c) deal with notice concerning the transfer of servicing: subsection (a) relates to notice by makers of the potential transfer of servicing; subsection (b) relates to notice of the actual transfer of servicing by transferors; and subsection (c) relates to notice by transferees of the transfer of servicing to them. In addition, subsection (e) deals with the duty of servicers to respond to qualified written requests from borrowers concerning the servicing of a mortgage.

---

[3] This exhibit is a copy of Ex. 52 submitted by Mr. McCarley in Docket Item 19-47 and subsequently stricken.

1/1600181.4

3

B.  **HOUSEHOLD FINANCE CORPORATION III, HSBC FINANCE CORPORATION, HSBC GR. CORP. AND HOUSEHOLD INTERNATIONAL, INC. ARE ENTITLED TO SUMMARY JUDGMENT, BECAUSE THEY NEITHER MADE NOR SERVICED MR. McCARLEY'S LOAN AND MORTGAGE.**

As an initial matter, <u>none of the defendants was the maker of Mr. McCarley's loan.</u> (St.Clair-Hougham Affidavit p. 2 ll. 1-4.)  Further, the <u>only</u> defendant that was ever a servicer of Mr. McCarley's Mortgage was HSBC Mortgage Services Inc. (*Id*. p. 2 ll. 5-8.)

Consequently, § 2605 has no application to Household Finance Corporation III, HSBC Finance Corporation, HSBC Gr. Corp. and Household International, Inc., who did not make Mr. McCarley's loan or service the Mortgage, and summary judgment is due to be entered in favor of each of those defendants.

C.  **ANY CLAIM AGAINST HSBC MORTGAGE SERVICES INC. IS BARRED BY THE STATUTE OF LIMITATIONS**

HSBC Mortgage Services Inc. is a Delaware corporation, which was previously known as Household Financial Services, Inc. (St.Clair-Hougham Affidavit p. 1 ll. 6-9.) It began to service Mr. McCarley's Mortgage in 2000, and did not thereafter transfer servicing of the Mortgage to any other servicer. (*Id*. p. 2 ll. 5-8.)

The statute of limitations on any claim under § 2605 is three years. 12 U.S.C. § 2614. This action was filed in January, 2006, and HSBC Mortgage Services Inc.

respectfully submits that the statute of limitations bars any claim that Mr. McCarley might seek to assert against it under § 2605.

First, as previously noted, the servicing of the Mortgage was transferred to HSBC Mortgage Services Inc., then known as Household Financial Services, Inc., in 2000. Consequently, any notice concerning that transfer which was required under § 2605 -- specifically under § 2605(c) -- would have been due to be made in 2000, far more than three years prior to this action being filed in January, 2006. Therefore, any claim concerning the giving or content of such notice is time barred.

Moreover, HSBC Mortgage Services Inc. did not thereafter transfer the servicing of the loan to any other party. (St.Clair-Hougham Affidavit p. 2 ll. 5-8.) When the name of Household Financial Services, Inc. was changed to HSBC Mortgage Services Inc. there was no change in corporate form. (*Id.* p. 1 ll. 6-9.)

Second, a servicer's duty to respond to inquiries from borrowers under 12 U.S.C. § 2605(e) is triggered by receipt of a "qualified written request" from a borrower. Acknowledgement of the request is required within 20 days of receipt. 12 U.S.C. § 2605(e)(1). And the request must be addressed within 60 days of receipt. 12 U.S.C. § 2605(e)(2).

Mr. McCarley may contend that two letters he wrote to the Alabama Attorney General constitute such qualified written requests. HSBC Mortgage Services Inc., then

called Household Financial Services, Inc., responded to the last letter in March, 2001. (Exhibit B to St.Clair-Hougham Affidavit.) Without regard to whether Mr. McCarley's correspondence with the Alabama Attorney General constitutes a qualified written request (which we submit it does not), the statute of limitations on any claim relating to said letters would have expired, <u>at the latest,</u> in 2004 -- three years after the exchange of letters. As noted above, this lawsuit was not filed until January 2006.

### III. <u>CONCLUSION</u>

Defendants respectfully submit that there is no evidence which Mr. McCarley can adduce to establish a viable claim against defendants under RESPA. Consequently, defendants submit that there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law.

Respectfully submitted this the 28th day of September, 2007.

<u>/s/ George R. Parker</u>
George R. Parker (PAR086)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
(334) 956-7700

Attorney for Defendants
Household Finance Corporation III,
HSBC Finance Corporation,
HSBC Gr. Corp.,
Household International, Inc.,
and HSBC Mortgage Services Inc.

OF COUNSEL:

BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
(334) 956-7700

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this the 28th day of September, 2007, served a correct copy of the foregoing upon the following by placing the same in the United States Mail, properly addressed and postage prepaid:

>George D. McCarley
>216B Chestnut Street
>Roanoke, AL 36274

/s/ George R. Parker
OF COUNSEL