IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **GEORGE D. McCARLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 3:06-cv-00091-MEF** |
| **v.** | ) | **Lead Case** |
| | ) | |
| **HOUSEHOLD FINANCE** | ) | |
| **CORPORATION III, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**APPENDIX OF AUTHORITY IN SUPPORT OF DEFENDANTS'
BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY**

Authority                                                                                          Page

12 U.S.C. § 2605 (2000) ...........................................................................................3, 4, 5

12 U.S.C. § 2614 (2000) ...............................................................................................4

Respectfully submitted this the 28th day of September, 2007.

/s/ George R. Parker
George R. Parker (PAR086)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
(334) 956-7700

Attorney for Defendants
Household Finance Corporation III,
HSBC Finance Corporation,
HSBC Gr. Corp.,
Household International, Inc.,
and HSBC Mortgage Services, Inc.

1/1601194.1

OF COUNSEL:

BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
(334) 956-7700

## CERTIFICATE OF SERVICE

    I hereby certify that I have, on this the 28th day of September, 2007, served a correct copy of the foregoing upon the following by placing the same in the United States Mail, properly addressed and postage prepaid:

        George D. McCarley
        216B Chestnut Street
        Roanoke, AL 36274

        /s/ George R. Parker
        OF COUNSEL

12 U.S.C.A. § 2605

C

**Effective: September 30, 1996**

UNITED STATES CODE ANNOTATED
TITLE 12. BANKS AND BANKING
**CHAPTER 27--REAL ESTATE SETTLEMENT PROCEDURES**
→**§ 2605. Servicing of mortgage loans and administration of escrow accounts**

(a) Disclosure to applicant relating to assignment, sale, or transfer of loan servicing

Each person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, at the time of application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding.

(b) Notice by transferor of loan servicing at time of transfer

  (1) Notice requirement

  Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person.

  (2) Time of notice

    (A) In general

    Except as provided under subparagraphs (B) and (C), the notice required under paragraph (1) shall be made to the borrower not less than 15 days before the effective date of transfer of the servicing of the mortgage loan (with respect to which such notice is made).

    (B) Exception for certain proceedings

    The notice required under paragraph (1) shall be made to the borrower not more than 30 days after the effective date of assignment, sale, or transfer of the servicing of the mortgage loan (with respect to which such notice is made) in any case in which the assignment, sale, or transfer of the servicing of the mortgage loan is preceded by--

      (i) termination of the contract for servicing the loan for cause;

      (ii) commencement of proceedings for bankruptcy of the servicer; or

      (iii) commencement of proceedings by the Federal Deposit Insurance Corporation or the Resolution Trust Corporation for conservatorship or receivership of the servicer (or an entity by which the servicer is owned or controlled).

    (C) Exception for notice provided at closing

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:06-cv-00091-MEF-WC    Document 78-3    Filed 09/28/2007    Page 4 of 10

The provisions of subparagraphs (A) and (B) shall not apply to any assignment, sale, or transfer of the servicing of any mortgage loan if the person who makes the loan provides to the borrower, at settlement (with respect to the property for which the mortgage loan is made), written notice under paragraph (3) of such transfer.

(3) Contents of notice

The notice required under paragraph (1) shall include the following information:

**(A)** The effective date of transfer of the servicing described in such paragraph.

**(B)** The name, address, and toll-free or collect call telephone number of the transferee servicer.

**(C)** A toll-free or collect call telephone number for (i) an individual employed by the transferor servicer, or (ii) the department of the transferor servicer, that can be contacted by the borrower to answer inquiries relating to the transfer of servicing.

**(D)** The name and toll-free or collect call telephone number for (i) an individual employed by the transferee servicer, or (ii) the department of the transferee servicer, that can be contacted by the borrower to answer inquiries relating to the transfer of servicing.

**(E)** The date on which the transferor servicer who is servicing the mortgage loan before the assignment, sale, or transfer will cease to accept payments relating to the loan and the date on which the transferee servicer will begin to accept such payments.

**(F)** Any information concerning the effect the transfer may have, if any, on the terms of or the continued availability of mortgage life or disability insurance or any other type of optional insurance and what action, if any, the borrower must take to maintain coverage.

**(G)** A statement that the assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the security instruments other than terms directly related to the servicing of such loan.

(c) Notice by transferee of loan servicing at time of transfer

(1) Notice requirement

Each transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer.

(2) Time of notice

(A) In general

Except as provided in subparagraphs (B) and (C), the notice required under paragraph (1) shall be made to the borrower not more than 15 days after the effective date of transfer of the servicing of the mortgage loan (with respect to which such notice is made).

(B) Exception for certain proceedings

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

The notice required under paragraph (1) shall be made to the borrower not more than 30 days after the effective date of assignment, sale, or transfer of the servicing of the mortgage loan (with respect to which such notice is made) in any case in which the assignment, sale, or transfer of the servicing of the mortgage loan is preceded by--

(i) termination of the contract for servicing the loan for cause;

(ii) commencement of proceedings for bankruptcy of the servicer; or

(iii) commencement of proceedings by the Federal Deposit Insurance Corporation or the Resolution Trust Corporation for conservatorship or receivership of the servicer (or an entity by which the servicer is owned or controlled).

(C) Exception for notice provided at closing


The provisions of subparagraphs (A) and (B) shall not apply to any assignment, sale, or transfer of the servicing of any mortgage loan if the person who makes the loan provides to the borrower, at settlement (with respect to the property for which the mortgage loan is made), written notice under paragraph (3) of such transfer.

(3) Contents of notice

Any notice required under paragraph (1) shall include the information described in subsection (b)(3) of this section.

(d) Treatment of loan payments during transfer period

During the 60-day period beginning on the effective date of transfer of the servicing of any federally related mortgage loan, a late fee may not be imposed on the borrower with respect to any payment on such loan and no such payment may be treated as late for any other purposes, if the payment is received by the transferor servicer (rather than the transferee servicer who should properly receive payment) before the due date applicable to such payment.

(e) Duty of loan servicer to respond to borrower inquiries

(1) Notice of receipt of inquiry

(A) In general

If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

(B) Qualified written request


For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

12 U.S.C.A. § 2605

(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

(ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

(2) Action with respect to inquiry

Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall--

(A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);

(B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--

(i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and

(ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or

(C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--

(i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and

(ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

(3) Protection of credit rating

During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency (as such term is defined under section 1681a of Title 15).

(f) Damages and costs

Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:

(1) Individuals

In the case of any action by an individual, an amount equal to the sum of--

(A) any actual damages to the borrower as a result of the failure; and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**(B)** any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.

(2) Class actions

In the case of a class action, an amount equal to the sum of--

**(A)** any actual damages to each of the borrowers in the class as a result of the failure; and

**(B)** any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not greater than $1,000 for each member of the class, except that the total amount of damages under this subparagraph in any class action may not exceed the lesser of--

**(i)** $500,000; or

**(ii)** 1 percent of the net worth of the servicer.

(3) Costs

In addition to the amounts under paragraph (1) or (2), in the case of any successful action under this section, the costs of the action, together with any attorneys fees incurred in connection with such action as the court may determine to be reasonable under the circumstances.

(4) Nonliability

A transferor or transferee servicer shall not be liable under this subsection for any failure to comply with any requirement under this section if, within 60 days after discovering an error (whether pursuant to a final written examination report or the servicer's own procedures) and before the commencement of an action under this subsection and the receipt of written notice of the error from the borrower, the servicer notifies the person concerned of the error and makes whatever adjustments are necessary in the appropriate account to ensure that the person will not be required to pay an amount in excess of any amount that the person otherwise would have paid.

(g) Administration of escrow accounts

If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurance premiums, and other charges in a timely manner as such payments become due.

(h) Preemption of conflicting State laws

Notwithstanding any provision of any law or regulation of any State, a person who makes a federally related mortgage loan or a servicer shall be considered to have complied with the provisions of any such State law or regulation requiring notice to a borrower at the time of application for a loan or transfer of the servicing of a loan if such person or servicer complies with the requirements under this section regarding timing, content, and procedures for notification of the borrower.

(i) Definitions

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

For purposes of this section:

### (1) Effective date of transfer

The term "effective date of transfer" means the date on which the mortgage payment of a borrower is first due to the transferee servicer of a mortgage loan pursuant to the assignment, sale, or transfer of the servicing of the mortgage loan.

### (2) Servicer

The term "servicer" means the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan). The term does not include--

**(A)** the Federal Deposit Insurance Corporation or the Resolution Trust Corporation, in connection with assets acquired, assigned, sold, or transferred pursuant to section 1823(c) of this title or as receiver or conservator of an insured depository institution; and

**(B)** the Government National Mortgage Association, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Resolution Trust Corporation, or the Federal Deposit Insurance Corporation, in any case in which the assignment, sale, or transfer of the servicing of the mortgage loan is preceded by--

**(i)** termination of the contract for servicing the loan for cause;

**(ii)** commencement of proceedings for bankruptcy of the servicer; or

**(iii)** commencement of proceedings by the Federal Deposit Insurance Corporation or the Resolution Trust Corporation for conservatorship or receivership of the servicer (or an entity by which the servicer is owned or controlled).

### (3) Servicing

The term "servicing" means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 2609 of this title, and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan.

## (j) Transition

### (1) Originator liability

A person who makes a federally related mortgage loan shall not be liable to a borrower because of a failure of such person to comply with subsection (a) of this section with respect to an application for a loan made by the borrower before the regulations referred to in paragraph (3) take effect.

### (2) Servicer liability

A servicer of a federally related mortgage loan shall not be liable to a borrower because of a failure of the servicer to perform any duty under subsection (b), (c), (d), or (e) of this section that arises before the regulations

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

12 U.S.C.A. § 2605

referred to in paragraph (3) take effect.

(3) Regulations and effective date

The Secretary shall, by regulations that shall take effect not later than April 20, 1991, establish any requirements necessary to carry out this section. Such regulations shall include the model disclosure statement required under subsection (a)(2) of this section.

Current through P.L. 110-83 approved 09-20-07

Copr. © 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

12 U.S.C.A. § 2614

C

**Effective: September 30, 1996**

UNITED STATES CODE ANNOTATED
TITLE 12. BANKS AND BANKING
**CHAPTER 27--REAL ESTATE SETTLEMENT PROCEDURES**
→ **§ 2614. Jurisdiction of courts; limitations**

Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation, except that actions brought by the Secretary, the Attorney General of any State, or the insurance commissioner of any State may be brought within 3 years from the date of the occurrence of the violation.

Current through P.L. 110-83 approved 09-20-07

Copr. © 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.