IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GEORGE D. McCARLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:06-cv-00091-MEF |
| v. ) | Lead Case |
| ) | |
| HOUSEHOLD FINANCE ) | |
| CORPORATION III, et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S DISCOVERY

Defendants, Household Finance Corporation III, HSBC Finance Corporation, HSBC Gr. Corp., Household International, Inc., and HSBC Mortgage Services, Inc., (hereinafter "Defendants") respond to the Plaintiff's discovery as follows:

### GENERAL OBJECTION

Defendants object to any interrogatory seeking information protected by either the attorney-client privilege and/or the attorney work product doctrine. Defendants object to any instructions purportedly directed to the Defendants which seek to impose obligations on Defendants not required by the Federal Rules of Civil Procedure.

### INTERROGATORIES

1. Provide a true mailing contact address and telephone contact, job title and name for the responsible representative of the defendant that will provide these responses. Plaintiff notes that HSBC has utilized the same 2700 Sanders Road, Prospect Heights, Illinois address as was claimed by Household International prior to the merger of HSBC/Household. Plaintiff mailings to that address have actually been delivered by

*PLAINTIFF Exhibit 1*

the US Postal Service to an entirely different zip code in Chicago. It is important to the Good Faith clause and timely completion of this case that the most direct and prompt mailing address and contact be provided to Plaintiff and the Court.

**RESPONSE: Counsel for these Defendants prepared these responses. Any and all contact with any Defendant regarding this case may be made through George R. Parker, 401 Adams Ave., Suite 780, Montgomery, AL 36104.**

2.  Defendant official registration with the Illinois Secretary of State is given as 2700 Sanders Road for all the corporations indicted in this court action. Considering defendant does not receive mail at that address or in the zip code provided on your internet contact information, does H feel it is negotiating or conducting business in Good Faith as a result of providing this misleading contact address?

**RESPONSE: To the extent the Plaintiff is attempting to obtain information concerning the contact information of the Defendants, any and all contact with any Defendant in this matter may be made through George R. Parker, 401 Adams Ave., Suite 780, Montgomery, AL 36104. Otherwise, the Defendants object to this interrogatory as vague and ambiguous as to the term "indicted" and "negotiating or conducting business in Good Faith" and to the referral of the responding party simply as "H". Further, Defendants object to this request as not being relevant to any claim or defense in this action and as not being calculated to lead to the discovery of admissible evidence.**

3.  If multiple representatives of H will provide responses, then indicate the contact address, direct telephone contact, job title, and name of those individuals. Each

separate representative providing these responses should individually sign the numbered discovery points for which that representative complies or responds.

**RESPONSE: Counsel for Defendants prepared these responses. Any and all contact with any Defendant in this matter may be made through George R. Parker, 401 Adams Ave., Suite 780, Montgomery, AL 36104. Otherwise, the Defendants object to this interrogatory as vague and ambiguous as to the referral of the responding party simply as "H".**

4. (1) Provide a listing of all corporations, banks, assignees, brokers, law firms, involved in the administration or servicing of the disputed McCarley mortgage of this case.

**RESPONSE: The loan which is the subject of this action (the "Loan") was made to George McCarley by HomeSense Financial Corp. of Alabama and assigned to Household Finance Corporation of Alabama. Thereafter, HSBC Mortgage Services, Inc., whose name was then Household Financial Services, Inc., began to service the mortgage (the "Mortgage") that secured the Loan. Otherwise, Defendants object to said subsection as not being relevant to any claim or defense in this action and as being vague, overly broad, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.**

(II) Provide accurate and current contact names, telephone contact, job title of a responsible representative of all those corporations and/or entities.

**RESPONSE: As previously stated, any and all contact with any Defendant in this matter may be made through George R. Parker, 401 Adams Ave., Suite 780, Montgomery, AL 36104.**

1/1572406.2

   (III) Describe how the McCarley mortgage was legally (i) transferred to successive corporations, and, (ii) how each corporation was compensated or provided consideration for the act of transferring, servicing, or selling the mortgage or commercial paper involved.

  **RESPONSE: The Loan was made to George McCarley by HomeSense Financial Corp. of Alabama and was assigned to Household Finance Corp of Alabama. Thereafter, HSBC Mortgage Services, Inc., whose name was then Household Financial Services, Inc., began to service the Mortgage that secured the Loan. Otherwise, Defendants object to said subsection as not being relevant to any claim or defense in this action and as being vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.**

  (IV) Describe how and where each transfer was duly recorded as required by law.

  **RESPONSE: Defendants object to said subsection as not being relevant to any claim or defense in this action and as being vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.**

  5. Provide a narrative for each corporation or entity detailed above indicating your understanding of specifically how and why each corporation you identified was legally and properly disclosed to plaintiff under The Real Estate Settlement Procedures Act (Respa) found at 12 USC 2601 et. seq.

  **RESPONSE: Plaintiff was provided notice that servicing of the Mortgage had been transferred to Household Financial Services, Inc.**

6. For each corporation or entity listed, inform the court as to the legal status of each as either (a) National Bank, or, (b) foreign corporation, or, (c) entity governed by Maritime Law, or, (d) assignee, or, (e) mortgage broker, or, (f) law firm, or, (g) other legal governance as appropriate.

**RESPONSE: Household Financial Services, Inc. formerly known as HSBC Mortgage Services, Inc., is a corporation organized under the laws of the State of Delaware. Household Finance Corporation of Alabama is a corporation organized under the laws of the State of Alabama. Otherwise, Defendants object to said interrogatory as not being relevant to any claim or defense in this action and as being vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.**

7. If any of the corporations listed claim status as a National Bank, provide this court with appropriate and authenticated details relating when National Bank status was gained, the specific National Bank standing nomenclature, and the office of US Government granting that status.

**RESPONSE: Not applicable.**

8. For each of the corporations listed above, provide this court a sworn statement that each and every corporation was fully and properly registered under the appropriate laws of the State of Alabama. If not fully and properly registered, provide a narrative as to "why" an entity may not have been registered fully and properly.

**RESPONSE:** Household Finance Corp of Alabama Inc. is incorporated in the State of Alabama. HSBC Mortgage Services, Inc. qualified to do business in the State of Alabama in August 2004.

9. For each corporation listed, provide the court a full and complete listing of present names of Board of Directors and present names of corporate Officers.

**RESPONSE:** Defendants object to said interrogatory as not being relevant to any claim or defense in this action and as being vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

10. (I) For each corporation listed, provide an audited annual financial statement to include Stock Market symbols.

**RESPONSE:** Defendants object to said interrogatory as not being relevant to any claim or defense in this action and as being vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

11. For all other HSBC or Household International or Household Finance corporation entities presently or formerly in existence, provide the court full (a) disclosure contact information, and, (b) names of Board of Directors, and, (c) names of corporate officers, and, (d) Stock Market Symbols, and (e) audited annual financial statements from inception of McCarley Mortgage dated May 2000 to the present.

**RESPONSE:** Defendants adopt their response to Interrogatory Number 12 below. Otherwise, Defendants object to said interrogatory as not being relevant to

1/1572406.2

6

any claim or defense in this action and as being vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

12.   Provide a Corporate organization chart indicating (a) the relationship between all corporate entities of the present HSBC, and, (b) the relationship between all corporate entities of the present and former Household International, and, (c) the relationship between all corporate entities of the present and former corporate entities that were involved in the life of the McCarley mortgage.

**RESPONSE: HSBC Finance Corporation is an indirect wholly-owned subsidiary of HSBC Holdings plc, a United Kingdom Corporation. HSBC shares are traded as American Depository Shares on the New York Stock Exchange. HSBC Finance Corporation was formed by a merger of Household International, Inc. and Household Finance Corporation. HSBC Mortgage Services, Inc. and HSBC-GR Corp. are wholly owned subsidiaries of HSBC Finance Corporation. Household Finance Corporation III and Household Finance Corporation of Alabama are indirect wholly-owned subsidiaries of HSBC Finance Corporation. HomeSense Financial Corp. of Alabama was not an affiliate of any of the foregoing. Otherwise, Defendants object to said interrogatory as not being relevant to any claim or defense in this action and as being vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.**

13.   For all other Assignees and/or Law Firms and/or Realtors, and/or other entities presently or formerly involved with the McCarley mortgage, provide the Court

full (a) disclosure contact information, and, (b) names of Board of Directors, and, (c) names of corporate officers, and, (d) Stock Market Symbols, and (e) audited annual financial statements from inception of McCarley Mortgage dated May 2000 to the present.

**RESPONSE: Defendants object to said interrogatory as not being relevant to any claim or defense in this action and as being vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.**

14. Inform the Court just how much business volume HSBC and former identities of the present HSBC prior to the merger have provided to each entity listed in (point 13).

**RESPONSE: Defendants object to said interrogatory as not being relevant to any claim or defense in this action and as being vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.**

15. Provide the Court a sworn statement indicating (a) the extent of each (point 13) entity that is owned or financed by HSBC, and, (b) any premises or facilities shared by any of the (point 13) entities in conjunction with an other (point 13) or HSBC entity detailed herein, and, (c) the extent of any fiduciary relationship between HSBC and any other entity described herein.

**RESPONSE: Defendants adopt their response to Interrogatory Number 12. Otherwise, Defendants object to said interrogatory as not being relevant to any**

claim or defense in this action and as being vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

16. Begin with the Mortgage Broker that initiated the McCarley mortgage and provide a complete listing of any and all entities that possessed the McCarley mortgage in any form or fashion during life of said mortgage. Indicate whether each entity held (a) title, or, (b) mortgage, or, (c) was established as mortgage servicer, or, (d) other relationship, and (e) Describe for the Court the precise method with each successive corporate entity "took control" of the McCarley mortgage, and, (f) Describe for the Court the precise date on which each successive corporate entity "took control" of the McCarley mortgage, and, (g) when, how, and where was that control duly and legally recorded.

**RESPONSE: The Loan was made to George McCarley by HomeSense Financial Corp. of Alabama and assigned to Household Finance Corporation of Alabama. Therefore, HSBC Mortgage Services, Inc., whose name was then Household Financial Services, Inc., began to service the Mortgage. Otherwise, Defendants object to said interrogatory as not being relevant to any claim or defense in this action and as being vague, ambiguous, not limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence.**

17. Provide the Court a sworn statement that the (point 16) relationships were fully and duly and properly (a) disclosed to McCarley as required by Respa, and, (b)

1/1572406.2

9

recorded in a timely fashion at the office of Probate Judge of Randolph County Alabama, as required by Alabama Law.

**RESPONSE: Defendants adopt their response to Interrogatory Number 5. Otherwise, Defendants object to said interrogatory as not being relevant to any claim or defense in this action and as being vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.**

18. For all Corporate entities involved in the McCarley mortgage, provide a full compendium of the dates of (a) Merger and Acquisition activity, or (b) dissolution dates.

**RESPONSE: The Loan was made to George McCarley by HomeSense Financial Corp. of Alabama and assigned to Household Finance Corporation of Alabama. Thereafter, HSBC Mortgage Services, Inc., whose name was then Household Financial Services, Inc., began to service the Mortgage. In August, 2004, the name of Household Financial Services, Inc. was changed to HSBC Mortgage Services, Inc. This was only a change of name of said corporation. HomeSense Financial Corp. of Alabama was not an affiliate of Household Finance Corporation of Alabama or HSBC Mortgage Services, Inc., formerly known as Household Financial Services, Inc. Defendants otherwise object to said interrogatory as not being relevant to any claim or defense in this action and as being irrelevant, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.**

10

19. The former McCarley property was sold by an unnamed entity. Define for the Court, the full extent of any HSBC or related entity involvement with the marketing or ultimate sale of the Real Estate of the former McCarley mortgage. Describe for the Court, any legal or other irregularities encountered in the sale of this property.

**RESPONSE: Defendants object to said interrogatory as not being relevant to any claim or defense in this action and as being vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.**

20. Review the defendant employee database(s) of any and all entities presently or formerly owned, merged, or acquired by HSBC to determine if any of the following names or possible deviations of the names listed are presently or have ever been employed or contracted in any capacity by HSBC or by entities merged or acquired by HSBC:

   a. Beth Miller, formerly of South Carolina
   b. Christine Aughtry, formerly of South Carolina
   c. Eric Christiansen, formerly of Alabama
   d. Frank Nelson, of Georgia or Idaho
   e. Scott E. Fuller, presently of Florida, formerly of New York.

**RESPONSE: Defendants object to said interrogatory as not being relevant to any claim or defense in this action and as being vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.**

21. Provide a complete list to the best of your ability to identify the total number of different Corporate identities and/or distinct addresses utilized by creditor(s) in the McCarley mortgage.

RESPONSE: Defendants adopt their responses to Interrogatories Number 1 and 16. Otherwise, Defendants object to said interrogatory as not being relevant to any claim or defense in this action and as being vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

22. Provide the Court a copy of the Qualified Letter of Complaint lodged by McCarley, to include any associated communication that accompanied that qualified complaint.

RESPONSE: Defendants object to said interrogatory as being vague and ambiguous because, as phrased, the Defendants cannot determine what any alleged "Qualified Letter of Complaint" Plaintiff refers to.

23. Provide a complete billing summary statement from the inception of mortgage to include each and every month of the transaction for the entirety of the McCarley Mortgage.

RESPONSE: Pursuant to Rule 33(d), Defendants will produce a copy of a payment history for the account in response hereto. Otherwise, Defendants object to said interrogatory as not being relevant to any claim or defense in this action and as being vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

24. Provide a full explanation of the entirety of the Billing Summary statement you provided.

RESPONSE: Defendants adopt their response to Interrogatory Number 23.

25. Fully explain why your billing summary statement does not contain a column to communicate the amount you actually charged for each particular month.

**RESPONSE: Defendants adopt their response to Interrogatory Number 23.**

26. Construct a listing of the amounts you did in fact charge McCarley in each and every month of the mortgage transaction. Be sure to explain why any monthly amount may differ from that contracted. Define for the Court how any non-contractual amounts charged and/or paid are (i) legal, and, (ii) consistent with disclosure statutes mandated by Respa.

**RESPONSE: These Defendants object to answering this and any future interrogatories posed by the Plaintiff as the number of interrogatories posed have exceeded the amount allowed by the *Federal Rules of Civil Procedure* 33(a).**

27. Justify each and every amount charged or paid into Escrow. Define for the Court why these Escrow charges are (i) contractual, (ii) legal, and, (iii) consistent with disclosure statutes of Respa.

**RESPONSE: These Defendants object to answering this and any future interrogatories posed by the Plaintiff as the number of interrogatories posed have exceeded the amount allowed by the *Federal Rules of Civil Procedure* 33(a).**

28. Do you claim that all charges are fully and properly accounted for and included on the billing summary statement? Provide a sworn statement to that effect.

_/s/ George R. P._____
George R. Parker (PAR086)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
(334) 956-7700

Attorney for Defendants
Household Finance Corporation III,
HSBC Finance Corporation,
HSBC Gr. Corp.,
Household International, Inc.,
and HSBC Mortgage Services, Inc.

OF COUNSEL:

BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
(334) 956-7700

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this the 21 day of May, 2007, served a correct copy of the foregoing upon the following by placing the same in the United States Mail, properly addressed and postage prepaid:

George D. McCarley
216B Chestnut Street
Roanoke, AL 36274

_____
OF COUNSEL