IN THE UNITED STATES DISTRICT COURT
RECEIVED FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2007 OCT 12  A 9: 36

George D. McCarley
        Plaintiff
      DEBRA P. HACKETT, CL
  v.    U.S. DISTRICT COURT
       MIDDLE DISTRICT ALA
Household Finance Corporation III
        Defendant

Civil Action No.  3:06-CV-0091-MEF
        Lead Case[1] [2] [3]

**PLAINTIFF REBUTTAL IN OPPOSITION TO SUMMARY JUDGMENT MOTION**

Plaintiff respectfully requests this court consider the following specific points of rebuttal and

evidence[4] supplied as proof of defense mis-statements, lies, and corrupted facts. Rebuttal is directed

at defense BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT.

UNCONTESTED FACTS:

1. Mr. McCarley filed this suit on January 31, 2006.  (Docket Item 1)

REBUTTAL – SUMMARY OF CONTESTED FACTS     Defense section II

Defense Point II. 1
1. *Mr. McCarley gave the mortgage that is the subject of this action dated May 1,*
*2000, on property located at 211 Chestnut Street, Roanoke, Alabama (the*
*"Mortgage") to Homesense Financial Corp. of Alabama. (Affadavit of Dana*
*J. St.Clair-Hougham ("St.Clair-Hougham Affadavit") p.2 11.1-4, . . ., )*
*defense Exhibit 1 on Summary Judgment Motion of Sept 28.*

a. Plaintiff has provided his objection document as Plaintiff Exhibit 23.  It should be plain

from that document that McCarley intended Defense reword their statements in a manner consistent

with plaintiff agreement, and thus the protagonists would have come in concert with the court's

---

[1] 3:06 cv 00091 (lead case) includes Household Finance Corporation, III (00093), HSBC-Gr. Corp. (00102), HSBC
Mortgage Services, Inc. (00104), HSBC Finance Corporation (00101), and, Household International, Inc. (00103).
[2] Plaintiff reminds this court he is a non-attorney, Pro Se IFP Litigant
[3] Defendant posted $12 billion profits, has huge internal litigation dept, and is represented by South's largest Law Firm
[4] Plaintiff and Defense held face to face meeting on July 11, 2007, exchanged documents and discussed the case.
Defense supplied 164 documents and plaintiff supplied even more.  Defense documents are numbered with five digit and
case number, in the bottom right hand corner.  Plaintiff rebuttal will rely upon documents supplied by defendant.

Uniform Scheduling Order by beginning to establish uncontested facts. Instead, defendant continued to apply his very same objectionable wording.

b.  McCarley objection to this statement is found in the simplest of words, --gave --. McCarley original response made it plain that McCarley "gave" nothing. That to use such language was a violation of the very concept of mortgage and a violation of the concept of *conditions precedent*.  That the statement should be reworded to make it plain that McCarley executed a mortgage contract with Homesense Financial after negotiating certain *conditions precedent* to be followed by both creditor and debtor. Instead, defense continues to violate the spirit of the courts approach and utilize objectionable language in such a ridiculous fashion. Quite obviously, no educated adult would "gave" a mortgage. Quite obviously such a concept is protected by RESPA and other consumer protections that bind all parties to the contract. Quite obviously the defendant does not comprehend these simple legal terms and concepts.

Defense Point  II. 2
2.  *In June 2000, defendant HSBC Mortgage Services, inc., whose name was then Household Financial Services, Inc., began to service the mortgage and never transferred servicing to any other person, firm or corporation.  (St.Clair-Hougham Affadavit p.2 11. 5-8)*

Statement 2. above will be proven by the following plaintiff argument and evidence to be an absolute defense lie of a type the defense has not supported with documentary evidence or legal paper. Having read this plaintiff argument and evidence, the court will understand why McCarley "moved to strike" the affidavit in earlier proceedings (Doc.#57)  As a result of defense insistence on utilizing an affidavit packed with lies, then plaintiff McCarley has no other recourse than to make the St.Clair-Hougham Affadavit an article of Evidence for trial.

---

Plaintiff alleges defense withheld key evidence documents.  Defense redacted many contained in the 164 documents.  Defense reproduced only documents that cast plaintiff in negative light.  Therefore, the points McCarley will present via defense documents should carry greater weight when they demonstrate evidence favorable to McCarley.

c. The incontrovertible truth is the defense has no swinging idea who truly originated the mortgage and whom is truly the legal servicer. Plaintiff McCarley provided this court an argument of this very point on Sept 28, 2007. We incorporate by reference our September 28 argument beginning with all paragraph 8 arguments and extending through both "Brief in Support of Disclosure Defined" and "Disclosure Fraud at Inception of Mortgage    (Brief in Support) Fraud in Legal Paper Throughout Mortgage". As new evidence, we will produce a number of documents (see Tables below) supplied by defense as unmistakable evidence that the defense has no idea which of its entities services which function. Further, they have no idea how to file legal paper properly.

| Plaintiff Exhibit | Defense Number | Corporate Entity Named | Purpose of Document | Date |
|---|---|---|---|---|
| 1 | 00001 | Pro Docs, Inc. | Delivery Form | 6/26/2002 |
| 1 | 00001 | Household Mortgage Services | Ditto | 6/26/2002 |
| 1 | 00001 | Private Investor Loan # 14[5] | Ditto | 6/26/2002 |
| 1 | 00001 | Homesense Financial Corp. of Ala. | ditto | 6/26/2002 |
| 2 | 00002 | Homesense Financial Corp. of Ala. | Mortgage original document | 5/1/2000 |
| 2 | 00002 | | Recorded | 5/17/2000 |
| 3 | 00009 | *Homesense Financial Corp. of Ala | Set up for Foreclosure on date | 5/1/2000 |
| 3 | 00009 | *Household Finance Corporation | Assignment Security Inst. | 5/17/2002 |
| 3 | 00009 | *Mortgage Electronic Reg. Sys. | Assignment Security Inst | 5/17/2002 |
| 4 | 00018 | *Homesense Financial Corp. of Ala | SAME ABOVE Blank, notarized | 5/1/2000 |
| 4A | 00022 | *Homesense Financial Corp. of Ala | Assignment Security—NOT recorded | 5/1/2000 |
| 4A | 00022 | *Household Finance Corporation | Assignment Security—NOT recorded | 5/1/2000 |
| 4A | 00022 | *Mortgage Electronic Reg. Sys. | Assignment Security—NOT recorded | 5/1/2000 |
| 5 | 00021 | HOUSEHOLD | Check copy sent to Randolph Probate | 6/5/2002 |
| 5 | 00021 | HOUSEHOLD BANK, fsb | Check copy sent to Randolph Probate | 6/5/2002 |
| 5 | 00021 | Household International, Inc. | Check copy sent to Randolph Probate | 6/5/2002 |
| 6 | 00032 | HOUSEHOLD BANK, fsb. | Title Guaranty against mortgage | 5/17/2000 |
| 7 | 00088 | @Homesense Financial | Form of loan sale bailee letter | None |
| 7 | 00088 | @Household Commercial Financial Services, Inc. | Form of loan sale bailee letter | None |
| 7 | 00088 | @Household International, Inc. | Form of loan sale bailee letter | None |
| 7 | 00088 | @Household | Form of loan sale bailee letter | None |
| 7 | 00088 | @HOUSEHOLD BANK, fsb. | Form of loan sale bailee letter | None |
| 8 | 00090 | Homesense Financial Corp of Ala | Mortgage Foreclosure Deed | 2/26/2004 |
| 8 | 00090 | Mortgage electronic Reg sys | Mortgage Foreclosure Deed | 2/26/2004 |

---

[5] Disclosure code established through TILA/RESPA and Code of Federal Regulation documented in Disclosure Brief in Support (Sept 28) make it clear defendant is fully expected to Disclose the identity and address of any and all parties involved in a consumer contract. PLAINTIFF DEMANDS TO HAVE THIS INVESTOR DISCLOSED.

* This series of recorded documents makes it clear McCarley was SET UP TO BE FORECLOSED on the very day he signed the mortgage instrument. The 164 pages of documents includes a blank signed ASSIGNMENT OF SECURITY INST ((Plaintiff Ex 4, 4A). and an executed but not recorded document.

@ Proves defendant LIED about never transferring service and LIED as to who was actual servicer.

| 8 | 00090 | Household financial | Mortgage Foreclosure Deed | 2/26/2004 |
|---|-------|---------------------|----------------------------|-----------|

| 9 | 00094 | Household Financial Services | Response to "Qualified Complaint" | 3/27/01 |
|---|-------|------------------------------|-----------------------------------|---------|
| 9 | 00094 | Household International, Inc. | Response to "Qualified Complaint | 3/27/01 |
| 9 | 00094 | Household | Response to "Qualified Complaint | 3/27/01 |
| 9 | 00094 | Household Finance Corp of Ala. | Response to "Qualified Complaint | 3/27/01 |
| 10 | 00097 | Household Financial  Services Wholesale Operations | Address Label to Alabama AG | 3/28/01 |
| 11 | 00098 | Household Financial Services | AG letter | 3/08/2001 |
| 12 | 00102 | Household Financial Services | Letter to AG | 2/08/2001 |
| 13,  14 | 109 to115 | Household Wholesale Telesales | Records of contact | 12/4-20/00 |
| 15 | 00121 | Household Financial Services, inc. | Notice letter | 3/16/01 |
| 16 | 00122 | Household Financial Services, inc | Net Interest reported to IRS 2001 | 12/5/01 |
| 17 | 00123 | Household Financial Services, inc | Net Interest reported to IRS 2000 | none |
| 18 | 124 - 130 | Household Finance Corp of Ala. | Contact Record | 2003 |
| 19 | 149 - 150 | HSBC | Accounting Summary statement | total |
| 20 | 00151 | Household | Redacted  (Mortgage purchased) | none |
| 20 | 00151 | HFS-CPI | Redacted  (Mortgage purchased) | none |
| 20 | 00151 | CONTI MORTGAGE CORP | Redacted  (Mortgage purchased) | None |
| 20 | 00151 | Household CPI | Redacted  (Mortgage purchased) | None |
| 21 | 00153 | ^Household Finance Corporation[6] | Notice of Reporting to Affiliates | None |
| 21 | 00153 | ^Household Bank | Notice of Reporting to Affiliates | None |
| 21 | 00153 | ^Beneficial Corporation | Notice of Reporting to Affiliates | None |
| 21 | 00153 | ^Decision | Notice of Reporting to Affiliates | none |
|  |  |  |  |  |
| 13 | 00109 | Household Wholesale Telesale | Note: new loan program had to be added in order to accommodate George McCarley and service his account. | 12/11/02 |
| 14 | 00115 | Household Wholesale Telesale | same | 12/11/02 |
| 22 | 154 - 163 | Household Mortgage Services | Contact letters                    first | 12/11/02 |
| 25 | 00142 | Call Log | Proof no license in Alabama | 12/04/00 |
| 26 | 00139 | Call Log | Defense admits no license Ala. | 1/22/01 |
| 27 | 00141 | Call Log | Illegal Fees charged | 12/20/00 |

 d. From the court's review of the list of exhibits above, it should be abundantly clear that the

St.Clair-Hougham Affadavit is a lie, a fraud, and a perjury.  It is clear from reviewing these evidence

documents and dates that the party known as Household Financial Services, Inc. does not appear on

any record supplied by the defense until the incident of the McCarley Qualified Letter of Complaint

in early 2001(Plaintiff Ex. 9).  Therefore, how is it possible they could be the official servicer of a

loan transferred in June 2000?  Plaintiff alleges it is not possible based upon legal paper filed.

---

[6] ^ Reported as affiliates and subsidiaries of parent company bank on Disclosure notice format.

e.   Further, how is it possible that defense counsel could continually allege in his interrogatory response that the servicer was Household Finance Corp of Alabama? Is this a lie, or is it worse and does it approach criminal fraud and criminal perjury? The following is a reproduction of interrogatory response given to interrogatory questions numbered 4.(I), 4.(III), 16., 18. :

> Defense RESPONSE:  *"The loan which is the subject of this action (the "Loan") was made to George McCarley by HomeSense Financial Corp. of Alabama and assigned to Household Finance Corporation of Alabama. Thereafter, HSBC Mortgage Services, Inc., whose name was then Household Financial Services, Inc., began to service the mortgage (the "Mortgage") that secured the Loan. . . . ."*

Clearly we have a mis-statement, a lie, or fraud or perjury in progress. Defense supplied the above statement in response to four (4) different interrogatory. This defense statement contradicts the defense "Affadavit" of St.Clair-Brougham indicated (page 2, Def.point 2). Further, neither the statements of St.Clair-Brougham nor interrogatory responses supplied agree with any defense document among the 164 exchanged with plaintiff (table above) or the Plaintiff Exhibits attached. Defendant reports (4) times (interrogatory 4.(I), 4.(III), 16., 18) that the mortgage was *assigned to Household Finance Corporation of Alabama;* Although they do not appear in any official record until the 2001 Qualified Letter of Complaint, then they disappear until 2003 (Plaintiff Ex. 18).

f.   And now this court and plaintiff are faced with the unenviable task of determining precisely which entity survives as the creditor and precisely which entity is the true servicer. In our Motion for Sanction filed on Sept 28, we established the following logic statement:

*No Initiator/Creditor = No Servicer = No Foreclosure*

(i)      As of this writing, plaintiff charges there is no known or admitted Initiator/Creditor.
(ii)     As of this writing, no one can agree on the identity of the servicer. The defendant contradicts his own Affadavit in that regard.
(iii)    Therefore, given no known creditor and no admitted or agreed servicer; why should this court allow the façade/"shell game" of this foreclosure to continue?

If we try to independently deduce the identity of creditor and servicer from the documents supplied, the following possibilities emerge:

CREDITOR

| | | | | |
|---|---|---|---|---|
| 3 | 00009 | *Household Finance Corporation | Assignment Security Inst. | 5/17/2002 |
| 1 | 00001 | Private Investor Loan # 14[7] | Delivery Form | 6/26/2002 |
| 5 | 00021 | HOUSEHOLD | Check copy sent to Randolph Probate | 6/5/2002 |
| 5 | 00021 | HOUSEHOLD BANK, fsb | Check copy sent to Randolph Probate | |
| 5 | 00021 | Household International, Inc. | Check copy sent to Randolph Probate | |
| 4A | 00022 | *Non-recorded 00009 | | |
| 6 | 00032 | HOUSEHOLD BANK, fsb. | Title Guaranty against mortgage | 5/17/2000 |
| 7 | 00088 | @Homesense Financial | Form of loan sale bailee letter | None |
| 7 | 00088 | @Household Commercial Financial Services, Inc. | Form of loan sale bailee letter | None |
| 7 | 00088 | @Household International, Inc. | Form of loan sale bailee letter | None |
| 7 | 00088 | @Household | Form of loan sale bailee letter | None |
| 7 | 00088 | @HOUSEHOLD BANK, fsb. | Form of loan sale bailee letter | None |
| 19 | 148 - 150 | HSBC | Accounting Summary statement | total |
| 20 | 00151 | Household | Redacted | none |
| 20 | 00151 | HFS-CPI | Note mortgage has been purchased | none |

SERVICER

| | | | | |
|---|---|---|---|---|
| 9 | 00094 | Household Financial Services | Response to "Qualified Complaint" | 3/27/01 |
| 9 | 00094 | Household International, Inc. | Response to "Qualified Complaint" | 3/27/01 |
| 16 | 00122 | Household Financial Services, inc | Net Interest reported to IRS 2001 | 12/5/01 |
| 17 | 00123 | Household Financial Services, inc | Net Interest reported to IRS 2000 | none |
| 18 | 124 - 130 | Household Finance Corp of Ala. | Contact Record | 2003 |
| 19 | 148 - 150 | HSBC | Accounting Summary statement | total |

Of utmost seriousness is the realization that none of the legal paper or official documents supplied by defendant agreement with the statements in official "Affadavit" or interrogatory response. Again, we ask just why this court should allow this defendant to continue his shell game without penalty.

> Defense Point II. 3
> 3. *HSBC Finance Corporation, Household Finance Corporation, III, Household International, Inc., and HSBC-GR Corp. did not make the loan secured by the Mortgage and have never serviced the Mortgage. (St.Clair-Hougham Affadavit p.2 11. 13-15)*

---

[7] Disclosure code established through TILA/RESPA and Code of Federal Regulation documented in Disclosure Brief in Support (Sept 28) make it clear defendant is fully expected to Disclose the identity and address of any and all parties involved in a consumer contract.  PLAINTIFF DEMANDS TO HAVE THIS INVESTOR DISCLOSED.
* This series of recorded documents makes it clear McCarley was SET UP TO BE FORECLOSED on the very day he signed the mortgage instrument.  The 164 pages of documents includes a blank (Plaintiff Ex 4, 4A) signed ASSIGNMENT OF SECURITY INST. And an executed but not recorded document.
@ Proves defendant LIED about never transferring service and LIED as to whom was actual servicer.

g. It should be blatantly clear from the tables that defense point II. 3 above is another lie. It is clear from the tables that HSBC (Plaintiff Exhibit 19) was involved in servicing as were Household Finance Corporation (Plaintiff Ex. 3,4,4A,21) and Household International (Plaintiff Ex 5,7,9,20); and, HSBC-GR Corp. serviced via ownership of other entities. Now we must review yet another defense statement that is in stark contradiction with the defense own "Affadavit" reproduced in II. 3 above; and that is the interrogatory response of defense on question #12. (Sept 28 Plaintiff Exhibit 1)

> Defense RESPONSE: *HSBC Finance Corporation is an indirect wholly-owned subsidiary of HSBC Holdings plc, a United Kingdom Corporation. HSBC shares are traded as American Depository Shares on the New York Exchange. HSBC Finance Corporation was formed by a merger of Household International, Inc. and Household Finance Corporation. HSBC Mortgage Services, Inc., and HSBC-GR Corp. are wholly owned subsidiaries of HSBC Finance corporation. Household Finance Corporation III and Household Finance Corporation of Alabama are indirect wholly-owned subsidiaries of HSBC Finance Corporation.*

Again, defense interrogatory response above is a direct contradiction to defense affidavit.

h. It should be clear to this court that defendant wishes to insure this case is processed against only HSBC Mortgage Services. Defendant ulterior motive is conditioned by a conscious motivation to insure no damage award is charged against one of the defendant corporations that is traded on the Stock Exchanges. HSBC Mortgage Services maintains no financial statements and is not traded on the Stock Exchanges; whereas the other four (4) defendants are all traded on the exchanges.

i. The only way a plaintiff can be sure he has sued the proper entities of this huge corporation is to include all who appear to survive the shell game of mergers and acquisition. Therefore, it would appear appropriate plaintiff petition this court to ADD PARTIES DEFENDANT. The five presently included are clearly proper as indicated by evidence documents provided by defendant and reproduced above. The five named were located via investigation on the Corporate registration website of the Illinois Secretary of State. This issue was discussed at great length in the preliminary

review with Judge McPherson on March 3, 2006. Following her review of evidence, she ruled the five (5) present defendants were proper (Doc #9)

j. In conclusion of this point, it is clear that to be all inclusive of the successors of the mergers, we must add the following party defendants to the original list of five (5). Plaintiff could not name these companies until he received the discovery documents exchanged with defense.

    a. *HSBC Holdings plc, a United Kingdom Corporation(interrogatory response 12)*
    b. *Household Finance Corporation(Plaintiff Exhibit 3*
    c. *Household Finance Corporation of Alabama(Plaintiff Exhibit 15)*
    d. *HOUSEHOLD BANK, fsb (Plaintiff Exhibit 5,6,7)*
    e. *Private Investor Loan #14 (Plaintiff Exhibit 1)*

k. Of vital and continuing importance to this case is the KEY POINT that only two (2) of the litany of entities displayed above were ever recorded in the record of this mortgage at the Randolph County Probate office. Those two entities are Homesense Financial Corporation of Alabama and Household Finance Corporation. (See Plaintiff Exhibit 3, 4, 4A) Plaintiff Exhibit 3 was officially recorded, whereas Plaintiff Exhibit 4 is a notarized blank copy. (Why would anyone notarize a blank copy unless for illegal usage) (See footnote * supra) We also direct the courts attention to Plaintiff Exhibit 2, Sept 28 demonstrating the Corporate Registration of Homesense as found in the South Carolina Secretary of State. It is clear they ceased to exist over a week prior to the recordation of Plaintiff Ex. 3. Only their successor HOMEGOLD could have filed the legal paper. Therefore, the mortgage legal paper has never been legally filed. Of similar note is the fact that no Defendant entity was ever legally recorded in Randolph County. (Randolph Probate Judge George Diamond has agreed to serve as expert witness on these recordation points.) The courts review of Plaintiff Ex. 3, 4, and 4A also make it clear that Household Finance Corporation simply applied a "rubber stamp" and "claimed" the McCarley mortgage with no supporting paper work (legal or otherwise) as further demonstrated by the litany of documents reproduced herein.

l. This court has now seen the legal paper *disclosure* "pattern of practice" of the lenders a.k.a. *PREDATORY SUBPRIME*. It should be clear by now that a criminal investigation into these operator practices (fully violating 12 USC §2605 disclosure) is fully warranted. What the court has not seen and what is not yet represented in this document is the "pattern of practice" of violating *conditions precedent* at will – a type of act that equally violates the disclosure requirement of 12 USC §2605. McCarley has documented over 70 violations of §2605 condition precedent disclosure, in the 30 months of this mortgage duration.

Defense Point II. 4

4. *After the servicing of the Mortgage was transferred to Household Financial Services, Inc., Mr. McCarley wrote a letter dated January 15, 2001, to Ms. Barbara D. Armstrong, a consumer specialist in the Alabama Attorney General's Office. (A copy of this letter is attached hereto as Exhibit 2.) In the letter, Mr. McCarley complained that while attempting to establish an equity loan on his home via a second mortgage or other device, he allegedly discovered that Household Financial Services was not chartered to write loans in Alabama. (Ex.2 11. 11-13) Household Financial Services responded to this letter dated February 8, 2001. (Exhibit A to St.Clair-Hougham Affadavit)*

m. McCarley discovered that not only were they not chartered to write loans, the documents supplied by defendant makes it clear they had to add new loan programs to service McCarley in Alabama. (See Plaintiff Exhibit 13, 14) See last sentence on Plaintiff Ex 13 which reads; "*Notifying Dave Marsh in P and C about the package we need to set up for state of Alabama.*" Also, see Plaintiff Ex. 14 which reads; "[sic] *changed loan pgm to Alabama loan pgm recently made available.*" We again prove the defendant is a liar. He repeated the point 4 lie to the AG[8].

n. There are other lies and instances in the defendant response letter to the above which demonstrate contradictions and lies within the defendant letter to the AG. Defense would like to draw plaintiff into a protracted argument of details contained in the letters. However case precedent

---

[8] Plaintiff McCarley submitted his 12 USC § 2605 RESPA "Qualified Letters of Complaint" directly to the Alabama Attorney General Office of Consumer Affairs Specialist Barbara Armstrong. Defendant servicer bank was never able to locate McCarley mortgage until Ms. Armstrong directed McCarley to a Montgomery Affiliate bank.

has made it plain that content of the letters is not so important as the facts that (i) a qualified letter of

complaint was issued by debtor, and, (ii) that creditor must RESOLVE the complaint within 60 days.

To this extent, debtor satisfied his requirement and the creditor failed, as is proven by a letter written

by the AG which has been omitted by defense[9]. In the AG letter, it is clear the AG was convinced

the matter had not been resolved. (See Plaintiff Exhibit 24), Therefore, defense omits yet another

key document – and this one written by the AG. We reproduce salient statements from the Plaintiff

exhibit 24 Doc 19, Ex 53) written by AG.

> Date April 16, 2001
> " . . . Based on a review of this letter, it is apparent that the matter cannot be resolved
> through our mediation process.
>        Though the Consumer Affairs Section does provide assistance by attempting
> to mediate consumer related complaints and can even initiate litigation against unfair
> or deceptive business practices against the public, the Attorney General cannot act as
> a private lawyer for you in this type of dispute. However, you are free to pursue this
> matter further through the assistance of a private attorney, . . . I regret that we could
> not obtain a resolution to your complaint."

o. It is blatantly clear from the above, the AG did not believe the matter had been resolved, as

is required, demanded, mandated by 12 USC §2605 (e)[10] which allows the creditor only 60 days to

resolve a complaint. This will be discussed fully in our response to defendant RESPA section.

> Defense Point II.5
> *5. Mr. McCarley wrote a second letter dated February 17, 2001 to Ms.*
> *Armstrong making additional complaints about Household Financial Services*
> *ability to service his loan. (A copy of this letter is attached hereto as Exhibit*
> *3) Household Financial Services responded to this letter by letter dated*
> *March 27, 2001. (Exhibit B to St.Clair-Hougham Affadavit)*

p. Why does the defendant insist on continuing to reproduce more and more lies. (We thank

the defendant for providing these lies to the court.) Other evidence pages found among the 164

---

[9] Defense was given copy of this letter in exchange of documents on June 11, 2007. Defense further referenced Doc 19-47, Ex 51 on page 2 of his BRIEF IN SUPPORT OF SUMMARY JUDGMENT, then on page 3, he referenced Doc 19-47, Ex 52 in his Sept 28 filing. Doc 19 as filed by plaintiff displays four (4) letters, marked as EXHIBIT 51, 52, 53, 54.
[10] See Defendant Sept 28 APPENDIX OF AUTHORITY on pages 3 and 4.

documents provided by the defendant contain yet additional documentation that McCarley is right

and the defendant never had the ability to service loans or to write loans in Alabama, as we

reproduce in the defendants documented words:

Def Doc 00142        (Very top of page) Dated 12/04/00  **Complaint filed**  "MR. UPSET
        *BECAUSE HE IS GETTING RUN AROUND ON TRYING TO BORROW MORE MONEY*
        *WE HAVE DECLINED HIM BECAUSE WE DO NOT ORIG. LOAN*
        *IN AL DUE TO WE DO NOT HAVE A LIC. . . ."*

   This fact is repeated by defendant on another day on yet another phone call to plaintiff:

Def Doc 00139        (Bottom of Page) Dated 1/22/01        ACCOUNT REVIEWED BY SUPER
        *"CALLED H/O BACK ADV H/O OF THE FACT THAT WE CANT*
        *GIVE HIM A NEW LOAN DUE TO NO LICENSE TO ORIGINATE*
        *IN THIS STATE  HE WENT ON TO STATE THAT HE MADE A*
        *COMPLAINT TO THE ATTY GENERAL BECAUSE HE DOESN'T*
        *BELIEVE WE SHOULD BE ABLE TO BUY THESE LOANS AND*
        *SERVICE THEM IF WE CANT ORIGINATE ANYTHING NEW..*

And yet again, plaintiff proves the defendant BLATANTLY LIED to the Alabama AG. Given

this continual set of lies, plaintiff again poses the question to this court, "WHY SHOULD THIS

FORECLOSURE CONTINUE IN EFFECT WHEN IT IS NOW PROVEN THE DEFENDANT

HAS BEEN CAUGHT IN SO MANY LIES THROUGHOUT THE CASE.

   q. In the 1998 case of Ramadan v. Chase Manhattan, (Appendix Case text incorporated by

reference), that court reviewed how TILA/RESPA cases should be viewed when the element of fraud

or misrepresentation is present as is clear on the part of this defendant. (See specifically page 3,

bottom through page 4 of *Ramadan* appendix) (Page 3 middle paragraph links TILA and RESPA.)

   First it should be noted that TILA is a remedial statute and should be construed
   liberally in favor of the consumer. See Johnson v. McCrackin-Sturman Ford, Inc.,
   527 F.2d 257, 262 (3rd Cir, 1975). Allowing lenders to violate TILA but avoid
   liability if they successfully concealed the violation from the debtor for a year, would
   undermine the core remedial purpose of TILA. As the Supreme Court recognized
   years ago, "[t]o hold that by concealing a fraud, or by committing a fraud in a
   manner that it concealed itself until such time as the party committing the fraud could
   plead the statute of limitations to protect it, is to make the law which was designed to
   prevent fraud the means by which it is made successful and secure." Bailey v.
   Glover, 88 U.S. (21Wall.) 342, 349 (1874) (Applying equitable tolling to the

Bankruptcy Act of 1874). Disallowing equitable tolling in §1640(e) ((or in McCarley)) would allow lenders to avoid liability through intentionally fraudulent actions using a statute designed to prohibit that same conduct.

r. McCarley has demonstrated an extreme degree of fraudulent misrepresentation or worse in the evidence table and exhibits attached. Clearly, the defendant fits the mold described by the court above and clearly, the defendant cannot be allowed to escape by attempting to apply statute of limitations. The court in <u>Ramadan</u> continued the analysis and suggested following (page 4 summary of case) considerable analysis of TILA/RESPA equitable tolling analysis that:

> <u>Houghton v. Insurance Crime Prevention Institute</u>, 795 F.2d 322 (3rd Cir. 1986) a case concerning a very similar provision of the Fair Credit Reporting Act, is instructive. The section at issue there provided in pertinent part:
>
>> An action to enforce any liability . . . may be brought within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this subchapter to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this subchapter, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

s. Other court's seem to make it clear that McCarley has recently discovered evidence of fraud or misrepresentation by the defendant and that he is clear to pursue any and all options and charges, possibly to include new sets of charges against any and all these defendants.

t. At this time, we direct the court to a key case citation that bears on this motion.

## STANDARD FOR DECIDING A MOTION TO DISMISS

> "In ruling on a motion to dismiss under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff". <u>Midwest Grinding Co v. Spitz</u>, 976 F.2d 1016, 1019 (7th Cir. 1992. (This ruling is quoted in the RESPA case of <u>Jean Johnstone v. Bank of America</u>, No. 01 C 292 (Nov. 15, 2001) (Discussion section West Headnotes)

> Continuing with Johnstone, next paragraph
> Also, according to Federal Rule of civil Procedure 10(c) "A copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes." The Seventh Circuit has interpreted "written instrument" as including loan documentation

and correspondence between parties. <u>N.Ind. Gun &Outdoor Shows v. city of South Bend,</u> 163 F.3d 449,453 (7th Cir 1998). Accordingly, in ruling on the Bank's motion to dismiss, it is appropriate for the court to consider the HUD-1 Settlement Statement and the four letters attached to Johnstone's amended complaint as Exhibits A through E. See <u>Egert v. FT Mort. Cos.</u>, No. 99 C 313, 1999 WL 528517 at *1 n. 2(N.D.Ill, July 19, 1999) (considering loan documentation attached to defendant's motion to dismiss in ruling on the motion).

## PLAINTIFF REBUTTAL    DEFENSE ARGUMENT    SECTION III

### A. BACKGROUND – RESPA

a. In the first paragraph on defense motion page 3, he seems to argue that 12 USC§2605 is the totality of plaintiff charges. This is yet another defense mis-characterization of this entire case, which continues to suggest they have little if any understanding of RESPA. The court's review of RESPA beginning at 12 USC 2601, will make it clear that §2605 is the enforcement section and the balance of RESPA statutes must be utilized to understand what §2605 seeks to enforce.

b. The second paragraph of defense motion page 3, provides a quick review of §2605 (a)(b)(c) transfer disclosure requirements imposed on creditor/servicer. Plaintiff continues to allege that none of the litany of defense entities documented herein were ever properly disclosed, and that is a very major portion of this trial evidence. <u>In fact, defense has yet to produce the single actual disclosure document provided to plaintiff McCarley</u>. In truth, there should be over 50[11] §2605 disclosure documents on file to represent each corporate identity utilized during the course of this mortgage. In truth, defense cannot produce a single disclosure document, thus in blatant violation of RESPA and in outright disregard for this court and this plaintiff.

c. The final statement in second paragraph again mischaracterizes §2605 (e). Defense mis-leads this court and mis-states the requirement to "respond" to qualified written requests, when the court may read the defense provided statute which is clear the creditor/servicer must "satisfy". We direct the court to defense doc (Sept 28, Appendix of Authority, pages 3 and 4) reproducing in part:

12 USC §2605 (e) (2) which clearly reads: "...Not later than 60 days, . . . (A) make appropriate corrections . . . "

12 USC §2605 (e) (3)  Protection of credit rating, which reads in part: ". . . During the 60 day period, . . . servicer may not provide information, . . . to any consumer reporting agency, . . ."

d.  The court may quickly see these sections have been violated by a quick review of Def Doc. 00141 (Plaintiff Ex 27) whereupon you will find entries in the collection log that prove defense continued to apply late penalties and entered an intent to cure on the dates following their acknowledgement of receipt of complaint, those dates being 12/07 and 12/20.  (and many other similar §2605 breaches in the 60 days following.  As correspondence on complaint letters continued until April 2001; any late fee or penalty applied out through June is a violation of §2605 (e))

e.  And now, even in the act of providing RESPA statutes in support of a motion, defense has continued a pattern of practice of misleading and lies.

Defense Point  III. B
B.  *HOUSEHOLD FINANCE CORPORATION III, HSBC FINANCE CORPORATION, HSBC GR. CORP. AND HOUSEHOLD INTERNATIONAL, INC., ARE ENTITLED TO SUMMARY JUDGMENT, BECAUSE THEY NEITHER MADE NOR SERVICED MR. MCCARLEY'S LOAN AND MORTGAGE*

f.  Plaintiff respectfully directs the courts attention in *supra* pages 1 through 9 of this rebuttal, whereupon the court will find argument and proof that the defense does not understand its own documents and is clearly in error if not another outright lie on this point.  Defendant alleges that only one defendant was ever the servicer of the account and this rebuttal has documented that the defense cannot produce that or any other document in support of his allegation; and further, that plaintiff has proven there are over 50 defendant entities involved with the servicing of this account, and none of the 50 were ever *disclosed* as demanded by 12 USC §2605 or the CFR codes cited in plaintiff Sept 28 filing; and thus a continual violation of RESPA.

---

[11] Plaintiff documented 42 different identities in Doc 19 and other documents.  This submittal adds even more.

g.  Whereas defendant seeks to release four (4) defendants from this proceeding, our rebuttal, supra page 8 makes it clear that several entities should be ADDED AS PARTIES DEFENDANT and that the original five (5) defendants should remain among the listed defendants.

### C.  ANY CLAIM AGAINST HSBC MORTGAGE SERVICES INC. IS BARRED BY THE STATUTE OF LIMITATIONS

h.  Plaintiff holds that the defense C. claim above is not supported by any set of facts in defense motion and defendant has not provided any case law in support of his contentions. We are convinced that the facts and evidence documents provided by plaintiff make it plain that defendant is once again, caught in his own misunderstanding of RESPA and is misleading this court on the letter of the law. Judge McPherson clearly considered applicable statute of limitations when in Doc #16-1, page 13 she ruled that McCarley TILA charge had not survived statute of limitations.

i.  Clearly, the *Ramadan* case indicates this defendant is in even deeper trouble and if there is an interpretation of "statute" applicable, the court decisions reproduced make it clear, the statute is not yet tolling against Plaintiff, as a direct result of misrepresentation noted in this submittal.

> Defense Point III. C. 1st paragraph
> *HSBC Mortgage Services Inc. is a Delaware corporation, which was previously known as Household Financial Services, Inc.  (St.Clair-Hougham Affadavit p. 1 ll.6-9)  It began to service Mr. McCarley's Mortgage in 2000 and did not thereafter transfer servicing of the Mortgage to any other servicer. (Id. P.e ll. 5-8)*

j.  Plaintiff established an extensive table of defendant entities involved servicing the mortgage in pages 3 through 8 makes it clear the defense is not being honest on this point. Instead, we openly accuse defense of engaging in a pattern of conduct of lies and mis-statements. We've proven over 50 corporate entities have not been properly disclosed during this contract, (as demanded by RESPA). We've proven via defense documents supplied that defense cannot provide a document to substantiate their statement. Further, we've proven throughout this document the

St.Clair-Hougham Affadavit is an outright lie on all statements contained. Therefore, we submit to the court this defendant point is fully barred, and is due to be denied by this court

> Defense Point III. C. 2nd paragraph
> *The statute of limitations on any claim under § 2605 is three years. 12 U.S.C. §2614. this action was filed in January, 2006, and HSBC Mortgage Services Inc. respectfully submits that the statute of limitations bars any claim that Mr. McCarley might seek to assert against it under § 2605.*

k. Plaintiff first, respectfully requests the court review our rebuttal to <u>A. BACKGROUND – RESPA</u>. We add in addition, we have demonstrated by defense documents in evidence (tables) that the defendant continued to violate the statutes cited and never fulfilled or complied with any correction as he should have done as a result of the qualified written complaint. Therefore we are presented with a case of an ongoing violation and ongoing damages. Defendant never corrected the complaint cited, and continued to charge late fees in violation of §2605 (e)(2)(A) and continued to make negative credit reports during and after the period of the complaint, in full violation of §2605 (e)(3), and this is substantiated by the defendants own documents we cited above as 00141 on page 13 above. THEREFORE THE DEFENDANT DID NOT COMPLY WITH RESPA AND HE DEMONSTRATES A CONTINUAL PATTERN OF PRACTICE OF VIOLATING RESPA.

l. Defendant failure to comply with RESPA while caught lying to an Attorney General clearly places him in the unenviable position BLOCKING any application of statute of limitations. Further, we must apply a bit of deductive reasoning relative to statute of limitations.

DEDUCTIVE LOGIC EXAMPLE

m. If a debtor reaches year 10 of a 20 year mortgage and realizes there is a billing or disclosure violation in year two, he would be prevented by §2605 "statute of limitations" from recovering the overcharge that took place 8 years ago. However, if the same mortgage were to be foreclosed illegally or in error in year 12, then the debtor would be fully allowed to claim damages

against wrongful charges for the entirety of the mortgage instrument, beginning in the very earliest month of the mortgage 12 years in the past.

n. Defendant logic in III. C. 2nd paragraph implies the debtor being illegally foreclosed could only claim damages for the most previous three (3) years, whereas, a foreclosure results in the creditor being allowed to take ownership of the total value of the property, the title and all monies paid for the total period of the mortgage contract. Defendant logic would fail the test of "balancing of interests[12]." Quite obviously, the debtor is allowed to claim damages against the full value of the illegally executed and foreclosed mortgage instrument, and for the fullest term of the contract[13], irregardless of whether the period were 3 years or 30 years.

o. Several courts citations dispute the defense assertion above while acting to uphold the planitiff logic example, as reproduced Ramadan v. Chase Manhattan Corp Sept 22, 1998 US Court of Appeals for the Third Circuit No. 97-5282. *Ramadan* case invoked and reviewed both RESPA and TILA statutes. Those reviews make it plain, TILA /RESPA statute of limitations is governed by many factors. We direct the court to Ramadan Case Page 3, middle paragraph, beginning at The Seventh District . . . for a review of factors considered by other courts. Perhaps a succinct summary is to define the term "violation" as applied in 12 USC §2614, and determine WHEN the violation occurs? In the case of illegal foreclosure, it will occur on the date of a *disclosure* violation, and then will occur again on the date of an illegal foreclosure submittal. Finally, it is clear from *Ramadan* the violation will occur yet again with discovery or evidence of fraud or misrepresentation. Stated differently, McCarley "statute" reset itself when the foreclosure was filed (based on the principle of equitable tolling in *Ramadan*) and then reset itself again within the past year with the discovery of

---

[12] See Connecticut v. Doehr (90-143)501 U.S. 1 (1991) SCOTUS elaborates "balance of interests".
[13] See John Stark v. Thomas Parker, 19 Mass. (2 Pickering) 267 (1824) This case represents an example in which the courts ordered individuals to complete the full term of the contract prior to getting paid. Quite obviously the long term direction of our courts indicate both contracts completion or damages for breach should reflect the entire term involved.

evidence of clear fraud or misrepresentation discussed herein. Therefore, any inference the "statute"

is exhausted is a dream of the defense while in denial they have been caught in the act.

      p. Case appendix page 7 includes a quick review of "statute" by an Illinois authority.

STATUTE OF LIMITATION RESPA

- " 1 year for affirmative (kickback and fee-splitting) scheme. 12 USC §2614
- " Unlimited as a defense to foreclosure in the nature of a recoupment or setoff. 735 ILCS 5/13-207. Bank of New York v. Heath, 2001 WL 1771825, at *1 (Ill Cir. Oct 26 2001).

Therefore, we submit this defendant point is due to be denied by this court

> Defense Point III C. 3rd paragraph
> *First, as previously noted, the servicing of the Mortgage was transferred to HSBC Mortgage Services, Inc., then known as Household Financial Services, Inc. in 2000. Consequently, any notice concerning that transfer which was required under § 2605 – specifically under § 2605(c ) -- would have been due to be made in 2000, far more than three years prior to this action being filed in January, 2006. Therefore, any claim concerning the giving or content of such notice is time barred.*

Plaintiff alleges Defense continually mis-interprets RESPA statutes. Also contained in RESPA is a

statute that makes it clear a creditor/servicer is fully expected to correct his mistakes if and when

they are discovered. Consider the following RESPA quote:

> 12 USC §2605(f)(4) Nonliability
> A transferor or transferee servicer shall not be liable under this subsection for any failure to comply with any requirement under this section, if, within 60 days after discovering an error (whether pursuant to a final written examination report or the servicer's own procedures) and before the commencement of an action under this subsection and the receipt of written notice of the error from the borrower, the servicer notifies the person concerned of the error and makes whatever adjustments are necessary in the appropriate account to ensure that the person will not be required to pay an amount in excess of any amount that the person otherwise would have paid.

      q. The above makes it clear creditor/servicers are fully expected to discover and rectify their

mistakes. If not, then debtors are fully allowed to pursue damages. The words "pursuant to a final

written examination" make it clear the creditor/servicer remains liable for his mistakes throughout

the full term of the mortgage instrument, and not just for a preceding 3 year period such as implied

by defendant. Plaintiff proved via Exhibits 26 and 25 (page 11), the defense did identify its mistake

yet failed to correct same, lying to the Alabama AG in response. ( Sept 28, Affidavit A). Clearly,

lies do not constitute a satisfaction of the requirement to correct mistakes within 60 days, found at 12

USC §2605 (e)(2)(A). (Defense Sept 28 Appendix of authority page 4)

      r. To close this point, LIES DO NOT CONSTITUTE COMPLIANCE WITH RESPA and

thus defense statute of limitations argument is fully barred, and is due to be denied by this court.

> Defense Point III. C. 4th paragraph
> *Moreover, HSBC Mortgage Services Inc. did not thereafter transfer the*
> *servicing of the loan to any other party. (St. Clair-Hougham Affidavit p.*
> *2 ll 5-8) When the name of Household Financial Services, Inc. was*
> *changed to HSBC Mortgage Servicess Inc. there was no change in*
> *corporate form. (Id p. 1 ll 6-9)*

Page 7 "defense response" contradicts above admitting many defendant changes in corporate form.

The public announcements of merger and acquisition now known as HSBC are no better evidence

than the contradiction above. We submit this defendant point is due to be denied by this court.

> Defense Point III. C. 5th parapraph
> *Second, a servicer's duty to respond to inquiries from borrowers under*
> *12 U.S.C. §2605 ( e) is triggered by receipt of a qualified written request*
> *from a borrower. Acknowledgement of the request is required within 20*
> *days of receipt.   12 U.S.C. §2605(e)(1).   And the request must be*
> *addressed within 60 days of receipt.   12 U.S.C. §2605(e)(2).*

      s. Again, the defense attempts to stress a point which plaintiff has soundly rebutted

beginning Supra page 12. The defense continues to mislead this court by his choice of language.

We reproduce from page 15: "Clearly, their lies do not constitute a satisfaction of the requirement to

correct mistakes with 60 days, found at 12 USC §2605 (e)(2)(A). (Defense Sept 28 Appendix of

authority page 4)" The keyword herein would be CORRECT, and not ADDRESS as the defense

would contend.  Further, the Non-liability statute makes it clear the defendant has continuing

obligation to correct mistakes at any time they are found, and this defendant continues to refuse to

comply.  Perhaps the courts review of Plaintiff Rebuttal C.4, page 15 will put this point to rest.

Therefore, we submit this defendant point is fully barred, and is due to be denied by this court

> Defense Point III. C. 6th paragraph
> *Mr. McCarley may contend that two letters he wrote to the Alabama Attorney General constitute such qualified written requests.  HSBC Mortgage Services Inc., then called Household Financial Services, Inc., responded to the last letter in march, 2001.  (Exhibit B to St.Clair-Hougham Affadavit).  Without regard to whether Mr. McCarley's correspondence with the Alabama Attorney General constitutes a qualified written request (which we contend it does not), the statute of limitations on any claim relating to said letters would have expired, at the latest in 2004 – three years after the exchange of letters.  As noted above, this lawsuit was not filed until January 2006.*

t."QUALIFIED WRITTEN REQUEST rules are found in §2605(e)(B).  Total lines in this rule are five (5).  The requirement is for any written request not on the back of a payment coupon that allows the creditor/servicer to locate the account and deal with the problem.  We submit the many letters received from defendant in response to our qualified written request make it clear we satisfied this rule.  We accuse the defense of attempting to mislead and subvert the process of justice.  Therefore, we submit this defendant point is fully barred, and due to be denied by this court

CONCLUSION

u. The court now holds enough evidence via this document to launch a criminal investigation of defendants as would be wholly proper.  We strongly urge this court to launch same.

v. Plaintiff should and shall consider filing additional charges now that statutory tolling is reset via defendant misrepresentations during the mortgage and subsequent court procedures.

w. Fraud charges such as the following will be considered:

(1) Defendant made a false statement(s) regarding a material fact, thus, defendant fraudulently disclosed condition prededent(s) of the mortgage contract; and

(2) Defendant knew or should have known the representation was false, thus, defendant knew or should have known the fraudulently disclosed *conditions precedent(s)* as represented by defendant were false; and

20

(3) Defendant intended that the representation induce plaintiff to act on it, thus, the defendant made fraudulent disclosure of *conditions precedent*(s) with intent that plaintiff act based upon defendant fraudulent disclosure; and

(4)Plaintiff suffered slander and damages in justifiable reliance on the representation, thus, plaintiff incurred damages in justifiable reliance on the fraudulent disclosure of *conditions precedent*(s) as represented by defendant.

     x.  Plaintiff respectfully submits that there is no evidence which Mr. Parker or the defense

can prove to establish a viable claim for Summary Judgment.  That Plaintiff has utilized evidence

provided by the defense and proven a defense pattern of practice of lies, mis-truths, misleading

statements, and otherwise in abuse and violation of the body of law called RESPA.  Consequently,

plaintiff submits these many arguments make it obvious there are genuine evidence issues of triable

fact in full support of Plaintiff and that Plaintiff is entitled to judgment as a matter of law.

Respectfully submitted

George D. McCarley, Pro Se
216B Chestnut Street
Roanoke, Al  36274
334-863-6489

PROOF OF SERVICE

I, George D. McCarley, do swear or affirm that on October 11,  2007, I have served the enclosed ACTION on each party to the above or that party's counsel, and on every other person required to be served, by depositing envelope containing the above documents in the United States Mail properly addressed, and with first class postage prepaid, for delivery within 3 calendar days.

The Clerk
Middle District of Alabama, Eastern Division
One Church Street, PO Box 711
Montgomery, Al  36101-0711
334-954-3600

Defendant Attorney
Mr. George Parker
Bradley Arant Rose and White
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Al  36104
334-956-7671, 956-7700

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 11, 2007

George D. McCarley