IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | Plaintiff Exhibit |
|---|---|---|
| George D. McCarley | │ | |
| Plaintiff | │ | Civil Action No. 3:06-CV-0091-MEF |
| v. | │ | Lead Case[1] |
| | │ | 23 |
| Household Finance Corporation III | │ | |
| Defendant | │ | |

PLAINTIFF OBJECTION TO DEFENSE PROPOSED UNCONTESTED FACTS

I have received your EMAIL request (non-served) (on Thursday Sept. 6, 2007) to consider your proposed uncontested facts. Upon careful review, I can only agree to your numbered point 6. As for the remaining 5 points, I can only comment; (i) they appear to be vague, misleading, incomplete; or, (ii) this is another deliberate attempt to confuse or mislead this court; or, (iii) this is a flagrant case of failure to prepare for an element of these proceedings.

You are directed to consider the following response and points of evidence in dispute of the 5 contested points, and, ideally, restate your points as would be properly supported by evidence.

Defense point 1: You allege McCarley "GAVE" a mortgage to the defendant. Plaintiff Response: The mortgage in question was not "given." Your language infers no "contracts conditions precedent" were present. Obviously the mortgage was one of many conditions agreed between The Parties to the Mortgage transaction contract. Plaintiff would never allow such language as the word GAVE as used in this context.

Defense point 2: You allege Household Financial Services, Inc., never transferred servicing to any other person, firm, or corporation. Plaintiff Response: This is an obvious lie as multiple pages of evidence supplied by defense will prove; such as your document number (00001) citing HOUSEHOLD MORTGAGE SERVICES and Lender HOUSEHOLD FINANCE CORP OF

1

ALABAMA; and, your documents (00088, 00089) (citing yet different corporations as being in control of the mortgage as lender or servicer) HOUSEHOLD COMMERCIAL FINANCIAL SERVICES, and, HOUSEHOLD BANK fsb.; and, your document (00109 – 00115) indicating the presence of HOUSEHOLD WHOLESALE TELESALES; and, your document (00124 – 00130) again indicating the mortgage was serviced by HOUSEHOLD FINANCE CORP OF ALABAMA.

Quite obviously, your point number two is an outright lie. Plaintiff fully expects defense to come clean on this issue or else it serves as yet continued evidence of the criminal nature of this entire disaster, now to include fraud and criminal intent on the part of defendants legal efforts.

Defendants point 3: You allege names of defendants that you claim never made the loan nor serviced the loan. Plaintiff response: This was discussed at considerable length in the preliminary hearing with Judge McPherson. Plaintiff testified that the five defendants were chosen as a result of the fact their corporate registration in State of Illinois Secretary of State office maintains these five corporations as being the remaining descendants of the string of Mergers and Acquisitions that changed the identity of the former Household International. Therefore, these entities hold the continuing liability for the actions of the former entities that wrote, sold, purchased, serviced, foreclosed illegally, this disputed mortgage foreclosure that brings this case. Upon consideration of the fact that one defense attorney George Parker was included in that discussion, it is clear he should know better than to present the defense point 3. Additionally, plaintiff has exhaustively documented the presence of more than 40 other corporate entities involved in the mortgage transaction; that is 40 others in addition to those further named in this document. Defense will need to be far more specific and far more well documented to substantiate his point 3.

---

[1] The consolidated case found at 3:06 cv 00091 (lead case) includes Household Finance Corporation, III (00093), HSBC-Gr. Corp. (00102), HSBC Mortgage Services, Inc. (00104), HSBC Finance Corporation (00101), and, Household International, Inc. (00103).

Defense points 4 and 5:  You allude to correspondence with the Alabama Attorney General.

Plaintiff Response:  Both points 4 & 5 and the exhibits presented with defense document are seriously deficient and may again be intended to mislead the direction of evidence.  In fact, your exhibits are also seriously incomplete.  Plaintiff has provided defense a complete file of that correspondence and defendant has not reproduced the complete file, therefore leading to plaintiff suggestion that defense intends yet again, to mislead and confuse the evidence.

Plaintiff sincerely appreciates the additional evidence defense team continues to provide in this case.  The points you suggest become even more troubling considering your refusal to provide discovery as to the several other corporations that did in fact have a hand in the servicing of this mortgage account.  Perhaps I should've pushed harder for a trial months ago, as all the evidence seems contained in that before us.  And all the evidence makes it clear your outrageous continued support of the extended forces of Saddam/HSBC cannot and shall not be tolerated.

Respectfully submitted

George D. McCarley, Pro Se
216B Chestnut Street
Roanoke, Al  36274
334-863-6489

PROOF OF SERVICE

I, George D. McCarley, do swear or affirm that on this date, Sept 10, 2007, as required by Supreme Court Rule 29 I have served the enclosed ACTION on each party to the above proceeding or that party's counsel, by depositing envelope containing the above documents in the United States Mail properly addressed to each of them, and with first class postage prepaid, or by delivery to a third party commercial carrier for delivery within 3 calendar days.

Defendant Attorney
Mr. George Parker
Bradley Arant Rose and White
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Al  36104
334-956-7671, 956-7700

I declare under penalty of perjury that the foregoing is true and correct.

Executed on Sept 10, 2007

George D. McCarley

3