## DISCLOSURE

The following information is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605).

During the 60 day period following the effective date of the transfer of loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of the RESPA (12 U.S.C. 2605) gives you certain rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgement within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name, account number and your reasons for the request.

Not later than 60 business days after receiving your request, your servicer must make any appropriate corrections to your account and must provide you with written clarification regarding any dispute. During this 60 Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A Business Day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

**IMPORTANT NOTICE REQUIRED UNDER THE FAIR CREDIT REPORTING ACT**

From time to time we may receive credit information concerning you from others, such as credit reporting agencies. We will share, on a regular basis, information regarding your account with any of our affiliated corporations and subsidiaries or third parties, including Household Finance Corporation, Household Bank, Beneficial Corporation and Decision One. Credit information obtained by us in connection with your application may be provided to our affiliates or persons related to us by common ownership or affiliated by corporate control to determine if you qualify for additional offers of credit. You may prohibit the sharing or the use of credit information by writing to us at P.O. Box 1308, Elmhurst, IL 60126, and including the name, address, and social security number for each person making the election. Your request will not apply to information about your transactions or credit experience with us.

Plaintiff Exhibit 21