**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GEORGE D. McCARLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 3:06-cv-00091-MEF** |
| v. | ) | **Lead Case** |
| | ) | |
| **HOUSEHOLD FINANCE CORPORATION III, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendants, Household Finance Corporation III, HSBC Finance Corporation, HSBC Gr. Corp., Household International, Inc., and HSBC Mortgage Services Inc., submit this brief in reply to the Plaintiff's Response in Opposition to Defense Summary Judgment Motion (the "Opposition").

## I. ARGUMENT

In this case, Mr. McCarley has been permitted to attempt to assert a claim under RESPA, specifically under 12 U.S.C. § 2605. As set forth in defendants' motion for summary judgment and supporting brief and exhibits, defendants are entitled to summary judgment, because Mr. McCarley has no claim under § 2605 against the four defendants that neither made his loan nor serviced his mortgage (the "Mortgage") and any claim he might have had against the remaining defendant that did service the Mortgage would be

barred by the three year statute of limitations (12 U.S.C. § 2614). In his Opposition, Mr. McCarley has not met the requirements set forth by Rule 56, as the Opposition is not properly supported and fails to present any evidence to controvert defendants' entitlement to summary judgment. Consequently, summary judgment is due to be entered for defendants.

**A. HOUSEHOLD FINANCE CORPORATION III, HSBC FINANCE CORPORATION, HSBC GR. CORP. AND HOUSEHOLD INTERNATIONAL, INC. ARE ENTITLED TO SUMMARY JUDGMENT, BECAUSE THEY NEITHER MADE NOR SERVICED MR. McCARLEY'S LOAN AND MORTGAGE.**

§ 2605 of RESPA, which imposes certain obligations on those who make mortgage loans and service mortgages, has no application to Household Finance Corporation III, HSBC Finance Corporation, HSBC Gr. Corp. and Household International, Inc. in this case. This is so, because as set forth in the affidavit of Dana J. St.Clair-Hougham -- and not controverted by any admissible evidence offered by Mr. McCarley -- Household Finance Corporation III, HSBC Finance Corporation, HSBC Gr. Corp. and Household International, Inc., did not make Mr. McCarley's loan or service his Mortgage. Consequently, Mr. McCarley can have no claim against these defendants under § 2605. As a result, summary judgment is due to be entered in favor of Household Finance Corporation III, HSBC Finance Corporation, HSBC Gr. Corp. and Household International, Inc.

## B. ANY CLAIM AGAINST HSBC MORTGAGE SERVICES INC. IS BARRED BY THE STATUTE OF LIMITATIONS

As pointed out in defendants' initial filing, the servicing of Mr. McCarley's Mortgage was transferred to HSBC Mortgage Services Inc., then known as Household Financial Services, Inc., in 2000 and the letters Mr. McCarley contends constituted "qualified written requests" were sent to the Alabama Attorney General in the first quarter of 2001. Consequently, under RESPA's three-year statute of limitations, any claim concerning an alleged failure to give notice of the 2000 transfer of servicing of the Mortgage or any claim concerning an alleged failure to adequately respond to Mr. McCarley's 2001 letters to the Alabama Attorney General would have expired long before this lawsuit was filed in January 2006.

Although Mr. McCarley attempts to circumvent the clear statute of limitations bar by invoking the doctrine of "equitable tolling" – he has not established that the doctrine is applicable to this case. First, assuming that the RESPA statute of limitations is subject to equitable tolling,[1] Mr. McCauley has the burden of establishing grounds for equitable tolling as to his claims and he has not presented substantial evidence to do so.[2] Second, in any event, it is clear from the 2001 correspondence with the Alabama Attorney General's

---

[1] The Eleventh Circuit has not addressed the applicability of equitable tolling to the RESPA statute of limitations, although it has adopted it with respect to the TILA statute of limitations. Pedraza v. United Guaranty Corporation, 114 F.Supp. 2d 1347, 1351-52 (S.D. Ga. 2000). However, even assuming that the one year statute of limitations contained in § 2614 for violations of sections of RESPA other than § 2605 is subject to equitable tolling, it has been suggested that, because § 2614 establishes a three-year statute for government enforcement, "equitable tolling under RESPA is limited to claims alleging violations of RESPA that occurred within three years of the violation." Id. at 1354.

[2] To establish equitable tolling a plaintiff "must show that (1) the defendant engaged in a course of conduct designed to conceal evidence of his alleged wrongdoing; (2) the plaintiff was not on actual or constructive notice of that evidence; and, (3) the plaintiff exercised due diligence; viz., the plaintiff did not 'sleep on her rights.' " Pedraza at 1354. The plaintiff has the burden on the first and second element and, in cases of alleged active misrepresentation, on the third element as well, with the defendant having the burden on the third element with respect to alleged self-concealing wrongs. Id at 1355. Here the plaintiff has not offered substantial evidence of the first two elements, so the third element does not come into play, in any event.

Office that Mr. McCarley was on notice that Household Financial Services was servicing his mortgage and was on notice of any alleged inadequacies in Household Financial Services' responses to his letters to the Attorney General's Office in the first half of 2001 – far more than three years prior to the filing of this suit in January 2006.

## II. CONCLUSION

As stated in defendants' initial brief, defendants respectfully submit that there is no evidence which Mr. McCarley can adduce to establish a viable claim against defendants under RESPA. Mr. McCarley provided nothing in his Opposition to change this fact. Consequently, defendants submit that there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law.

Respectfully submitted this the 19th day of October, 2007.

/s/ George R. Parker
George R. Parker (PAR086)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
(334) 956-7700

Attorney for Defendants
Household Finance Corporation III,
HSBC Finance Corporation,
HSBC Gr. Corp.,
Household International, Inc.,
and HSBC Mortgage Services, Inc.

OF COUNSEL:

BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
(334) 956-7700

**CERTIFICATE OF SERVICE**

I hereby certify that I have, on this the 19th day of October, 2007, served a correct copy of the foregoing upon the following by placing the same in the United States Mail, properly addressed and postage prepaid:

George D. McCarley
216B Chestnut Street
Roanoke, AL 36274

/s/ George R. Parker
OF COUNSEL