IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE D. McCARLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. 3:06cv91-MEF |
| HOUSEHOLD FINANCE | ) | [WO] |
| CORPORATION III, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Currently pending before the undersigned Magistrate Judge is a collective Motion for Summary Judgment (Doc. #77) filed by the five remaining Defendants in this action: HSBC Mortgage Services Inc., Household Finance Corporation III (HFC III), HSBC Finance Corporation, HSBC Group Corporation, and Household International, Inc. For the reasons that follow, the Magistrate Judge RECOMMENDS the motion (Doc. #77) be GRANTED.

**I.      BACKGROUND**

George D. McCarley (McCarley) commenced this *pro se* action on January 31, 2006, seeking equitable relief, compensatory and punitive damages, and costs. Compl. (Doc. #1) at 6-7. Plaintiff filed an Amended Complaint on February 17, 2006, containing

50-pages of convoluted, repetitious allegations. Am. Compl. (Doc. #5).[1] The Amended Complaint (Doc. #5) alleges one named Defendant, HFC III,[2] violated the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605 (2000), on the following thirty occasions: June 2000, July 2000, December 2000, July 2001, September 2001, October 2001, November 2001, December 2001, January 2002, February 2002, March 2002, April 2002 (4 violations), May 2002, June 2002, July 2002 (3 violations), August 2002 (4 violations), September 2002, October 2002, November 2002, December 2002, and July

---

[1] The undersigned notes it subsequently requested McCarley to file a short and concise statement of his RESPA claims. Order of January 26, 2007 (Doc. #22). The Court points out for clarity purposes that the Order of January 26, 2007, did not direct McCarley to file an "Amended Complaint;" it merely requested a statement of McCarley's pending RESPA claims. McCarley moved the Court on March 27, 2007, (Doc. #46) and May 1, 2007, (Doc. #64), to amend the Complaint, but the undersigned denied those motions. Order of March 28, 2007 (Doc. #48); Order of May 3, 2007 (Doc. #65).
  Additionally, McCarley's Brief in Opposition to Summary Judgment contained another request to amend the Complaint to add additional parties. The Court construes this request as a motion to amend, which the undersigned will resolve in a separate order. Pl.'s Br. in Opp'n Summ. J. (Doc. #89) at 8 (Pl.'s Br.).

[2] On page 16 of the Amended Complaint, McCarley claims Hong Kong and Shanghai Banking Company has never notified him "of their presence." Am. Compl. (Doc. #5) at page 16. To the extent that McCarley intended to add this company as a defendant and assert a RESPA claim against it, he makes no argument on summary judgment that Hong Kong and Shanghai Banking Company serviced his mortgage, nor does he mention the company at any place in his Brief in Opposition to Summary Judgment. Accordingly, the undersigned finds that McCarley has abandoned any such claim. See Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) ("[T]he onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.").

2003.  Am. Compl. (Doc. #5) at 3-4 38-39, 43;[3] see also Am. Compl. (Doc. #5) at 4, (repeating RESPA charge against only HFC III), 5 (same), 10 (asserting generally that HFC III violated RESPA); 14 (charging HFC III with a violating § 2605); 21 (asserting HFC III has violated RESPA and listing § 2605 as the statutory provision upon which the charge relies), 36 (claiming HFC III violated § 2605), 37 (same), 39-40 (discussing how HFC III violated § 2605), 43 (charging HFC III with violating § 2605), 45-46 (stating that McCarley seeks redress from injuries created by HFC III and listing § 2605 of RESPA).[4]

Specifically, McCarley claims HFC III repeatedly failed to tender a written response within 21 days to his complaints concerning charges on his account and to reconcile his issues within 60 days as required by RESPA.  He claims HFC III applied late fees and other charges to his account prior to the completion of the 60-day period in

---

[3]As McCarley appears *pro se*, the Court must construe his Complaint liberally. Haines v. Kerner, 404 U.S. 519 (1972), reh'g denied, 405 U.S. 948 (1972).  McCarley's Amended Complaint inconsistently lists the occasions on which HFC III allegedly violated RESPA.  In reading his Complaint, as amended, in the light most favorable to him, the Court lists all occasions.  Nevertheless, the undersigned notes McCarley's Brief in Opposition to Summary Judgment provides he "has documented over 70 violations of § 2605 condition precedent disclosure, in the 30 months of this mortgage duration."  Pl.'s Br. at 9.  McCarley's brief vaguely alleges an additional 40 violations not raised in his Complaint, as amended.  The brief also generally claims the foreclosure on his home was illegal and charges each remaining Defendant with violating subsections 2605(a)-(c) of RESPA.  Pl.'s Br. at 13, 18.  The Court need not reach these allegations, as McCarley cannot add claims through his brief opposing summary judgment.  Austin v. City of Montgomery, 196 Fed. Appx. 747, 753 (11th Cir. 2006) (citing Gilmore v. Gates, McDonald, & Co., 382 F.3d 1312, 1314-15 (11th Cir. 2004)).

[4]The Court observes it has spent countless hours reading through the Complaint, as amended, and the parties' briefs in support and opposition to summary judgment.  It repeatedly has reviewed each page of the Complaint (Doc. #5), as amended, carefully.

violation of 12 U.S.C. § 2605.[5]  See id. at 2-4, 37-39.  These repeated acts, McCarley claims, created a pattern of obstruction.  See id. at 37.

McCarley claims HFC III's liability under RESPA arises out of a series of mergers and acquisitions beginning in 2000.  Am. Compl. (Doc. #5) at 16.  In particular, he claims Household Financial Services acquired his mortgage contract in June 2000, but in November of that year, closed and merged with Household Finance Corporation.  Id.  In August 2003, he claims Household International, Inc., the parent corporation of Household Finance Corporation, merged with Hong Kong and Shanghai Banking Company.  Id.  He also claims, inconsistently and without specification of when, Household Finance Corporation merged with Household International, Inc. and the Hong

---

[5]McCarley only submitted copies of 2 inquiries he made.  Because McCarley did not submit copies of the remaining 28 inquiries, nor does he specify the significance of those 28 occasions, it is unclear to the Court whether McCarley claims he forwarded inquiries to HFC III sometime during the 28 other-identified occasions or the 60-day period expired during these identified occasions.

The Court notes McCarley submitted "call logs" pertaining to telephone communications in support of his RESPA claims and conceded in his Complaint, as amended, that he "would call and dispute" charges appearing on his monthly mortgage statement.  Am. Compl. (Doc. #5) at 39; Pl.'s Exh. 25-27.  RESPA, however, requires "written" communications – referred to as "qualified written request[s]" – as well as other information not relevant here.  12 U.S.C. § 2605(e).  Clearly, the call logs cataloging oral communications would not invoke a duty to respond under RESPA.  12 U.S.C. § 2605(e).  McCarley also alleges he submitted "qualified letters of complaint" under RESPA to the Alabama Attorney General (AG).  Pl.'s Br. at 9 n.8 & 20; Defs.' Exh. 2-3.  The parties' Summary Judgment filings contain only two letters dated January 15, 2001, and February 17, 2001, in which McCarley submits complaints to the Alabama AG's office concerning Household Financial Services' inability to "write loans in Alabama."  Defs.' Exh. 2; see also Defs.' Exh. 3.  The Court need not determine whether these letters constitute "qualified written request[s]" under RESPA for the reasons provided infra.

Kong and Shanghai Banking Company, resulting in HFC III. Id. at 2. McCarley alleges HFC III violated RESPA based upon the following undisputed facts.

On May 1, 2000, McCarley signed a mortgage with Homesense Financial Corporation of Alabama for a lot of property known as 211 Chestnut Street, Roanoke, Alabama. Am. Compl. (Doc. #5) at 38; Pl.'s Exhs. 2-3; Defs.' Br. in Supp. Mot. Summ. J. (Doc. #78) at 1 (Defs.' Br.).[6] Homesense Financial Corporation of Alabama immediately assigned the mortgage to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Household Finance Corporation. Am. Compl. (Doc. #5) at 38; Pl.'s Exh. 3. In June 2000, Household Finance Services began servicing McCarley's mortgage. See Pl.'s Exhs. 9 at unnumbered page 2, 12, 20; Defs.' Br. at 2 (citing Affid. of Dana St. Clair-Hougham, Defs.' Exh. 1 at 2 (St. Clair-Hougham Affid.));[7] Letter from

---

[6]The undersigned notes that McCarley has submitted 28 Exhibits in support of his opposition to summary judgment. The vast majority of the exhibits contain documents produced by Defendants during discovery. Pl.'s Br. at 1 n.4; see Pl.'s Exh. 23. Because these documents were produced by Defendants and submitted by McCarley in support of his arguments opposing summary judgment, the Court believes McCarley does not dispute the information contained within those documents.

[7]McCarley argues Defendants' Exhibit 1, containing an Affidavit of Dana St. Clair-Hougham, "is a lie, a fraud, and a perjury." Pl.'s Br. at 4. McCarley claims his Exhibits 1-22, 25-27, show that Household Financial Services did not appear on any document provided by Defendants during discovery until July 2001. McCarley's argument is baseless and illogical. Two letters from McCarley's evidence in opposition to summary judgment clearly state that Household Financial Services serviced the mortgage beginning in June 2000. Pl.'s Exh. 9 at unnumbered page 2, 12. The fact that the letter was written in 2001 does not undermine the factual statement made by Household Financial Services and presented by McCarley as evidence in this case. To overcome the assertion and/or establish a misrepresentation, McCarley must present actual evidence, not mere speculation, that the letter contains a misrepresentation. He

Curt A. Cunningham, Director of Compliance, Household Financial Services, to Barbara D. Armstrong, Consumer Specialist, Office of the Attorney General (AG), of February 8, 2001, Defs.' Exh. 1A at unnumbered page 1. Household Financial Services there after changed its corporate name to HSBC Mortgage Services, Inc. Pl.'s Exh. 28 at 2; St. Clair-Hougham Affid. at 1. Subsequently, McCarley defaulted on his mortgage, and the mortgage was sold to MERS on February 12, 2004. Am. Compl. (Doc. #5) at 36; Pl.'s Exh. 8. The foreclosure deed revealed that the mortgage was last sold, assigned, and transferred to MERS as nominee for Household Financial Corporation. Id.

## II.   STANDARD OF REVIEW

---

fails to do so.

     Additionally, McCarley twice claims the affidavit contradicts interrogatory responses Defendants provided in this matter. Pl.'s Br. at 5, 7. The Court has reviewed the affidavit as well as Defendants' interrogatory responses. With respect to McCarley's assertion Defendants "continually allege" in their interrogatory response that the servicer was Household Finance Corporation of Alabama, whereas they allege in the affidavit that Household Financial Services serviced the loan, the Court finds McCarley misreads the interrogatory response. The response states unequivocally that Homesense Financial Corporation of Alabama "assigned" the mortgage to Household Finance Corporation of Alabama. This statement does not contradict the affidavit, as no statement is made in the affidavit concerning the company to which Homesense Financial Corporation of Alabama assigned the mortgage. Pl.'s Br. at 5 (emphasis provided). The interrogatory response also identifies Household Financial Services as the servicer, consistent with the affidavit. See Pl.'s Br. at 5; see also Pl.'s Exh. 3 (assigning the mortgage from Homesense Financial Corporation of Alabama to Household Financial Corporation).

     With respect to the second contradiction provided on page 7, McCarley makes no specific argument. Pl.'s Br. at 7. He merely states Defendants' interrogatory response contradicts the affidavit. The Court fails to see any contradiction between the two documents. The interrogatory response describes the corporate relationships between the five-named Defendants. No similar description is provided in the affidavit.

In considering the motion for summary judgment, Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). This standard can be met by the moving party, in cases where the moving party bears the burden of proof at trial, by submitting affirmative evidence establishing every element of the moving party's claim. All the evidence, and the inferences drawn therefrom, must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

With respect to issues (such as affirmative defenses when the plaintiff is the moving party) for which the nonmoving party bears the burden of proof at trial, the moving party may present evidence negating an essential element of the nonmoving party's claim or demonstrate that the nonmoving party's evidence itself is insufficient to establish an essential element of his claim. An issue of fact is "material" if under the applicable substantive law, it might affect the outcome of the case. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (internal citations omitted). In either case, the burden then shifts to the nonmoving party to present evidence showing that there is a genuine issue of material fact. See Castleberry v. Goldome Credit Corp., 408 F.3d 773, 785-86 (11th Cir. 2005). To satisfy this burden, the nonmoving party cannot rest on the pleadings, but must, by affidavit or other means, set forth specific facts

showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). In other words, to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586. The moving party bears "the exacting burden of demonstrating that there is no dispute as to any material fact in the case," Warrior Tombigbee Transport Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983), and that it is entitled to judgment as a matter of law. See Keel v. United States Dep't of Air Force, 256 F. Supp. 2d 1269, 1291 (M. D. Ala. 2003).

## III.  DISCUSSION[8]

---

[8] McCarley claims he brings suit against these five Defendants because they are "the remaining descendants of the string of [m]ergers and [a]cquisitions that changed the identify of the former Household International." Pl.'s Exh. 23 at 2. He further asserts each Defendant therefore "hold[s] the continuing liability for the actions of the former entities that wrote, sold, purchased, serviced, foreclosed illegally" his mortgage. Pl.'s Exh. 23 at 2. McCarley's argument appears to arise out of a misreading of the statute. With respect to the claims before the Court, RESPA expressly imposes a duty to respond and/or take action only on servicers of "federally related mortgage loan[s]." 12 U.S.C. § 2605(a), (e). Parent or subsidiary corporations of "servicers" have no duty to respond and/or take action. To impose a duty on parent or subsidiary corporations would contradict Congress' expressed intent.

> [I]t is reasonable to presume that Congress intended these provisions to be the exclusive methods of enforcing the duties and obligations imposed by the act, as "it is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it. When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode."

U.S. for Benefit and on Behalf of Glynn v. Capeletti Bros., Inc., 621 F.2d 1309, 1315 (5th Cir. 1980) (citing Transam. Mortg. Advisors, Inc., v. Lewis, 444 U.S. 11, 19-20 (1979) (TAMA) (citations omitted)). This principle *expressio unius est exclusio alterius* is

> A. **Claims against HSBC Finance Corporation, HSBC Group Corporation, Household International, Inc. and HSBC Mortgage Services, Inc.**

Defendants claim HSBC Finance Corporation, HSBC Group Corporation, and Household International, Inc., neither made nor serviced McCarley's mortgage loan. Consequently, they argue § 2605 has no application to them. Defs.' Br. at 4 (citing St. Clair-Hougham Affid.). With respect to HSBC Mortgage Services, Inc., Defendants concede only this particular Defendant serviced McCarley's mortgage since 2000; they argue the servicing of the mortgage was never transferred. Id. at 4. McCarley refutes Defendants' contentions. He argues generally Defendants cannot identify the servicer of the mortgage, and they lied about HSBC Mortgage Services, Inc. never transferring service of the loan. Pl.'s Br. at 3 (citing Pl.'s Exh. 1-22, 25-27) & n."@," 7.[9]

Summary judgment for HSBC Finance Corporation, HSBC Group Corporation, Household International, Inc. and HSBC Mortgage Services, Inc. is appropriate in this

---

directly applicable here. RESPA expressly creates an elaborate scheme for imposing compliance with the obligations imposed under § 2605. In view of these express procedures, it is highly improbable that Congress absentmindedly forgot to mention the duty extends to parent or subsidiary corporations. See U.S. for Benefit and on Behalf of Glynn, 621 F.2d at 1315 (citations omitted).

[9] On page 3 of McCarley's brief in opposition to summary judgment, McCarley states that he incorporates by reference his September 28 argument "beginning with all paragraph 8 arguments and extending through both 'Brief in Support of Disclosure Defined' and 'Disclosure Fraud at Inception of Mortgage (Brief in Support) Fraud in Legal Paper Throughout Mortgage.'" Pl.'s Br. at 3. A review of the docket sheet reveals that McCarley did not file any briefs or any other matter on the date provided, nor does the record contain any brief or pleading with those titles.

case. As stated above, McCarley's Complaint, as amended, clearly and repeatedly asserted a RESPA violation against only one Defendant, HFC III. His failure to assert any RESPA claims against HSBC Finance Corporation, HSBC Group Corporation, Household International, Inc. and HSBC Mortgage Services, Inc. requires this Court to enter summary judgment in their favor. None of the 25 exhibits McCarley cites in support of his argument can cure this defect, nor can he amend the complaint by asserting these RESPA claims in his Brief in Opposition to Summary Judgment. Supra note 3. The Court finds summary judgment appropriate against HSBC Finance Corporation, HSBC Group Corporation, Household International, Inc. and HSBC Mortgage Services, Inc. for failure to state a claim under RESPA.[10]

    **B.**    **Claims Against HFC III**

Summary judgment also is appropriate for McCarley's RESPA claim against HFC III. While Defendants argue HFC III never serviced the loan, McCarley, as stated above, generally argues Defendants cannot state definitively which Defendant company serviced his mortgage. Pl.'s Br. at 3 (citing Pl.'s Exhs. 1-22, 25-27), 7. McCarley's Amended Complaint alleges approximately 30 violations of RESPA against HFC III, as the successor corporation to Household International, Inc., Hong Kong and Shanghai Banking Company, and Household Financial Corporation, and in turn, Household

---

[10] In light of the Court's determination, it need not reach Defendants' statute of limitations argument and McCarley's equitable tolling argument. Defs.' Br. at 4-5; Pl.'s Br. at 11-12, 15-18.

Financial Services, for its failure to respond to McCarley's inquires concerning his mortgage.

Defendants have provided a signed, sworn affidavit stating that HSBC Mortgage Services, Inc., formerly known as Household Financial Services, Inc., serviced the mortgage – not HFC III. St. Clair-Hougham Affid. at 2. The affidavit goes further to state that HFC III never serviced the loan. Id. To withstand entry of summary judgment, as the nonmovant party, it is McCarley's burden to present competent evidence designating "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). In other words, McCarley must present sufficient evidence demonstrating that HFC III serviced his mortgage as defined by RESPA.

The term "servicer" is statutorily defined, meaning, with certain exceptions not applicable here, "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. § 2605(i)(2). Explained further, "[t]he term 'servicing' means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan." 12 U.S.C. § 2605(i)(3).

None of the 25-exhibits McCarley points to in support of his argument lists or discusses HFC III, nor do they show that McCarley paid or HFC III received any scheduled mortgage payments from McCarley as required by RESPA to impose duties on HFC III. See Pl.'s Exhs. 1-22, 25-27. Indeed, only one exhibit – not cited, but provided by McCarley – contains information concerning HFC III. McCarley's Exhibit 28 lists a

11

file detail report for HFC III; the report was created from a website apparently associated with the Secretary of State for the State of Illinois. Pl.'s Exh. 28 at 3. The file detail report for HFC III indicates the foreign corporation had a qualification date as a foreign corporation on November 13, 1984. Pl.'s Exh. 28 at 3. No old corporate names or dates of a merger are provided for HFC III in the exhibit. Id. (listing Household Finance Corporation's status as "merge/consolidated" and the old corporate names for other corporations). This exhibit, which provides no corporate history for HFC III, but rather suggests it has existed since 1984, undermines McCarley's allegation that the actions or omissions of Household Financial Services, and in turn, Household Finance Corporation, which allegedly merged with Household International, Inc., and HSBC, are attributable to HFC III as the successor corporation.

Additionally, McCarley's allegation is contradicted by Defendants' interrogatory response, which McCarley provided in his Brief in Opposition to Summary Judgment. Defendants' interrogatory response states Defendant Household International, Inc., and Household Finance Corporation formed Defendant HSBC Finance Corporation. Pl.'s Br. at 7 (citing Defendants' Interrogatory Response). As stated above, because Defendants have provided evidence that HFC III never serviced the loan, to withstand entry of summary judgment, McCarley must present competent evidence designating "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). McCarley has not presented any evidence showing HFC III, based on its

historical corporate relationships, serviced the loan. His contention that the acts or omissions of Household Financial Services, and in turn, Household Finance Corporation, which allegedly merged with Household International, Inc., and HSBC, are attributable to HFC III as the successor corporation are therefore based entirely on conjecture. Mere conclusory allegations or speculation will not defeat a properly supported summary judgment motion. Barfield v. Brierton, 883 F.2d 923, 934 (11th Cir. 1989) ("If the nonmoving party's response consists of nothing more than a repetition of his conclusory allegations, the district court must enter summary judgment in the moving party's favor.").[11] Accordingly, summary judgment is also appropriate for HFC III.[12]

## IV.    CONCLUSION

For the reasons specified above, the undersigned Magistrate Judge RECOMMENDS that Defendants' HSBC Mortgage Services Inc., Household Finance Corporation III, HSBC Finance Corporation, HSBC Group Corporation, and Household International, Inc. joint motion for summary judgment (Doc. #77) be GRANTED. The undersigned further RECOMMENDS that Final Judgment be entered against the named

---

[11] As stated in the Background Section, McCarley also inconsistently claims in his Amended Complaint that only Household International, Inc. merged with Hong Kong and Shanghai Banking Company. This argument does not support his claim against HFC III, as it, essentially, charges HFC III, as the successor company of Household International, Inc., with a violation of RESPA merely based on the fact that Household International Inc. allegedly served as the parent corporation for Household Finance Corporation. For the reasons stated supra note 8, no RESPA duty would extend to HFC III on these facts.

[12] Supra note 10.

Plaintiff –George D. McCarley– and in favor of named HSBC Mortgage Services Inc., Household Finance Corporation III, HSBC Finance Corporation, HSBC Group Corporation, and Household International, Inc.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation by **January 2, 2008**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982).  See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982).  See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 20th day of December, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.

UNITED STATES MAGISTRATE JUDGE