IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

George D. McCarley
    Plaintiff
v.                          Civil Action No. 3:06-CV-0091-MEF
                                             Lead Case[1]

Household Finance Corporation III
    Defendant

## OBJECTION TO SUMMARY JUDGMENT RECOMMENDATION[2]

Plaintiff respectfully objects to the recommendation of the Magistrate Judge, Doc 114, and to each and every assertion therein. Plaintiff can summarize the Courts lack of understanding that leads to this recommendation, into three distinct areas. (I) The Court misinterpreted plaintiff proof of defense lies[3], (II) The Court was not aware of case consolidation orders of former Magistrate McPherson, and (III) The Court failed to understand why defendant parties[4] were charged.

This is a wholly illegitimate Summary Judgment Motion due to (1) the fact it addresses less than one third the violations and only one of the three major categories of violation; (2) both the defendant and separately the Court appear to have forgotten to argue RESPA violation points and instead argue other issues; (3) defense fails to provide a single case citation. In an abundance of caution, the following will clarify plaintiff rebuttal and Judge will surely vacate the recommendation.

1. Plaintiff proved the defendant lied to the Alabama Attorney General[5] in 2001 in the defense response to plaintiff Qualified Letter of Complaint.
2. Defendant has now repeated and relied upon that very same lie to this court.
3. Defense appears to construct their entire case defense upon this now proven lie.
4. Defense Fraudulently Concealed evidence of the lie until recent plaintiff discovery[6], thus continuing damages to plaintiff.

---

[1] 3:06 cv 00091 (lead case) includes Household Finance Corporation, III (00093), HSBC-Gr. Corp. (00102), HSBC Mortgage Services, Inc. (00104), HSBC Finance Corporation (00101), and, Household International, Inc. (00103).
[2] Judges order comes at a Holiday season time during which McCarley research facilities are closed. Plaintiff had less than 2 hours in local library on internet to perform research. However, plaintiff is satisfied that no new case citations are required to rebut and convince Judge to reverse his recommendation.
[3] Allowing lies sends wrong message to corporations, enabling the next generation of Nigerian pirates.
[4] RESPA is a consumer protection statute. Defendant lies equal RESPA 2605 disclosure violations throughout.
[5] Defendant lie resulted in THEFT of remaining McCarley Home Equity in amount of 35%.
[6] WHERE WE ARE and THE FACTS OF THIS MOTION

1

5. Defense lied to this court yet again, stating that 11th Circuit has not opined such a case; whereas, and plaintiff has now proven the falsehood of yet another defense assertion.

---

I)The defendant has filed a convoluted and wandering summary judgment motion attempting to invoke statute of limitations grounds and filed certain documents in support thereof.

II)Plaintiff has effectively rebutted said motion and proved with documents surrendered by defense (1) no statute of limitations issue exists, (2) documents filed in support of defense motion are proven to be lies by other defense provided documents, (3) defendant has committed fraudulent concealment in an attempt to survive statute of limitations, (4) defense lies now proven rise to the level of fraud and perjury, in addition to violations of RESPA disclosure and specific performance.

III)The judge has chosen to largely ignore defense and plaintiff argument and formulate his own argument against plaintiff, arguing many grounds never raised hinted or charged by defense.

IV)George McCarley mortgaged 65% of his family home equity with Homesense Financial Services of Alabama in May of 2000. That bank immediately established a servicing agreement with defendant entities effective in June 2000. Upon noting defendant was a Chicago based corporation, plaintiff immediately realized the 65% mortgage to be a dumb mistake and immediately attempted to refinance to a greater portion of the total equity. Defendant "stone-walled" all McCarley attempts. McCarley researched defendant and learned they were not properly registered with either Alabama Secretary of State (SOS), or Alabama State Banking Department, as required by state law. McCarley wrote "RESPA Qualified Letter(s) of Complaint" in 2001, to Alabama Attorney General (AG), reporting the illegal acts of defendant. AG in turn executed correspondence and discussion with defendant ultimately advising McCarley to get an attorney. Defendant wrote official response to AG proclaiming innocence and alleging that defendant was in fact properly licensed and registered to do business in Alabama. This Lie to AG resulted in defendant THEFT of 35% equity in McCarley family property. McCarley was foreclosed illegally in 2004, by defendant, thus causing great injury, mental and emotional anxiety, financial distress, preventing McCarley ability to obtain professional employment, and slandering the person of George McCarley. McCarley files this lawsuit in ALMD in January 2006, charging defendant with violation of RESPA.

V)The litigants are scheduled for jury trial in April 2008 and engaged in discovery in June 2007. During discovery, defendant surrendered over 140 documents to plaintiff. Now in this 2007 Motion, Defendant has reproduced the Qualified Letter of Complaint indicated above. Plaintiff McCarley has submitted to the court, certain defense documents as proof positive the defendant in fact LIED TO ALABAMA AG in 2001. (Reproduced call logs from 2 different defendant entities on four different days openly admit and discuss they were not licensed in Alabama and must establish special programs as a result.) (See reproduced exhibits 1, 3, 4, 4A, 9, 13, 14, 25, 26)

VI)McCarley charges yet again, this series of events reproduced in detail with discussion below makes it blatantly clear this defendant (i) knowingly LIED to Alabama Attorney General, (ii) intentionally repeated that lie to this Federal District Court, (iii) with attempt to damage plaintiff, constructs his entire case upon that very lie, (iv) knowingly committed fraudulent concealment as a conscious and intentional attempt to escape justice, (v) intentionally commits perjury as a direct result of filing official documents based wholly upon that lie and act of fraudulent concealment.

VII)Defendant compounds this lie with more lies, by intentionally filing false recordation documents in Randolph County. Defendant intentionally recorded false deeds and title in names of two corporations never disclosed to McCarley, then during discovery, McCarley would learn defendant internal documents never reflect the two corporations recorded, and defense documents intentionally state the name of a third false entity as creditor. (exhibits 1, 3, 4, 4A and below.)

Further, the Magistrate Judge in *BACKGROUND* has chosen to ignore the blatancy of these lies[7] and formulates his opinion on the following points that <u>do not</u> outweigh now proven lies.

a. Judge Fuller signed Doc 3, 4, docketing this case following Magistrate McPherson review and the courts specific format orders that were to be included in body of amended complaint.

b. Judge Capel background statement infers McCarley only charged HFC III[8]. This is an erroneous interpretation of previous orders, (see transcript of preliminary review consolidating the cases), as the parties were instructed to treat HFC III as the consolidated lead case to prevent voluminous paperwork that would result by repeating all parties each and every time. This order followed plaintiff original filing of 15 separate textual documents of complaint[9], and therefore, each party has indeed been charged.

c. Judges Doc. 114 fn2 on page 2 suggests that because plaintiff failed to name HSBC "that he had abandoned that claim." In fact, plaintiff alleges the Judge has lost sight of the totality of this case. HSBC, as parent company for all the parties named, cannot be abandoned. Further, the defendant has not challenged this point and the Judge is improper and off-base to suggest such. Lastly, *RTC v. Dunbar* as invoked by Judge is wholly without grounds. If this plaintiff truly abandons HSBC, then he abandons his case. To suggest such is to infer an outright misunderstanding of why the parties are chosen and named. None of the original parties except HOUSEHOLD INTERNATIONAL appear to be "on the planet". Thus, all successors and assigns resembling the parties must be named to insure proper justice.

---

[7] Each and every lie in this case represents a corresponding violation of RESPA 12 USC 2605. The lies discussed in this venue represent a FAILURE TO DISCLOSE, whereas many violations not addressed by defense represent FAILURE TO PERFORM THAT WHICH WAS DISCLOSED.

[8] Plaintiff suggests the Court is out of order to question propriety of basic charges already on "the books" for 2 years. If Judge is correct then the court should pay damages and not the defendant.

[9] Plaintiff petitioned the court to change the lead case to HSBC - - petition denied. Because defendant never questioned this point, the court is off base to now go there.

3

d. Judges fn3, page 3 continues the Judges misunderstanding of "the parties" and plaintiff response in subparagraph b above applies equally. Again, the defendant has never challenged this point and Judge is wholly improper to act in the role of defense co-counsel.

e. Judges fn5, page 4, Judge infers plaintiff should have provided the court with 28 other "letters of complaint", when in fact, plaintiff only provided rebuttal for the two specific letter of complaint challenged by defendant. Plaintiff is under no obligation to provide further letters at this or any other time. 12 USC 2605 DOES NOT require a formal letter of complaint for each and every violation. Instead, 2605 and case precedent simply requires a letter of complaint. As plaintiff has testified, more than 100 violations of 2605 are documented by plaintiff. The court should understand the practical point that, had McCarley written an average of 3 letters each month, he would've been laughed out of any and all venues. Plaintiff notes again, this Judge is questioning issues never challenged, hinted, opined, or suggested by the defendant and therefore the Judge is off base and improper. Proper response from the Judge should be to penalize the defendant for his LIE TO THE ALABAMA AG in response to the written complaint, AND HE SHOULD BE EVEN MORE FURIOUS THAT DEFENDANT HAS REPEATED THAT LIE TO THIS COURT AND APPEARS TO PREMISE HIS ENTIRE CASE ON THE NOW PROVEN LIE.

f. Judges fn6, page 5 contains a suggestion by Judge that McCarley "does not dispute the information contained" in 28 evidence exhibits tendered. McCarley simple reply is that now is not the time to engage in a full discussion of "other information" not challenged by defendant. Plaintiff is rebutting a specific Summary Judgment Motion by defendant. Those many other points are (i) issues for trial and, (ii) issues for use in proving defendant pattern of practice of FRAUDULENT CONCEALMENT. Whether McCarley does or does not discuss the other data contained is not an issue for this Summary Judgment rebuttal.

g. (i) Now in Judges Fn7, pages 5 and 6, the judge questions McCarley evidence that clearly identifies the blatant lies being proffered by defendant. Seeking the most concise method of proving his point, yet again, to the court, McCarley will reproduce certain evidence exhibits from his rebuttal. McCarley will further take the liberty of "yellow highlighting" the salient portions of these defense provided documents that make it clear there is a blatant and criminal defense lie being continued and relied upon by the defense.

g. (ii) We direct the Court to the following Plaintiff Exhibits: 1, 3, 4, 4A, 9, 13, 14, 25, 26. Contained are at least three lies (RESPA disclosure violations) that rise to the level of PERJURY. (There are other lies.) Those discussed herein are all that are required to prove the McCarley point that (1) The defense lied to Alabama AG, (2) Defense has repeated the very same lie to this Court; (3) Defense constructs their entire case on this lie, (now perjury).

g. (iii) Exhibits 3, 4, 4A proves the lie contained in the affidavit[10] with regard to identity of parties.

(1) The only duly and legally recorded entity is Homesense Financial Corp of Alabama, as they are the only entity properly recorded at the Randolph County Probate Office. (Ex 3, 4, 4A)

(2) Household Finance Corporation *claimed* title to the mortgage[11], without authority or disclosure, and registered same with Randolph County Probate Court. (Ex 3, 4, 4A)

(3) The only assignment properly recorded in Probate Court is dubious, as Household Finance Corporation claims to have assigned mortgage to Mortgage Electronic Registration Systems (MERS). (Ex 3, 4, 4A) Defendant affidavit never mentions MERS thus another lie.

(4) Because none of the entities in the affidavit is recorded in Randolph County Probate Court, they become lies and now acts of perjury and fraud.

---

[10] Defense Affidavit never acknowledges presence of HOUSEHOLD FINANCE CORPORATION as creditor, nor do they acknowledge the now proven involvement of over 50 other entities engaged at some time in the life of this mortgage and disputed foreclosure; therefore further invalidating said affidavit.

[11] Yet another dubious lie enters the picture upon review of Pl Exh 1. With this document surrendered by defense, they claim an entity identified as PRIVATE INVESTOR #14 IS THE CREDITOR. Most obviously, defendant corporation lies through their teeth. Obviously they have no idea of identity of creditor or servicer.

5

(5) This dubious legal paper was filled out and signed in advance – clearly initiated in May 2000 and not recorded in Randolph County Probate Court until Feb 2002, illustrating presence of an even greater act of lie, fraud, and perjury. Defendant act proves conspiracy to defraud, as McCarley was "set up" to be foreclosed[12] on the very day he signed the mortgage.

(6) Ex 9, subp 1 alleges to Alabama AG, defendant is fully licensed to write loans in Alabama.

(7) Exhibit 13, 14, 25, 26 contain statements from different divisions of defendant, recorded in call logs by their employees on four (4) dates, they admit they WERE NOT licensed in Alabama and they had to set up a special program to fully service mortgages in Alabama[13].

The simple rules of right versus wrong make it clear the Court should not allow these lies. The exhibits present other lies, although the lies discussed herein are fully adequate for this rebuttal. This court is due to use this basic evidence to award McCarley a win and payment of damages[14].

II COURTS STANDARD OF REVIEW ARGUMENT

In considering of the foregoing, it becomes blatantly clear the court has overlooked key issues and evidence and exhibits. Due to the foregoing points, it becomes clear that the proven lies ARE GENUINE ISSUES OF MATERIAL FACT and THESE ISSUES ARE CLEARLY TRIABLE ISSUES OF MATERIAL FACT, and the court is bound to change its original opinion

III COURTS DISCUSSION A & B

The court lists some discussion, without summary, of the mergers and acquisitions along with a case cite related to parents and subsidiaries. While not sure of courts direction, plaintiff will add that Congress never wrote a statute of RESPA that removed liability of a corporation following

---

[12] See Ex 3, 4, 4A (The court has ordered that I remain away from the criminal domain) Exhibits 9, 13, 14, 25, 26 prove the defendant lied to the Alabama AG in 2001 and repeated to this court and premise their defense on a lie that rises to the level of fraudulent concealment.

[13] After McCarley reports defendant to Ala. AG, thus exposing their failure to obey state licensing law, they are forced to execute any action against McCarley to make him look bad.

[14] To adjudge otherwise is to provide "Saddam's Bank" a "green light" and to enable a Nuevo generation of Nigerian pirates to lie at will to any court anywhere, anytime. Obviously this would not be justice.

6

mergers and acquisitions, and Congress never intended a corporation could adopt policies such as HSBC which changes names the way a chameleon changes colors as a means of escaping liability. Therefore, plaintiff believes the case cite contained is misapplied. You see, this defendant has not only changed entities 50 times during a 30 month mortgage duration, they have also lied (RESPA violation) about the name changes and fully ignored other laws requiring recordation of deeds and titles. It is safe to say this case is overly complicated$^{50}$ (to the power of 50) as a result of the constant non disclosed identity changes in violation of RESPA. This fact makes it very difficult for a judge to keep pace with an overly complicated case that now spans two years in the approach to trial.

Plaintiff believes the courts discussion is fully without merit and preposterous. Any assertion by anyone that plaintiff has only made charges against HFC III is a blatant misrepresentation of all the filings in this case. We direct the court to subparagraph b above. If the court will look once again at the original complaint filed, the court will be reminded that McCarley filed 15 separate complaints (15 case numbers) on 15 fully separate copies of the charges. The charges were sufficiently similar that Judge McPherson, the original magistrate, ordered that for purposes of simplification and paperwork reduction, we would refer to all charges on a single filing and she ordered that HFC III be the lead case, thus all the remaining five (5) defendants have been treated in that manner. Each and every charge detailed against one is charged against all five (5) defendants.

The court should vacate Discussion A and B and the recommendation due to the foregoing.

Desired Outcome

Plaintiff provided a recommendation in rebuttal to Defense Summary Judgment Motion to award THE PLAINTIFF a full and outright win in this case. Thus, the plaintiff rebuttal effectively serves as a Plaintiff Counter Summary Judgment Motion. Based upon the blatancy of the defense lies and fully supported by evidence of Fraudulent Concealment discussed in rebuttal, this court is due to rule against the recommendation of the Magistrate and award Plaintiff McCarley a victory.

Plaintiff believes the blatancy of defense lies is so extreme that it rises to the level of a Fed R. Civ. Pro. 54 Default and .a Fed R. Civ. Pro. 56 (g) delay action. The Court is now surely clear that this defendant has been engaged in an intentional pattern of delay continuously since their lie to the Alabama AG in 2001. Therefore, they are due to be assessed an extreme penalty as a result.

While plaintiff believes the blatant defense lies proven should result in a full damage award, he is equally convinced he should be awarded at least some portion of his claim. The most appropriate, would be to award the demand for back pay. Plaintiff demanded $100,000 per year for five years, totaling $500,000 for backpay. Considering the defendant lie to Alabama AG would occur in 2001, perhaps even more years of backpay are justified. The defendant lie to Alabama AG easily merits awarding plaintiff possession of his property, with balance determined by trial.

In summary, plaintiff is mystified that a judge would argue points never raised by the defense[15]. With all due respect to the Court, be advised that this recommendation must be vacated and defendant penalized with relief to McCarley, or we will appeal this pattern of defense lies.

Respectfully submitted

PROOF OF SERVICE

George D. McCarley, Pro Se
216B Chestnut Street
Roanoke, Al 36274

I, George D. McCarley, do swear or affirm that on Dec 31, 2007, I have served the enclosed ACTION on each party to the above or that party's counsel, and on every other person required to be served, by depositing envelope containing the above documents in the United States Mail properly addressed, and with first class postage prepaid, for delivery within 3 calendar days.

Middle District of Alabama, Eastern Division
One Church Street, PO Box 711
Montgomery, Al 36101-0711

Mr. George Parker
Bradley Arant Rose and White
401 Adams Ave, Suite 780
Montgomery, Al 36104

I declare under penalty of perjury that the foregoing is true and correct.

Executed on Dec 31, 2007

George D. McCarley

---

[15] Plaintiff takes this opportunity to remind Judge he is an IPF Pro Se and to apologize if he inadvertently presented evidence in a confusing manner - - and confusion is a strategy of defendant HSBC. However, we continue to express concern that plaintiff appears to be arguing points raised by a Judge that have never been questioned or hinted by the defense - - and we believe this to be wholly improper.

Pro Docs, Inc.
1220 Turner Street, Suite F
Clearwater, FL 33756
Tel: (727) 467-9555 Fax (727) 469-8661

## DELIVERY FORM

| | | | |
|---|---|---|---|
| TO: | Household Mortgage Services<br>577 Lamont Road<br>Elmhurst, IL 60126 | Client Representative | JIM HARTIGAN |
| | | Loan Pool Name: | |
| Loan Number | 2935534 | Private Investor Loan # | 14 |
| Loan Date | 5/19/2000 | Loan Amount | $26,400.00 |
| Mortgagor Last Name | GEORGE MCCARLEY | | |
| Mortgagor First Name | | | |
| Property Address | 211 CHESTNUT ST | | |
| Property Location: City | ROANOKE | County | RANDOLPH | State | AL |

**Mortgage Recording Data Retrieved**

| | |
|---|---|
| Lender's Name | HOMESENSE FINANCIAL CORP OF ALABAMA |
| Trustee Name | |
| Recording Date | 5/17/2000 |
| Document Number | |
| Book Number | 403 |
| Page Number | 122 |
| Pin Number/Tax ID | |
| Legal Description: | LOT 4, BLK D, DAVID MANLEY'S ESTATE, RANDOLPH CO., ALABAMA |
| Last Recorded Assignment: | |
| Other: | PLAIN COPY OF FULL MORTGAGE ATTACHED |

DateSentClient: 6/26/2002

PLEASE NOTE: THE DOCUMENTS ATTACHED SHOULD BE VERIFIED
TO ENSURE THEY ARE THE DOCUMENTS REQUESTED.

HMS 2935534

Plaintiff Exhibit 1

CV-0091-MEF
00001

07/10/2002 01:02:28 PM
Hack Diamond
Probate Judge
Randolph County, Alabama

When Recorded, Mail and Return To:
Household Mortgage Services
577 Lamont Rd.
P.O. Box 1247
Elmhurst, Il 60126    2935534

Recording Fee    16.00
TOTAL            16.00

ASSIGNMENT OF SECURITY INSTRUMENT

Date: 5-1-2000

Owner and Holder of Security Instrument ("Holder"):
HOMESENSE FINANCIAL CORP. OF ALABAMA, which is organized and existing under the laws of the State of South Carolina.

Assignee: X

Security Instrument is described as follows:
Date: 5-1-2000
Original Amount: 26,400.00
Borrower: George McCarley
Lender: Homesense Financial Corp.
Mortgage Recorded or filed on: 5-19-2000
In Book, Page: 403 / 122
Of the Office Records in the County Recorder's/Clerk's Office of: Randolph

X Mortgage Electronic Registration Systems, Inc., its successors and assigns, as nominee for Household Finance Corporation, its successors and assigns, G4318 Miller Rd., P.O. Box 2026, Flint, MI 48501-2026.

Property (including any improvements) Subject to Lien:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

For value received, Holder sells, transfers, assigns, grants and conveys the Security Instrument and the Note described therein, all of Holder's rights, titles and interests in the Security Instrument and Note, and all of Holder's title and interest in the Property to Assignee and Assignee's successors and assigns, forever.

When the context requires, singular nouns and pronouns include the plural.

IN WITNESS WHEREOF, Holder has caused these presents to be signed by its duly authorized officer(s) and to attested and sealed with the Seal of the Corporation, as may be required.
(Seal)    HOMESENSE FINANCIAL CORP. OF ALABAMA

By _____
Beth Miller, Vice President

STATE OF SOUTH CAROLINA)
                       )SS:
COUNTY OF LEXINGTON    )

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared Beth Miller, known to me to be the person and officer whose name is subscribed in the foregoing instrument and acknowledged to me that the same was the act of said HOMESENSE FINANCIAL CORP. OF ALABAMA which is organized and existing under the laws of the State of South Carolina, and that he executed the same as the act of such entity for the purposes and consideration therein expressed, and in the capacity therein stated.

Witness, my hand and Notaries Seal this __1__ day of May, 2000.

_____
Notary Public
My Commission Expires: 4-20-04

PLAINTIFF EXHIBIT
3

CV-0091-MEF
00009

MERS #: 1000460-000    2935534  8
PH #: 1-888-679-6377
HMS _____

PREPARED BY:
SHEHLA REHMAN
577 LAMONT RD.
ELMHURST, IL 60126
630-617-7000

SRehman

Loan No.
Borrower:

## ASSIGNMENT OF SECURITY INSTRUMENT

Date:

Owner and Holder of Security Instrument ("Holder"):
HOMESENSE FINANCIAL CORP. OF ALABAMA, which is organized and existing under the laws of the State of South Carolina.

Assignee: _____

_____

Security Instrument is described as follows:
Date:
Original Amount:
Borrower:
Lender:
Mortgage Recorded or filed on:
In Book, Page:
Of the Office Records in the County Recorder's/Clerk's Office of:

Property (including any improvements) Subject to Lien:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

For value received, Holder sells, transfers, assigns, grants and conveys the Security Instrument and the Note described therein, all of Holder's rights, titles and interests in the Security Instrument and Note, and all of Holder's title and interest in the Property to Assignee and Assignee's successors and assigns, forever.

When the context requires, singular nouns and pronouns include the plural.

IN WITNESS WHEREOF, Holder has caused these presents to be signed by its duly authorized officer(s) and to attested and sealed with the Seal of the Corporation, as may be required.
(Seal)                HOMESENSE FINANCIAL CORP. OF ALABAMA

By _____
Beth Miller, Vice President

STATE OF SOUTH CAROLINA)
                        )SS:
COUNTY OF LEXINGTON     )

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared Beth Miller, known to me to be the person and officer whose name is subscribed in the foregoing instrument and acknowledged to me that the same was the act of said HOMESENSE FINANCIAL CORP. OF ALABAMA which is organized and existing under the laws of the State of South Carolina, and that he executed the same as the act of such entity for the purposes and consideration therein expressed, and in the capacity therein stated.

Witness, my hand and Notaries Seal this ___1___ day of _May_ 2002.

_____
Notary Public
My Commission Expires: 4-28-04

[handwritten margin note: (BLANK NOTARIZED FORM) (CM)]

Plaintiff Exhibit 4

When Recorded, Mail and Return To:
Household Mortgage Services
577 Lamont Rd.
P.O. Box 1247
Elmhurst, Il 60126    2935634

*(handwritten note, circled: Note Not Recorded GM)*

ASSIGNMENT OF SECURITY INSTRUMENT

Date: 5-1-2000

Owner and Holder of Security Instrument ("Holder"):
HOMESENSE FINANCIAL CORP. OF ALABAMA, which is organized and existing under the laws of the State of South Carolina.

Assignee: ✗ _____

_____

Security Instrument is described as follows:
Date: 5-1-2000
Original Amount: 26,400.00
Borrower: George McCarley
Lender: HomeSense Financial Corp.
Mortgage Recorded or filed on: 5-19-2000
In Book, Page: 403/122
Of the Office Records in the County Recorder's/Clerk's Office of: Randolph

✗ Mortgage Electronic Registration Systems, Inc., its successors and assigns, as nominee for Household Finance Corporation, its successors and assigns, G4316 Miller Rd., P.O. Box 2026, Flint, MI 48501-2026

Property (including any improvements) Subject to Lien:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

For value received, Holder sells, transfers, assigns, grants and conveys the Security Instrument and the Note described therein, all of Holder's rights, titles and interests in the Security Instrument and Note, and all of Holder's title and interest in the Property to Assignee and Assignee's successors and assigns, forever.

'When the context requires, singular nouns and pronouns include the plural.

IN WITNESS WHEREOF, Holder has caused these presents to be signed by its duly authorized officer(s) and to attested and sealed with the Seal of the Corporation, as may be required.
(Seal)            HOMESENSE FINANCIAL CORP. OF ALABAMA

By _____*/s/ Beth Miller*_____
Beth Miller, Vice President

STATE OF SOUTH CAROLINA)
                       )SS:
COUNTY OF LEXINGTON    )

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared Beth Miller, known to me to be the person and officer whose name is subscribed in the foregoing instrument and acknowledged to me that the same was the act of said HOMESENSE FINANCIAL CORP. OF ALABAMA which is organized and existing under the laws of the State of South Carolina, and that he executed the same as the act of such entity for the purposes and consideration therein expressed, and in the capacity therein stated.

Witness, my hand and Notaries Seal this __1__ day of __May__ 2000.

_____*/s/ Laurie B. Fulmer*_____
Notary Public
My Commission Expires: 4-20-04

CV-0091-MEF
00022

Plaintiff Exhibit 4A

MERS #: 1000460-000    2935534-8
PH #: 1-888-679-6377

PREPARED BY:
SHEHLA REHMAN
577 LAMONT RD.
ELMHURST, IL 60126
630-617-7000
*/s/ S. Rehman*

Household Financial Services
A Household International
Company

[address illegible] Grand Regency Boulevard
[Brandon], FL 33510     Fax 813.671.6511



Barbara D. Armstrong
Consumer Specialist
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130

Re: George McCarley
    Household Account 2935534

Dear Ms. Armstrong:

Thank you for your correspondence dated 08-March-01 regarding a complaint filed with your office by George McCarley. We have reviewed our original response dated 08-February-01 issued to your office and Mr. McCarley. It is our position that a reasonable, detailed and factually accurate response was provided to Mr. McCarley's complaint in our 08-February-01 correspondence. However, in the spirit of cooperation, we are happy to issue a second correspondence for the benefit of Mr. McCarley.

Mr. McCarley's correspondence to your office dated 17-February-01 states:

> "1. His company is not licensed to write loans in the State of Alabama, yet they continue to masquerade as though they have full ability to service my mortgage."

Household Financial Services (HFS) is the trade name for a mortgage servicing operation which services loans for a number of entities, including Household Finance Corporation of Alabama. Household Finance Corporation of Alabama is fully licensed to originate loans in the State of Alabama.

> "2. Once located, his office was provided *precisely* the same documentation *provided the original lender* in this matter. Then they continued to ask for more and more information, clearly intended to dodge or delay my request."

Please note that the toll-free customer service number, written inquiry address and payment remittance address for HFS all appear on the Welcome Letter provided to Mr. McCarley when HFS obtained his loan contract from his original lender, HomeSense Financial Corp. of Alabama. The toll-free customer service number, written inquiry address and payment remittance address for HFS also appear on Mr. McCarley's monthly billing statement. We are unable to ascertain from Mr. McCarley's correspondence why he had difficulty in locating HFS.

*[handwritten margin note: "NOTE WRONG COMPANY (krm) (GM)"]*

Plaintiff Exhibit 9

CV-0091-MEF
00094

```
TR0100C4                 HOUSEHOLD WHOLESALE TELESALES         Date:  2/07/01
ID: 0050028886              Work with Tracked Items            Time: 15:04:16
Casename: MCCARLEY              Header: STATUS      Element: NOTES        0
Company: J - HOUSEHOLD FINANCIAL SERVICES
```

User: HFC0364       Date: 2000-12-05   Time: 17:23:40

sold 2/6 LIBOR at 13.35 with approx 10k out. Having customer fax over BFS full doc. printing out necc docs. Having McFee change orig to discount. Notifying Dave Marsh in P and C about the package we need to set up for state of Alabama.

F3=Exit  F12=Cancel

Date: 02/07/2001 Time: 03:07:28 PM

Plaintiff Exhibit 13

CV-0091-MEF
00109

```
Document Name: untitled
```

```
| TR0100C4              HOUSEHOLD WHOLESALE TELESALES          Date: 2/07/01   |
| ID: 0050028886            Work with Tracked Items            Time: 15:04:27  |
| Casename: MCCARLEY            Header: STATUS       Element: NOTES      0    |
| Company: J - HOUSEHOLD FINANCIAL SERVICES                                    |

   User: HFC0364        Date: 2000-12-13  Time: 15:17:09

changed loan pgm to Alabama loan pgm recently made available.




F3=Exit   F12=Cancel
```

Date: 02/07/2001 Time: 03:07:40 PM

Plaintiff
Exhibit  14

CV-0091-MEF
00115

| Type | Date | Init | Notes |
|---|---|---|---|
| LOG | 12/04/00 | JWB | ***COMPLAINT FILED***MR UPSET BECAUSE HE IS GETTING RUN AROUND ON TRYING TO BORROW MORE MONEY WE HAVE DECLINED HIM BECAUSE WE DO NOT ORIG. LOAN IN AL DUE TO WE DO NOT HAVE A LIC. REFER CUSTOMER TO BRANCH OFC MONTGOMERY AL 334-277-7740... ADVS MR I WILL HAVE SOMEONE TO CALL HIM BACK SPOKE TO MIKE IN BRANCH AND HE WILL CALL CUSTOMER BACK....JUDYB |
| COL | 12/04/00 | FFW | C/R TT MR (D) WILL ML PMT (D)  290.51  12-14 |
| COL | 12/04/00 | FFW | NL ML OUT PYM\T ON 12/5, REFUSED TO SET UP T/C, BUT WANTED TO TALK TO TELESALE GAVE PH# |
| COL | 10/11/00 | MXB | C/R TT MR (D) PAID VIA TC (D)  290.51  10-14 |
| COL | 10/11/00 | MXB | RPD PYMNT LOST IN MAIL STOPPED PYMNT TC ON 10/11 AMT 610.08 CK# 1079 10.00 FEE |
| LOG | 10/11/00 | MXB | NEW TC - AMT 610.08 - PROC DT 10/11/2000  ABA 061000052 - BK ACCT 001001125467 |
| COL | 10/10/00 | CNR | C/R TT MR (D) NO ARRANGMNTS (D) |
| COL | 10/10/00 | CNR | TT N/1 SD THT HE WLL TRY TO FIND OUT WHT THE DELAY IS BEC HE ML THE PYMT ALRDY.IF HE CN\T FND THS PYMT HE WLL SND ANOTHER ONE. |
| COL | 10/09/00 | LZA | CAL RESIDENCE NO ANSWER |
| COL | 10/09/00 | *** | NOTICE    FINAL    (F-199) |
| COL | 10/04/00 | DDK | C/R TT MR (D) MAILED PMT (D)  290.51  10-06 |
| COL | 10/04/00 | DDK | MAILED 9/28 |
| COL | 10/03/00 | JDP | CAL RESIDENCE NO ANSWER |
| COL | 08/01/00 | JOH | C/R TT MR (D) PMT TRNS PRSNT (D)  290.51  08-05 |

14

Plaintiff Exhibit 25

```
COL   02/15/01   D2P              CAL RESIDENCE NO ANSWER
COL   02/15/01   MBJ              CAL RESIDENCE NO ANSWER
COL   02/13/01   JDP              CAL RESIDENCE DID NOT LEAVE MSG
COL   02/09/01   QXV              I ADV HIM IF THIS ACCT IS NOT BROUGHT CUR I WOLD HV
                                  TO GIVE IT TO MY SUP FOR REV FOR 4-CLOSER HE SD DO
                                  IT AND PLAN ON BEING SUIED HE SD NO COM FOR ANY PMT
COL   02/09/01   QXV              HE THEN STATED HE IS DOCU EVERYTHING AND ALL CLS TO
                                  GIV TO THE ATTORNEY GENERAL IN AL FOR HPS TKING HI
                                  S MRG OUT OF STAT AN NT SERV AND LIEING TO HIM
COL   02/09/01   QXV              HE THEN SD IT WAS A CK FROM NY AND IT TOOK LONGER T
                                  HEN WHAT HE THOUGHT FOR CLEARING SD WE MD A MISTAK
                                  AN RAN IT A SECOND TIM AND CK WAS NT CLEAR YET
COL   02/09/01   QXV              N1 SD REP TOLD HIM WD PRO T/C ON 012801 ONLY WHEN R
                                  EP VERIFED FUNDS AVAL N1 STATED HE TOLD REP THAT FU
                                  NDS SHOPULD BE CLEARED ON 012801 FOR 600.00
COL   02/09/01   QXV              T/R T/T MR    NO ARRANGEMENTS
COL   02/09/01   QXV              SD MLD PMT A WK AGO I TOLD HIM STILL HAV NT REC IT
                                  I TOLD HIM WE STILL NEED 1162.04 HE SD WE MD MISTAK
                                  E ON T/C N1 SD REP LIED ABU ISSUE IT TO ACCT
COL   02/08/01   JOW              CAL RESIDENCE MAILED PMT (D)
                                     290.51  02-09
COL   02/08/01   RLG              CAL RESIDENCE NO ANSWER
COL   02/08/01   ***              ACH DRAFTING NSF /
COL   02/07/01   YSH              CAL RESIDENCE DID NOT LEAVE MSG
LOG   02/07/01   SAR     NEWCOM   RCVD REGULATORY COMPLAINT SENT ACKNWLGMT P&C
COL   02/07/01   DJS              CAL RESIDENCE NO ANSWER
COL   02/06/01   A5S              CAL RESIDENCE PHN DISCO (D)
COL   02/02/01   LLW              C/R TT MR (D) NO ARRANGMNTS (D)
                                     02-04
COL   02/02/01   LLW              SD THT HE CNT SET UP ARRNMNTS JST YET BUT HE DOES H
                                  VE THE 800 #
COL   01/29/01   ARD              PMT TANG PRSNT (D)
                                     01-30
COL   01/25/01   ROR              AW
COL   01/25/01   ROR              C/R TT MR (D) PROCESSED P/D TC
                                     600.00  01-28
COL   01/25/01   ROR              NEW TC - AMT 600 - PROC DT 01/28/2001
                                  ABA 061000052 - BK ACCT 001001125467
                                  NLAUTH&VFD THE ABOVE
LOG   01/25/01   ROR              NEW TC - AMT 600 - PROC DT 01/28/2001
                                  ABA 061000052 - BK ACCT 001001125467
COL   01/24/01   VDB              TEL RESIDENCE LMTC ON RECORDER
COL   01/22/01   ROR              AW
COL   01/22/01   ROR              CAL RESIDENCE NO ANSWER
LOG   01/22/01   DKF     SUPRVW   ACCOUNT REVIEWED BY SUPERVISOR
                                  CALLED H/O BACK ADV H/O OF THE FACT THAT WE CANT G
                                  IVE HIM A NEW LOAN DUE TO NO LICENSE TO ORIGINATE
                                  IN THIS STATE HE WENT ON TO STATE THAT HE MADE A C
                                  OMPLAINT TO THE ATTY GENERAL BECAUSE HE DOESNT BEL
                                  IEVE WE SHOULD BE ABLE TO BUY THESE LOANS AND SERV
                                  ICE THEM IF WE CANT ORIGINATE ANYTHING NEW TO HELP
                                  THE CUSTOMER
COL   01/19/01   JOH              T/R T/T MR    NO LONGER EMPLYED
COL   01/18/01   CDT              FRWD TO F/C HE SD HE WILL SEE WHAT HE CAN DO.
```

29

Plaintiff Exhibit 26